# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| MOBILITY WORKX, LLC,<br><br>        Plaintiff,<br><br>v.<br><br>VERIZON COMMUNICATIONS, INC.,<br>   and<br>CELLCO PARTNERSHIP,<br>D/B/A VERIZON WIRELESS,<br><br>        Defendants. | Civil Action No. 4:17-cv-00872-ALM<br><br>**JURY TRIAL DEMANDED** |

### CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS'S ANSWER, AND AFFIRMATIVE DEFENSES TO MOBILITY WORKX, LLC'S COMPLAINT FOR PATENT INFRINGEMENT

Defendant[1] Cellco Partnership d/b/a Verizon Wireless ("Verizon Wireless" or "Verizon") files this Answer to Plaintiff Mobility Workx, LLC's ("Mobility" or "Plaintiff") Complaint for Patent Infringement ("Complaint"). Except as expressly admitted below, Verizon denies each and every allegation set forth in the Complaint. Verizon responds to the numbered Paragraphs of the Complaint and prayer for relief as follows:

### NATURE OF ACTION[2]

1.      Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 of the Complaint and, therefore, denies them.

---

[1] Verizon Communications Inc. ("VCI") was also named as a defendant in this case. VCI and Plaintiffs have, however, filed a joint stipulation pursuant to Federal Rule of Civil Procedure 41(a) dismissing VCI.

[2] Headings are copied from the Complaint for convenience only and do not contain an admission or denial of any purported fact or allegation.

1

2. Paragraph 2 of the Complaint does not contain any allegations that require a response.

3. Verizon admits the allegations of Paragraph 3 of the Complaint.

4. Paragraph 4 of the Complaint does not contain any allegations that require a response.

5. Verizon admits that it states on its website that it has the "#1 overall network in the U.S. 9 times in a row" and the "Highest Wireless Network Quality in the U.S." Except as expressly admitted, Verizon denies the remaining allegations in Paragraph 5 of the Complaint.

6. Verizon admits that it offers prepaid and postpaid talk, text and data plans in all U.S. states and some territories. Verizon further admits that it offers data only plans. Except as expressly admitted, Verizon denies the remaining allegations in Paragraph 6 of the Complaint.

7. Verizon admits that it offers Long-Term Evolution ("LTE") network services to customers through retail stores and website sales channels, and to dealers and third-party distributors for resale through independent sales channels. Except as expressly admitted, Verizon denies the remaining allegations in Paragraph 7 of the Complaint.

**JURISDICTION AND VENUE**

8. Verizon admits that the Complaint purports to bring an action under the patent laws of the United States, 35 U.S.C. §§ 101 *et seq.*, but denies that Verizon has committed any acts of infringement. Verizon admits that this Court has subject matter jurisdiction over these patent law claims.

9. Verizon admits that it offers products and services in the State of Texas and this District. The remainder of Paragraph 9 of the Complaint states conclusions of law for which no answer is required. To the extent that Paragraph 9 of the Complaint alleges that Verizon has engaged in any infringing activity, Verizon denies the allegations.

10. Paragraph 10 of the Complaint states conclusions of law for which no answer is required. Verizon admits that it has transacted business in this District and maintains places of business in this District. Verizon denies committing any acts of infringement and that Plaintiff is entitled to the relief sought.

11. Verizon admits that its website displays information for the "McKinney" Verizon Wireless store, located at 2035 N Central Expy, Suite 620, Mckinney, TX 75070. Verizon further admits that its website displays information for the "Frisco" Verizon Wireless store, located at 2330 Preston Rd, Suite 500, Frisco, TX 75034. Verizon further admits that its website allows users to search for "Verizon Wireless" and/or "Authorized Retailers" stores, and displays information delineating "Verizon Wireless" and "Authorized Retailers" stores. Except as expressly admitted, Verizon denies the remaining allegations in Paragraph 11 of the Complaint.

12. Verizon admits that it transacts business in this district, including offering devices and services for sale in its stores located in this district. Verizon denies the remaining allegations of Paragraph 12 of the Complaint.

## THE PATENTS-IN-SUIT

13. Verizon admits that U.S. Patent No. 7,697,508 ("the '508 Patent") is titled "System, Apparatus, and Methods for Proactive Allocation of Wireless Communication Resources." Verizon further admits that the '508 Patent bears an issuance date of April 13, 2010, and names as inventors Edwin A. Hernandez-Mondragon and Abdelsalam A. Helal. Verizon denies that the '508 Patent is attached as Exhibit A. Verizon denies the remaining allegations in Paragraph 13 of the Complaint.

14. Verizon admits that the '508 Patent purports to describe a method and system for allocation of resources in a communication network. Verizon denies the remaining allegations in Paragraph 14 of the Complaint.

15. Verizon admits that U.S. Patent No. 8,213,417 ("the '417 Patent") is titled "System, Apparatus, and Methods for Proactive Allocation of Wireless Communication Resources." Verizon further admits that the '417 Patent bears an issuance date of July 3, 2012, and its names as inventors Edwin A. Hernandez-Mondragon and Abdelsalam A. Helal. Verizon denies that the '417 Patent is attached as Exhibit B. Verizon denies the remaining allegations in Paragraph 15 of the Complaint.

16. Verizon admits that the '417 Patent purports to describe a method and system for allocation of resources in a communication network. Verizon denies the remaining allegations in Paragraph 16 of the Complaint.

17. Verizon admits that U.S. Patent No. 7,231,330 ("the '330 Patent") and is titled "Rapid Mobility Network Emulator Method and System." Verizon further admits that the '330 Patent bears an issuance date of June 12, 2007, and its names as inventors Edwin A. Hernandez-Mondragon and Abdelsalam A. Helal. Verizon denies that the '330 Patent is attached as Exhibit C. Verizon denies the remaining allegations in Paragraph 17 of the Complaint.

18. Verizon admits that the '330 Patent purports to describe a system and method for emulating mobile network communications. Verizon denies the remaining allegations in Paragraph 18 of the Complaint.

19. Paragraph 19 of the Complaint does not contain any allegations that require a response.

20. Verizon is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20 of the Complaint and, therefore, denies them.

## THE ACCUSED PRODUCT

21. Verizon admits that specifications for LTE networks and devices are publicly available through various websites, including www.etsi.org. Verizon further admits that Verizon

Wireless's LTE network incorporates numerous components identified in the specifications for LTE networks, including Evolved NodeBs ("eNBs"), Mobility Management Entities ("MMEs"), and Serving Gateways ("S-GWs"). Verizon further admits that Verizon Wireless's network allows for communication with User Equipment ("UEs"). Verizon denies the remaining allegations in Paragraph 21 of the Complaint.

22. Verizon admits that certain models of the Samsung Galaxy S8 are capable of communicating with Verizon Wireless's LTE network. Verizon denies the remaining allegations in Paragraph 22 of the Complaint.

23. Verizon admits that it incorporates eNBs into Verizon Wireless's LTE network. Verizon denies the remaining allegations in Paragraph 23 of the Complaint.

24. Verizon admits that it incorporates MMEs into Verizon Wireless's LTE network. Verizon denies the remaining allegations in Paragraph 24 of the Complaint.

25. Verizon admits that it incorporates S-GWs into Verizon Wireless's LTE network. Verizon denies the remaining allegations in Paragraph 25 of the Complaint.

26. Paragraph 26 of the Complaint does not contain any allegations that require a response. To the extent a response is required, Verizon denies the allegations of Paragraph 26 of the Complaint.

27. Verizon admits that its LTE network supports certain features of the 3rd Generation Partnership Project's ("3GPP") technical specifications. Verizon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 27 of the Complaint and, therefore, denies them.

28. Verizon admits that its LTE network comprises eNBs, MMEs, and S-GWs. Verizon denies the remaining allegations in Paragraph 28 of the Complaint.

29. Verizon admits that its LTE network provides packet-switched data services. Verizon is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 29 of the Complaint and, therefore, denies them.

30. Verizon admits that the "Open Development Device Certification Process" document on page 6 states "[t]he purpose of this document is to define and describe the Open Development Device Certification process, Device testing and conformance requirements that Devices must meet before they are certified for use on the Verizon Wireless Network." Verizon admits that the "Open Development Device Certification Process" document on page 9 states "OEMs or OD Device Developers (collectively, "DEVELOPER,") requesting Verizon Wireless' (VZW) certification for LTE capable Devices must receive GCF certification before OD Conformance testing can commence." Except as expressly admitted, Verizon denies the remaining allegations in Paragraph 30 of the Complaint.

31. Verizon admits that it performs certain tests on third-party UEs. Verizon denies the remaining allegations in Paragraph 31 of the Complaint.

## COUNT 1: INFRINGEMENT OF THE '508 PATENT

32. Verizon repeats and realleges all the responses in Paragraphs 1 through 31 above, as if set forth fully herein.

33. Verizon denies the allegations in Paragraph 33 of the Complaint.

34. Verizon denies the allegations in Paragraph 34 of the Complaint.

35. Verizon denies the allegations in Paragraph 35 of the Complaint.

36. Verizon denies the allegations in Paragraph 36 of the Complaint.

37. Verizon admits that its LTE network contains components that support handover events. Verizon denies the remaining allegations in Paragraph 37 of the Complaint.

38. Verizon denies the allegations in Paragraph 38 of the Complaint.

39. Verizon denies the allegations in Paragraph 39 of the Complaint.

40. Verizon denies the allegations in Paragraph 40 of the Complaint.

41. Verizon denies the allegations in Paragraph 41 of the Complaint.

42. Verizon denies the allegations in Paragraph 42 of the Complaint.

43. To the extent any response is required to the assertions in Paragraph 43, Verizon denies the allegations in Paragraph 43 of the Complaint.

44. To the extent any response is required to the assertions in Paragraph 44, Verizon denies the allegations in Paragraph 44 of the Complaint.

45. Verizon denies the allegations in Paragraph 45 of the Complaint.

## COUNT TWO: INFRINGEMENT OF THE '417 PATENT

46. Verizon repeats and realleges all the responses in Paragraphs 1 through 45 above, as if set forth fully herein.

47. Verizon denies the allegations in Paragraph 47 of the Complaint.

48. Verizon denies the allegations in Paragraph 48 of the Complaint.

49. Verizon denies the allegations in Paragraph 49 of the Complaint.

50. Verizon denies the allegations in Paragraph 50 of the Complaint.

51. Verizon admits that its LTE network contains components that support handover events. Verizon denies the remaining allegations in Paragraph 51 of the Complaint.

52. Verizon denies the allegations in Paragraph 52 of the Complaint.

53. Verizon denies the allegations in Paragraph 53 of the Complaint.

54. Verizon denies the allegations in Paragraph 54 of the Complaint.

55. Verizon denies the allegations in Paragraph 55 of the Complaint.

56. Verizon denies the allegations in Paragraph 56 of the Complaint.

57. Verizon denies the allegations in Paragraph 57 of the Complaint.

58.     To the extent any response is required to the assertions in Paragraph 58, Verizon denies the allegations in Paragraph 58 of the Complaint.

59.     To the extent any response is required to the assertions in Paragraph 59, Verizon denies the allegations in Paragraph 59 of the Complaint.

60.     Verizon denies the allegations in Paragraph 60 of the Complaint.

## COUNT THREE: INFRINGEMENT OF THE '330 PATENT

61.     Verizon repeats and realleges all the responses in Paragraphs 1 through 60 above, as if set forth fully herein.

62.     Verizon denies the allegations in Paragraph 62 of the Complaint.

63.     Verizon denies the allegations in Paragraph 63 of the Complaint.

64.     Verizon denies the allegations in Paragraph 64 of the Complaint.

65.     Verizon denies the allegations in Paragraph 65 of the Complaint.

66.     Verizon admits that it performs certain tests on third-party UEs. Verizon denies the remaining allegations in Paragraph 66 of the Complaint.

67.     Verizon admits that it performs tests on third-party UEs that test those devices against certain test cases relating to LTE Data transmission and reception. Verizon denies the allegations in Paragraph 67 of the Complaint.

68.     Verizon denies the allegations in Paragraph 68 of the Complaint.

69.     Verizon denies the allegations in Paragraph 69 of the Complaint.

70.     To the extent any response is required to the assertions in Paragraph 70, Verizon denies the allegations in Paragraph 70 of the Complaint.

71.     To the extent any response is required to the assertions in Paragraph 71, Verizon denies the allegations in Paragraph 71 of the Complaint.

72.     Verizon denies the allegations in Paragraph 72 of the Complaint.

## ANSWER TO DEMAND FOR JURY TRIAL

73. Paragraph 73 of the Complaint sets forth Mobility's demand for a trial by jury on all claims and issues so triable, and no response to that demand is required.

## ANSWER TO PRAYER FOR RELIEF

To the extent any response is required to any Paragraph of Mobility's Prayer for Relief, Verizon denies that Mobility is entitled to any of the requested relief and denies any allegations of its Prayer for Relief.

## AFFIRMATIVE DEFENSES TO MOBILITY'S COMPLAINT

Verizon asserts the following defenses to Mobility's Complaint, without admitting or acknowledging that Verizon bears the burden of proof as to any of them or that any must be pleaded as defenses. Verizon specifically reserves all rights to allege additional defenses that become known through the course of discovery.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

1. Mobility's Complaint fails to state facts sufficient to constitute a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Non-infringement)

2. Verizon does not and has not infringed any valid and enforceable claim of the '508 Patent, the '417 Patent, and/or the '330 Patent (collectively, the "Patents-in-Suit") literally or under the doctrine of equivalents, directly or indirectly (including contributory or by inducement), or jointly, or via any other mechanism of liability.

### THIRD AFFIRMATIVE DEFENSE
### (Invalidity)

3. One or more of the claims of the Patents-in-Suit are invalid and/or unenforceable for failure to meet the conditions of patentability and/or otherwise comply with one or more provisions of 35 U.S.C. §§ 101 *et seq.*, including without limitation 35 U.S.C. §§ 101, 102, 103, 112, and/or 116.

### FOURTH AFFIRMATIVE DEFENSE
### (Prosecution History Estoppel)

4. Mobility's claims are barred in whole or in part by prosecution history estoppel.

### FIFTH AFFIRMATIVE DEFENSE
### (Statutory Limitations on Damages)

5. Mobility's claims for alleged damages or costs are statutorily barred, in whole or in part, under 35 U.S.C. §§ 286, 287, and/or 288 and by 28 U.S.C. § 1498.

### SIXTH AFFIRMATIVE DEFENSE
### (License and Patent Exhaustion)

6. Mobility's claims are barred, in whole or in part, as a result of patent exhaustion and/or a license to the Mobility Asserted Patents.

### SEVENTH AFFIRMATIVE DEFENSE
### (No Equitable Entitlement to Injunctive Relief)

7. Mobility is not entitled to injunctive relief at least because any alleged injury to Mobility is not immediate or irreparable, and Mobility has an adequate remedy at law for its claims.

8. Mobility will not be able to demonstrate (1) irreparable injury, (2) that damages are inadequate remedies, (3) that an equitable remedy is appropriate on balance, and (4) that the public interest would not be disserved by the issuance of an injunction.

## EIGHTH AFFIRMATIVE DEFENSE
### (No Willful Infringement)

9. Mobility is not entitled to enhanced damages under 35 U.S.C. § 284 because Mobility has failed to meet, and cannot meet as a matter of law, the requirements for willful infringement.

## NINTH AFFIRMATIVE DEFENSE
### (Equitable Defenses)

10. Mobility's claims for relief are barred, either whole or in party, by the equitable doctrines of laches, waiver, unclean hands, acquiescence and/or estoppel.

## TENTH AFFIRMATIVE DEFENSE
### (Plaintiff Not Entitled to Fees)

11. Mobility cannot prove that this is an exceptional case justifying an award of attorney fees against Verizon pursuant to 35 U.S.C. § 285.

## RESERVATION OF RIGHTS

12. Verizon reserves any and all rights to amend its answer to amend its currently pled defenses and/or add additional defenses as they become apparent.

## JURY DEMAND

13. Verizon demands a jury trial on all issues and claims so triable.

## RELIEF REQUESTED

14. WHEREFORE, Verizon requests the following relief from the Court:

   a. That Mobility's Complaint be dismissed with prejudice, and that Mobility take nothing by way of its Complaint;

   b. That Mobility is not entitled to any of its requested relief, or any relief whatsoever;

   c. That Verizon be awarded its costs and disbursements in this action;

    d.    That this case be declared exceptional pursuant to 35 U.S.C. § 285 and that Verizon be awarded its reasonable attorneys' fees and costs in this action; and

    e.    Grant such other and further relief as the Court may deem just and proper under the circumstances.

Dated: February 26, 2018

Respectfully submitted,

By /s/ *Ross R. Barton*
Ross R. Barton (NC Bar No. 37179)
ALSTON & BIRD LLP
101 South Tyron Street, Suite 4000
Charlotte, North Carolina, 28280
Phone: (704) 444-1000
Fax: (704) 444-1111
Email: ross.barton@alston.com

Sang (Michael) Lee (TX Bar No. 24083378)
Fannyben Patel (TX Bar No. 24105916)
ALSTON & BIRD LLP
2828 North Harwood Street, Suite 1800
Dallas, Texas 75201
Phone: (214) 922-3400
Fax: (214) 922-3899
Email: michael.lee@alston.com
         fanny.patel@alston.com

E. Leon Carter (TX Bar No. 03914300)
Scott W. Breedlove (TX Bar No. 00790361)
CARTER SCHOLER
8150 N. Central Expressway, Suite 500
Dallas, Texas 75206
Phone: (214) 550-8188
Fax: (214) 550-8185
Email: lcarter@carterscholer.com
         sbreedlove@carterscholer.com

*Attorneys for Defendant Cellco Partnership d/b/a Verizon Wireless*

## **CERTIFICATE OF SERVICE**

  I hereby certify that on February 26, 2018, I caused the forgoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

                  */s/ Scott W. Breedlove*
                  Scott W. Breedlove