**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

|  |  |
|---|---|
| **MOBILITY WORKX, LLC,**<br><br>             **Plaintiff,**<br><br>**v.**<br><br>**CELLCO PARTNERSHIP<br>D/B/A VERIZON WIRELESS,**<br><br>             **Defendant.** | **Civil Action No.: 4:17-cv-00872-ALM**<br><br>**JURY TRIAL DEMANDED** |

**MOTION FOR WITHDRAWAL OF COUNSEL**

1.　　Pursuant to E.D. Tex. Local Rule CV-11(c), the undersigned counsel of record for Plaintiff Mobility Workx, LLC ("Mobility") respectfully requests that David A. Skeels, Enrique Sanchez, Jr., and the law firm of Whitaker Chalk Swindle & Schwartz, PLLC (hereafter, "WCSS Counsel") be permitted to withdraw as counsel of record for Plaintiff in this matter. This motion is filed in the interest of justice and not for the purpose of delay.

2.　　An attorney may withdraw from representation upon leave of court and a showing of good cause and reasonable notice to the client. *In re Matter of Wynn*, 889 F.2d 644, 646 (5th Cir. 1989). Further, pursuant to Texas Disciplinary Rule of Professional Conduct ("DR") 1.15(b), a lawyer may withdraw if the conditions for the lawyer to withdraw have been satisfied.

3.　　For a variety of reasons, including, but not limited to, those described in the telephonic conference with the Court on October 29, 2018, good cause exists for the withdrawal of WCSS Counsel. *See* attached Declaration of David A. Skeels in Support of Motion for Withdrawal of Counsel, which is incorporated by reference as if set forth here in full. In particular,

Mobility has terminated WCSS Counsel and their co-counsel Connor Kudlac Lee PLLC ("CKL"), in Austin, Texas (who did not make an appearance in this case and are, accordingly, not counsel of record in this matter) and has directed them to take no further action in this matter.

4.      Further, the conditions for a lawyer to withdraw pursuant to DR 1.15(b) have been satisfied. *See, e.g.*, DR 1.15(b)(7) (termination qualifies as "other good cause for withdrawal"). WCSS Counsel submit that withdrawal can be accomplished without material adverse effect on Mobility's interests. *See* DR 1.15(b)(1). Further, Defendant does not oppose this Motion.

5.      WCSS Counsel and CKL have taken reasonable steps to protect Mobility's interests. For example, WCSS Counsel have: provided reasonable, written notice to Mobility regarding their intent to withdraw; allowed reasonable time for Mobility to employ other counsel; agreed to assist in a smooth transition to replacement counsel by, for example, providing and/or making available to Mobility all papers and property that WCSS Counsel are permitted to share with Mobility (taking into account, for example, the applicable Protective Order); agreed to provide and/or make available to replacement counsel all papers and property relevant to this matter upon their becoming counsel of record in this matter (and thus allowed to see all such materials under the applicable Protective Order); and taking other appropriate steps so that Mobility will not be unduly prejudiced.

6.      Mobility had been provided with a copy of the Court's Patent Scheduling Order (Docket No. 37), which sets forth the applicable deadlines in this case. Certain claim construction deadlines were modified by the Court during a telephonic conference with the Court on October 29, 2018, and memorialized by order of October 30, 2018 (Docket No. 45, a copy of which has been provided to Mobility), as follows:

| Event | Previous Deadlines | New Deadlines (per Dkt. 45) |
|---|---|---|
| Opening claim construction brief (P.R.4-5(a)). | October 30, 2018 | November 30, 2018 |
| Responsive claim construction brief (P.R. 4-5(b)). | November 13, 2018 | December 13, 2018 |
| Reply claim construction brief (P.R. 4-5(c)). | November 20, 2018 | December 20, 2018 |
| Submit technology synopsis (both hard copy and disk). | November 7, 2018 | December 7, 2018 |
| Parties to file joint claim construction and chart (P.R. 4-5(d)). Parties shall work together to agree on as many claim terms as possible. | November 25, 2018 | December 20, 2018 |
| **Claim construction hearing at 9:00 a.m. at the Paul Brown United States Courthouse, 101 E. Pecan St., Sherman, TX.** | January 3, 2019 | January 3, 2019 (unchanged) |

7.      Except as modified as shown in the above chart, the deadlines established by the Court's Patent Scheduling Order (Docket No. 37) continue to govern in this case. That Order specifies, for example, an expert report deadline of February 6, 2019, a close of discovery date of March 6, 2019, and a deadline to file the Joint Pretrial Order of June 22, 2019.

8.      Mobility was provided a copy of, and reviewed a draft of, this Motion prior to filing and has been informed that the Court may dismiss Mobility's case if substitute counsel is not timely retained. Mobility does not oppose this Motion and anticipates retaining new counsel prior to the deadline for filing its opening claim construction brief.

**PRAYER**

For the reasons cited above, WCSS Counsel respectfully request that the Court grant this Motion for Withdrawal.

Dated: October 31, 2018

Respectfully submitted,

WHITAKER CHALK SWINDLE
& SCHWARTZ PLLC

 */s/ David A. Skeels*
David A. Skeels
Texas Bar No. 24041925
dskeels@whitakerchalk.com
Enrique Sanchez, Jr.
Texas Bar No. 24068961
rsanchez@whitakerchalk.com
301 Commerce Street, Suite 3500
Fort Worth, Texas 76102
Phone: (817) 878-0500
Fax:    (817) 878-0501

***Withdrawing Attorneys of Plaintiff Mobility
Workx, LLC***

## CERTIFICATE OF SERVICE

I hereby certify that on October 31, 2018, a true and correct copy of the foregoing was filed with the Court via CM/ECF, which will send notification of such filing to all registered participants.

 */s/ David A. Skeels*
David A. Skeels

## CERTIFICATE OF CONFERENCE

Movant's counsel has complied with the meet and confer requirement in Local Rule CV-7(h). The Motion is not opposed.

 */s/ David A. Skeels*
David A. Skeels

UNOPPOSED MOTION FOR WITHDRAWAL OF COUNSEL
DM#369903