# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

|  |  |
|---|---|
| **MOBILITY WORKX, LLC,** | |
| **Plaintiff,** | |
| **v.** | **Civil Action No.: 4:17-CV-00872-ALM** |
| **CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS,** | **JURY TRIAL DEMANDED** |
| **Defendant.** | |

## EMERGENCY MOTION OF CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS TO STRIKE AND TO DISMISS THE CASE

Defendant Cellco Partnership d/b/a Verizon Wireless ("Defendant" or "Verizon") respectfully requests that the "Opening Claim Construction Brief" (Dkt. No. 48) of Plaintiff Mobility Workx, LLC, ("Mobility") be stricken from the record in the above captioned case because it was filed by a firm that did not represent Mobility at the time of filing. Moreover, because Mobility failed to secure replacement counsel by the deadline set by the Court, this case should be dismissed.

## I.    FACTUAL BACKGROUND

The original schedule in this case called for Mobility's opening claim construction brief to be filed on October 30, 2018.  (Dkt. No. 37.)  In the days leading up to the October 30, 2018 deadline, counsel for Mobility repeatedly sought Verizon's agreement to a one-month extension of the briefing schedule, but Verizon expressed its concern that such a lengthy extension was not warranted in the case particularly where no substantive need for an extension had been proffered. Nonetheless, Verizon reluctantly offered a one-week extension to Mobility.  Counsel for Mobility declined the one-week extension, and on October 29, 2018, counsel for Mobility at the Whitaker

Chalk Swindle & Schwartz PLLC firm ("Whitaker Chalk") initiated a call to the Court to discuss what it represented to be an urgent matter relating to the case schedule requiring the Court's guidance.

On the call, Mr. David Skeels at the Whitaker Chalk firm informed the Court that his firm's representation of Mobility had recently been "terminated," that it had been instructed that it was not to file a claim construction brief by the October 30, 2018 deadline, and that there had been a "complete breakdown of the relationship" between Mobility and the Whitaker Chalk firm.[1]  Mr. Skeels also informed the Court that the Whitaker Chalk firm would be filing a motion to withdraw as counsel.  The Court, recognizing that a company could not go unrepresented, indicated that it was willing to extend the claim construction briefing schedule by 30 days to allow Mobility to secure replacement counsel, but that it would not grant any forthcoming motion to withdraw until replacement counsel made an appearance.  The Court also charged Mr. Skeels with informing Mobility that, if it were to be unable to secure replacement counsel by the new deadline— November 30, 2018—the Court may order dismissal of Mobility's case.  Shortly thereafter, the Court *sua sponte* extended Mobility's deadline to file its opening claim construction brief to November 30, 2018.  (Dkt. No. 45.)

On October 31, 2018, the Whitaker Chalk firm filed a Motion for Withdrawal of Counsel ("Withdrawal Motion").  (Dkt. No. 46.)  In the Withdrawal Motion, the Whitaker Chalk firm indicated that "Mobility has terminated [Whitaker Chalk] and their co-counsel Connor Kudlac Lee PLLC ("CKL"), in Austin, Texas (who did not make an appearance in this case and are, accordingly, not counsel of record in this matter) and has directed them to take no further action in this matter."  (Dkt. No. 46 at ¶ 3.)  The Withdrawal Motion also noted that "Mobility was provided a copy of, and reviewed a draft of, this Motion prior to filing and has been informed that

---

[1] There is no transcript of this call as the Court took it in Chambers and on no notice.

2

the Court may dismiss Mobility's case if substitute counsel is not timely retained.  Mobility does not oppose this Motion and anticipates retaining new counsel prior to the deadline for filing its opening claim construction brief."  (*Id.* at ¶ 8.)

No replacement counsel has appeared for Mobility since the October 30, 2018 call with the Court.  Then, much to Verizon's surprise, the Whitaker Chalk firm filed the "Opening Claim Construction Brief" of Mobility on November 30, 2018.  (Dkt. No. 48.)  The title of the brief included footnote one, which read as follows:

> Counsel of record for Mobility Workx, LLC, files this Opening
> Claim Construction Brief subject to, and without waiving any of the
> relief requested in, the Motion for Withdrawal of Counsel filed on
> October 31, 2018 (Dkt. 46). Withdrawing counsel of record reserves
> all rights and may file an Amended or Supplemental Motion for
> Withdrawal of Counsel the week of December 3, 2018, requesting a
> ruling thereon.

(*Id.*)  Shortly thereafter, Mr. Skeels at the Whitaker Chalk firm contacted counsel for Verizon and indicated that the Whitaker Chalk firm would be "re-urging our motion to withdraw and/or filing an amended/supplemental motion" and seeking Verizon's position.  (*See* Ex. 1 (email chain) to Exhibit A (Barton Decl.).)  In an attempt to make sense of how the Whitaker Chalk firm could file Mobility's Opening Claim Construction Brief if its representation of Mobility had been terminated, as it represented to the Court on October 29, 2018, and again on October 31, 2018, counsel for Verizon asked counsel at the Whitaker Chalk firm two questions:  "(1) Does Whitaker Chalk currently represent Mobility Workx?  (2) From October 31, 2018, until present, has Whitaker Chalk represented Mobility Workx?"  (*Id.*)  No attorney from the Whitaker Chalk firm responded to these questions, but instead directed Verizon to Footnote 1 of Mobility's Opening Claim Construction Brief.

## II.   ARGUMENT

When confronted with the highly unusual situation presented by the Whitaker Chalk firm on the October 29, 2018 teleconference, the Court graciously gave Mobility one month to secure replacement counsel.  (Dkt. No. 45.)  Notably, one month was the amount of time that Mobility sought on the call and indicated to the Court would be sufficient to secure replacement counsel.  It is also clear from the Withdrawal Motion that Mobility knew the consequences of failing to secure replacement counsel.  (Dkt. No. 46 at ¶ 8.)

Mobility failed to secure replacement counsel to fix the problem that it, and it alone, caused:  the termination of its counsel on the eve of the deadline to file its claim construction brief. Instead of informing the Court of this failing, however, Mobility apparently directed the Whitaker Chalk firm—a firm that Mobility had terminated as its counsel and that had already filed its Withdrawal Motion—to file a brief.  Assuming that what the Whitaker Chalk firm stated is true, the Whitaker Chalk firm no longer represents Mobility.  That means that Mobility is not represented by counsel, and Whitaker Chalk could not have properly filed the brief of a party that it no longer represents.

It is axiomatic that a company cannot be unrepresented in litigation.  *See, e.g.*, *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries … that a corporation may appear in the federal courts only through licensed counsel."); *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985) ("The rule is well established that a corporation is an artificial entity that … cannot appear pro se, and must be represented by counsel."); *United States v. Hagerman*, 545 F.3d 579, 581 (7th Cir. 2008) ("A corporation is not permitted to litigate in federal court unless it is represented by a lawyer licensed to practice in that court.").  When the Whitaker Chalk firm's representation of Mobility was terminated by Mobility in October, its "representation" of Mobility ceased.  The mere fact that the Whitaker Chalk firm remained counsel of record pending substitution of counsel

does not change this fact; if it was not actively engaged in counseling and advising Mobility—as the Withdrawal Motion and the continuing efforts to withdraw indicate it was not—then Mobility is not "represented by counsel."

The result is that the Opening Claim Construction Brief filed on November 30, 2018, was filed by terminated counsel on behalf of an unrepresented party.  Striking Mobility's Opening Claim Construction Brief is an appropriate remedy because it never should have been filed in the first place as the filing attorneys no longer represent Mobility as its attorneys, and Mobility failed to meet its deadline to retain replacement counsel.

Because of the unique circumstances associated with this case, dismissal of Mobility's claims is also necessary.  Mobility's actions have put Verizon in a situation where Verizon is effectively litigating against a company that is appearing *pro se*.  This is prejudicial to Verizon for several reasons.  First, the improper filing of Mobility's Opening Claim Construction Brief triggers deadlines for Verizon, such as the submission of a technology tutorial (December 7, 2018) and a responsive claim construction brief (December 13, 2018), that must be met even though Mobility remains unrepresented by counsel.  Second, Mobility's actions have put Verizon in the untenable situation in which Mobility is allowed to set forth positions in the case, such as its claim construction positions, while at the same time relying on its lack of counsel when requesting opposed extensions of time or avoiding resolution of other issues in the case, such as potential Rule 11 practice.  In this respect, and as alluded to during the October 29, 2018 teleconference with the Court, Verizon has significant concerns about the propriety of Mobility's continued maintenance of its allegations of infringement.  In fact, when the Court granted Mobility's request for an extension of time to secure replacement counsel, Verizon informed Mobility[2] that "until

---

[2] Hours before the October 29, 2018 teleconference with the Court, counsel for Verizon was called and emailed by Mobility's principals:  Drs. Helal and Hernandez.  Because, at that time,

learning that it was no longer represented by counsel, [Verizon was] prepared to serve a Rule 11 motion upon Mobility Workx" and that "if or when Mobility Workx secures replacement counsel, [Verizon] intend[s] to serve the motion in an effort to quickly bring this matter to a close." (Ex. 2 to Ex. A.)  *For months*, Mobility and the Whitaker Chalk firm refused to respond to repeated demands to justify its claims. (Ex. 3 to Ex. A.)  Mobility either needs to be represented by counsel that can be held accountable under Rule 11 for its litigation positions, or the case should be dismissed for failure to secure replacement counsel.

Finally, developments in this case require the ability for Verizon to be able to communicate with counsel for Mobility.  For example, the Patent Trial and Appeal Board recently instituted an *Inter Partes* Review against one of the patents that Mobility asserts against Verizon.  *See Unified Patents Inc. v. Mobility Workx, LLC*, PTAB-IPR2018-1150.  It is prejudicial to require Verizon to move forward in the case while at the same time making it impossible for Verizon to explore the possibility and scope of a potential stay with Mobility because it is unrepresented.

Mobility could have avoided this situation.  It could have elected not to terminate the Whitaker Chalk firm's representation immediately before the first deadline.  Mobility could have secured replacement counsel within the month that it indicated was sufficient time to secure replacement counsel.  It could have notified the Court of its inability to secure replacement counsel and/or asked for more time.  Instead, Mobility appears to have blown the Court's deadline to secure replacement counsel while simultaneously attempting to undermine that deadline by having its

---

counsel for Verizon believed Mobility to be represented by counsel, counsel for Verizon did not answer Mobility's phone calls or respond to the emails.  Immediately prior to conferencing in the Court, counsel for Verizon advised the Whitaker Chalk firm of Mobility's efforts and indicated that, pursuant to the applicable ethical obligations, no discussions had occurred.  In response, Mr. Skeels with the Whitaker Chalk firm indicated that Mobility was no longer represented by counsel but that, in any event, the Whitaker Chalk firm gave counsel for Verizon permission to speak directly with Mobility.  Only after this teleconference and receipt of the Whitaker Chalk firm's permission to contact Mobility did counsel for Verizon correspond with Mobility.

former counsel file the claim construction brief.  At best, this strategy demonstrates a disregard for the Court's warning that it may dismiss the case if Mobility failed to secure replacement counsel. In any event, ***Mobility was expressly warned of the potential consequences for failing to secure replacement counsel***, but seems incapable or unwilling to proceed with its claims in this case.[3]

The parties are nearly a year into this litigation, and in the midst of the claim construction process.  Over the course of the past year, Verizon has expended significant time and money defending against claims that it believes fail to satisfy Mobility's Rule 11 obligations.  After months of refusing to respond to Verizon's repeated efforts to discuss the lack of merit in Mobility's case, Mobility has continued to play games with its counsel, opposing counsel, and Verizon through its recent actions.  Striking of the Opening Claim Construction Brief (Dkt. No. 48) and dismissal of this case with prejudice are appropriate remedies for Mobility's conduct.

---

[3] As noted during the October 29, 2018 teleconference, this would not be the first time that a case brought by the principals of Mobility has been dismissed after counsel withdrew mid-case and replacement counsel failed to appear.  (Ex. 4 to Ex. A.)

### III.    EXIGENT CIRCUMSTANCES EXIST PURSUANT TO L.R. CV-7(1)

This motion is necessary to avoid imminent, irreparable harm to Verizon.  The Court's schedule in this case sets the parties' technology synopsis due date as this Friday, December 7, 2018, sets Verizon's responsive claim construction brief deadline as next Thursday, December 13, 2018, and sets the parties' joint claim construction statement and chart deadline as Thursday, December 20, 2018.[4]  Verizon is deeply concerned by the prospect of litigating this case unilaterally against an unrepresented company.  In view of Whitaker Chalk's renewed efforts to urge its withdrawal motion, there is no opposing counsel representing Mobility with which to discuss an extension meaningfully.  In any event, and as set forth, Verizon does not think that the remedy to Mobility's gamesmanship with its counsel is another extension, but is instead the remedy previously threatened by the Court:  dismissal.

### IV.    CONCLUSION

In view of the forgoing, Verizon respectfully requests that the Court strike Dkt. No. 48 from the record in this case and that the case be dismissed with prejudice.


Dated: December 5, 2018

By: */s/ Scott W. Breedlove*
Ross R. Barton (NC Bar No. 37179)
ALSTON & BIRD LLP
101 South Tyron Street, Suite 4000
Charlotte, North Carolina, 28280
Phone: (704) 444-1000
Fax:   (704) 444-1111
ross.barton@alston.com

Michael J. Newton (TX Bar No. 24003844)
Sang (Michael) Lee (TX Bar No. 24083378)
Fannyben Patel (TX Bar No. 24105916)

---

[4] Prior to seeking this urgent relief, Verizon made every attempt to understand the nature of Whitaker Chalk's relationship with Mobility in hopes that the answers to certain questions would obviate the need for the instant motion.  As the attached email chain indicates (Ex. 1 to Ex. A), Verizon was not able to obtain satisfactory responses to its questions, and it brought this motion as quickly as possible after it became clear that this issue could not be resolved without the Court's assistance.

ALSTON & BIRD LLP
2200 Ross Avenue, Suite 2300
Dallas, Texas 75201
Phone: (214) 922-3400
Fax:    (214) 922-3899
mike.newton@alston.com
michael.lee@alston.com
fanny.patel@alston.com

Darlena H. Subashi (NC Bar No. 53142)
ALSTON & BIRD LLP
90 Park Avenue
New York, NY  10016
Phone: (212) 210-1277
Fax:    (212) 210-9444
darlena.subashi@alston.com
*Admitted to practice in Massachusetts and
North Carolina only

E. Leon Carter (TX Bar No. 03914300)
Scott W. Breedlove (TX Bar No. 00790361)
CARTER ARNETT PLLC
8150 N. Central Expressway, Suite 500
Dallas, TX 75206
Phone: (214) 550-8188
Fax:    (214) 550-8185
lcarter@carterscholer.com
sbreedlove@carterscholer.com

*Attorneys for Defendant Cellco Partnership,
D/B/A Verizon Wireless*

## **CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that on December 5, 2018, pursuant to Local Rules CV-7(h) and (i), Ross R. Barton, counsel for Defendant, met and conferred with David Skeels, purported counsel for Plaintiff, by teleconference.  Mr. Skeels has indicated that Plaintiff opposes this motion.  Despite the parties' efforts to resolve the issues raised by this motion, no agreement could be reached.  Discussions have conclusively ended in an impasse, leaving an open issue for the Court to resolve.

*/s/  Ross R. Barton*
Ross R. Barton