IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **MOBILITY WORKX, LLC,** | |
| Plaintiff, | Civil Action No.: 4:17-CV-00872-ALM |
| v. | |
| **CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS,** | **JURY TRIAL DEMANDED** |
| Defendant. | |

**DEFENDANT'S MOTION TO STRIKE THE EXPERT DISCLOSURE
OF DR. SUMI HELAL AND DR. EDWIN HERNANDEZ**

## TABLE OF EXHIBITS

| Exhibit | Reference |
|---|---|
| **Ex. 1** | Mobility Workx Expert Witness Designation |
| **Ex. 2** | Mobility Workx Supplemental Expert Witness Designation |

Plaintiff Mobility Workx, LLC ("Mobility") designated Dr. Sumi Helal as an expert to testify regarding certain topics but did not serve an expert report written by Dr. Helal as required by Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure. Similarly, Mobility designated Dr. Edwin Hernandez as an expert to testify regarding certain topics that were not contained within Dr. Hernandez's "expert" report.[1] Because this Court's Scheduling Order states that parties are to provide fulsome disclosures under Rule 26(a)(2)(B), including expert reports, for "ALL experts," Defendant Cellco Partnership d/b/a Verizon Wireless ("Verizon") respectfully requests that the Court strike Mobility's disclosure of Dr. Helal as an expert and preclude him from offering expert opinions at trial. Verizon also respectfully requests that the Court strike Mobility's disclosure of Dr. Hernandez as an expert for issues not contained within his reports and prevent him from offering such expert opinions at trial.

This Court's Scheduling Order states that the parties are to provide "expert witness reports, to include for ALL experts all information set out in Rule 26(2)(B)." Dkt. 88, 1 (emphasis in original). Rule 26(a)(2)(B) states:

> (B) *Witnesses Who Must Provide a Written Report*. Unless otherwise stipulated or ordered by the court, ***this disclosure must be accompanied by a written report—prepared and signed by the witness***—if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:
>
>   (i) ***a complete statement of all opinions the witness will express and the basis and reasons for them;***
>
>   (ii) ***the facts or data considered by the witness in forming them;***
>
>   (iii) any exhibits that will be used to summarize or support

---

[1] A *Daubert* motion to strike Dr. Hernandez's "Expert Damages Report[s]" is being concurrently filed by Verizon based, in part, on Dr. Hernandez's lack of qualifications to offer expert testimony.

> them;
>
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
>
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
>
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

FED. R. CIV. P. 26(a)(2)(B) (emphasis added).

Mobility filed an initial "Designation of Expert Witnesses," in which it stated that Mobility intends to offer expert testimony from Dr. Helal and Dr. Hernandez pursuant to Rule 26(a)(2)(C) on numerous topics, including the following:

- damages;

- "defendant's [alleged] usage of plaintiff's '417 patent on their network;"

- "defendant's [alleged] usage of plaintiff's '330 patent and their [alleged] requirement that all of its vendors test phones using the '330 patent before it can be accepted for use on defendant's cellular network;"

- "matters that may be necessary or appropriate to rebut any of Defendant's defenses;"

- "that it is not possible for defendant Verizon to offer its cellular phone services without infringing upon the '417 patent because the teachings of the '417 patent are needed to prevent dropped calls when a cellular user travels from one cell to another;"

*See* Ex. 1, 2-4. Mobility supplemented this designation and indicated that, in addition to the above topics, its witnesses would offer the following expert testimony:

- "Both Dr Helal and Dr. Hernandez may testify about the facts and opinions expressed in Dr. Suku Nair's revised expert report, which Dr. Helal and Dr. Hernandez concur with";

- "Dr. Helal agrees with the methodology contained in each of the reports prepared by Dr. Hernandez and is prepared to testify about the contents of those report as well";

- "Dr. Hernandez and Dr. Helal have reviewed the Expert Report of James A. Proctor and are prepared to explain how Mr. Proctor has misunderstood the teaching of the references relied on by Mr. Proctor to conclude the asserted claims of the patents in

2

- suit are invalid";
- "Dr. Hernandez and Dr. Helal are prepared to testify about how the LTE system works compared to prior wireless communication networks, including the differences between the equipment that makes up the systems, the differences in hand over procedures between the different systems";
- "Notwithstanding the foregoing, Plaintiff and their experts reserve the right to provide expert testimony on any matter for which they are asked to provide opinion testimony during their depositions in this matter, and supplement any expert opinions and/or reports in rebuttal to any subject matter."

*See* Ex. 2, 1-2.

Mobility did not serve *any* expert report from Dr. Helal, and its Expert Witness Designation did not include at least "a complete statement of all opinions [Dr. Helal] will express and the basis and reasons for them" or "the facts or data considered by the witness in forming them" as required by Rule 26(a)(2)(B). *See* Ex. 1; Ex. 2. For example, Mobility designated Dr. Helal to testify on "matters that may be necessary or appropriate to rebut any of Defendant's defenses." Ex. 1, 3. Such a disclosure does not comport with the Court's order that all experts are required to provide the information listed in Rule 26(a)(2)(B).

Mobility did serve expert reports authored by Dr. Hernandez, but they were limited to damages issues. Mobility did not provide any expert report from Dr. Hernandez on the remaining topics it identifies in the original and supplemental "Designation of Expert Witnesses." As a result, Mobility at best provided only the information listed in Rule 26(a)(2)(B) for Dr. Hernandez's theories on damages,[2] and failed to comport with the Court's order with respect to the remaining topics.

Although Mobility designated Dr. Helal and Dr. Hernandez as experts under Rule

---

[2] As previously noted, Verizon is concurrently filing a separate *Daubert* motion relating to Dr. Hernandez's expert reports challenging the admissibility of his theories on damages.

26(a)(2)(C) ("Witnesses Who Do Not Provide a Written Report"), the Court's Scheduling Order in this case provides that "ALL experts" must provide "all information set out in Rule 26(2)(B)." Dkt. 88, 1 (emphasis in original). Under *identical* Scheduling Order language, this Court has held that the failure to serve an expert report of an expert designated under Rule 26(a)(2)(C) warrants striking said expert disclosure and precluding any expert testimony by the proffered expert. *Motio, Inc. v. BSP Software LLC*, No. 4:12-CV-647-ALM, 2016 U.S. Dist. LEXIS 901 (E.D. Tex. Jan. 6, 2016).

In *Motio*, as is the case here, "Plaintiff's disclosure regarding [the] expert designation clearly falls short of, and does not attempt to meet, the requirements of Rule 26(a)(2)(B)." *Id.* at *6-7. Moreover, this Court in *Motio* ***expressly rejected*** the argument that the requirements of Rule 26(a)(2)(B) do not apply to a witness who is a "non-retained witness whose duties as the Plaintiff's employee does not include giving testimony," noting that "Rule 26(a)(2)(B) states that the requirements apply as described under Rule 26(a)(2)(B) '[u]nless otherwise stipulated or ordered by the court.'" In *Motio*, as here, "the Scheduling Order specifically identifies and emphasizes that parties are to provide their expert reports as set out under subsection (B) for 'ALL experts.'" *Id.* at *7. Finally, this Court noted that Plaintiff's disclosure, which "merely lists a set of topics that [the proposed expert] may speak toward, but offers no actual facts or opinions," did not satisfy the requirement of Rule 26(a)(2)(C)(ii) that the party "provide a meaningful 'summary of the facts and opinions to which [the proposed expert] is expected to testify.'" *Id.*

The facts in this case are identical to the facts in *Motio*, and the Court should apply the same rules and reasoning as it did in that case to strike the expert disclosure of Dr. Helal in its entirety, and to preclude Dr. Hernandez from proffering expert testimony other than on issues of

damages, subject to Verizon's concurrent *Daubert* motion regarding the same.

| | |
|---|---|
| Dated: July 12, 2019 | Respectfully submitted, |
| | By: */s/ Ross R. Barton* |
| | Ross R. Barton (NC Bar No. 37179) |
| | ALSTON & BIRD LLP |
| | 101 South Tyron Street, Suite 4000 |
| | Charlotte, North Carolina, 28280 |
| | Phone: (704) 444-1000 |
| | Fax:   (704) 444-1111 |
| | ross.barton@alston.com |
| | |
| | Michael J. Newton (CA Bar No. 156225) |
| | ALSTON & BIRD LLP |
| | 1950 University Avenue |
| | 5th Floor |
| | East Palo Alto, CA 94303 |
| | Phone: (650) 838-2000 |
| | Fax: (650) 838-2001 |
| | mike.newton@alston.com |
| | |
| | Sang (Michael) Lee (TX Bar No. 24083378) |
| | ALSTON & BIRD LLP |
| | 2200 Ross Avenue, Suite 2300 |
| | Dallas, Texas 75201 |
| | Phone: (214) 922-3400 |
| | Fax: (214) 922-3899 |
| | michael.lee@alston.com |
| | |
| | Darlena H. Subashi (NC Bar No. 53142) |
| | ALSTON & BIRD LLP |
| | 90 Park Avenue |
| | New York, NY  10016 |
| | Phone: (212) 210-1277 |
| | Fax: (212) 210-9444 |
| | darlena.subashi@alston.com |
| | *Admitted to practice in North Carolina and Massachusetts only. |
| | |
| | E. Leon Carter (TX Bar No. 03914300) |
| | Scott W. Breedlove (TX Bar No. 00790361) |
| | CARTER ARNETT PLLC |
| | 8150 N. Central Expressway, Suite 500 |

> Dallas, TX 75206
> Phone: (214) 550-8188
> Fax: (214) 550-8185
> lcarter@carterarnett.com
> sbreedlove@carterarnett.com
>
> *Attorneys for Defendant Cellco Partnership, D/B/A Verizon Wireless*

## CERTIFICATE OF CONFERENCE

Pursuant to Eastern District of Texas Local Rule CV-7(h), I certify that counsel met and conferred telephonically on July 10, 2019, in a good faith effort to resolve all issues regarding Verizon's Motion to Strike the Expert Disclosure of Dr. Sumi Helal and Dr. Edwin Hernandez. On the July 10, 2019 meet-and-confer (which included Ross R. Barton on behalf of Verizon and Michael Machat on behalf of Mobility Workx), the parties were unable to resolve their differences and an impasse was declared.

> */s/ Ross R. Barton*
> Ross R. Barton