IN THE UNITED STATES DISTRICT
COURT FOR THE EASTERN DISTRICT
OF TEXAS SHERMAN DIVISION

| | |
|---|---|
| MOBILITY WORKX, LLC,<br><br>                Plaintiff,<br><br>v.<br><br>CELLCO PARTNERSHIP D/B/A<br>VERIZON WIRELESS,<br><br>                Defendant. | Case No.: 4:17-CV-00872 ALM<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF MOBILITY WORKX, LLC'S**

**MOTION TO STRIKE PORTIONS OF JAMES PROCTOR'S EXPERT REPORT**

## I.    INTRODUCTION

Plaintiff Mobility Workx ("Mobility") moves to strike the opinions listed below from the June 20, 2019, Expert Report of Mr. Proctor Regarding Invalidity.[1] A highlighted version of Mr. Proctor's report reflecting those portions of his report that are impacted by this motion is attached as Exhibit 1 to the declaration of Michael Machat ("Machat Decl.").

- All obviousness opinions with the exception of Mr. Proctor's opinions set forth in Section Shimizu in Section X.B. of his report ("Obviousness Opinions").

- All invalidity opinions based on 3G UMTS (or other standards) as prior art ("Standards").

- All reference to alleged prior art that was not disclosed in either Verizon's original expert report dated July 24, 2018, or its Supplemental Expert Report dated May 6, 2019 ("New References").

- Sections VIII.B.1 through VIII.B.5 discussing the background of the '330 patent ('330 Background").

- All reference to Mobile IPv6 ("Mobile IPv6").

---

[1] Mobility and Verizon initially served expert reports on the items for which they bore the burden on May 16, 2019. The Court subsequently extended the deadline to June 20, 2019. [Dkt. No. 92.] Mobility believes that the deadline to move to strike any material included in the expert reports served May 16 has lapsed. [Dkt. No. 65, at 2 ("Objections to any expert, including Daubert motions, shall be filed within 3 weeks of the Expert Report disclosure); see also Dkt. No. 88, at 1.] Defendant, however, has taken a contrary position that the three weeks period did not even begin to run until June 20, 2019, when the parties served certain updated reports. Because Defendant has informed Mobility that it plans on challenging the May 16, 2019, reports of Mobility's experts, regardless of the plain meaning of this Court's Order [Dkt. No. 73], Plaintiff, out of an abundance of caution that the Court will entertain Defendant's belated motions, hereby brings its own challenges to the invalidity report of Defendant's expert, Mr. Proctor.

- Reference to certain claim terms as lacking written description ("Unsupported Written Description Opinions").

- All references to the prosecution history or disclosure of the asserted patents that are an attempt to alter the Court's Claim Constructions ("Portions Contrary to Court's Claim Construction").

- References to Incorporated Invalidity Charts from Plaintiff's Invalidity Contentions ("Incorporated Invalidity Charts").

- Paragraph 208, which refers to claim 7 as being mistakenly issued ("Claim 7").

## II. ARGUMENT

### A. Mr. Proctor's Obviousness Opinions Should be Struck

Local Patent Rule 3-3 requires a party charged with infringement to "identify each item of prior art that allegedly anticipates each asserted claim or renders it obvious." P.R. 3-3(a). The party's invalidity contentions must also include "[a] chart identifying where specifically in each alleged item of prior art each element of each asserted claim is found." *Id.* 3-3(c). Local patent rules "are essentially a series of case management orders." *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1363 (Fed. Cir. 2006). If a party fails to obey such an order, the court "may impose any 'just' sanction' . . . including 'refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence.'" *Id.* (quoting Fed. R. Civ. P. 16(f); Fed. R. Civ. P. 37(b)(2)(B)).

Undisclosed permutations of prior art are not permitted. It is enough for a defendant in a patent case to cite to say 10 prior art references and lay low until just before trial so it can spring

a surprise that one or more of the previously undisclosed combinations[2] of the prior art renders the patent obvious.

Likewise, boiler plate contentions are not permissible. Boilerplate language does not reserve any special right for a party in patent litigation to spring surprises on its adversary at a time of its own choosing. *Eolas Technologies Inc. v. Amazon.com,Inc* No. 6:15-cv-01038, 2016 WL 7666160 at *3 (E.D. Tex. Dec. 5, 2016) Also, *Sycamore Ip Holdings LLC v. AT&T Corp.*, No. 2:16-cv-588; 2018 WL 1695231 (E.D. Tex. April 6, 2018); Godo Kaisha IP Bridge 1 v. Broadcom Ltd, No. 2:16-cv-134, 2017 WL 2869331 at *2 (E.D.Tex. April 17, 2017).

The first-time defendant raised its combination theory was in Mr. Proctor's expert report. So all references to combinations of prior art must be stricken as an unfair surprise and contrary to the local patent rules, which act as local case management orders. *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1363 (Fed. Cir. 2006). If a party fails to obey such an order, the court "may impose any 'just' sanction' . . . including 'refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence.'" *Id*

Here, every obviousness opinion disclosed in Proctor's invalidity report in Sections X.A., X.C., X.D., and XI.A., XI.B., XI.C., and XI.D. was either not disclosed at all or was inadequately disclosed in Verizon's invalidity contentions and thus should be stricken.[3]

Specifically, in X.A., Proctor combines the Liu Paper and Liu Patent with the Gwon I reference, even though these two combinations were never disclosed in Verizon's Invalidity Contention Charts. *See* Exhibits B1 and B2 attached to Machat Decl. Exh. 2 and 3.

---

[2] The number of possible combinations of just 10 items – also known as 10 factorial (10!) is 3,628,800.
[3] Objectionable portions of Proctor's obviousness opinions in Section X.B. related to Shimizu are discussed below.

Likewise, in X.C. Proctor combines the 3G UMTS with the Bahl reference, even though these two combinations were never disclosed in Verizon's Invalidity Contention Charts. *See* Exhibits B18 to B16 attached to Machat Decl. Exh. 2 and 3.

In X.D. Proctor combines Gwon I with Gwon II a completely undisclosed reference.

All of Mr. Proctor's effected obviousness arguments should be stricken.

### B. Mr. Proctor's Standards Opinions Should be Struck

The Federal Circuit in *Kyocera Wireless Corp. v. International Trade Com'n*, 545 F.3d 1340, 1351 (2008) stated:

> This court requires that in order to anticipate a claim, "a single prior art reference must expressly or inherently disclose each claim limitation." *Finisar Corp. v. DirecTV Group, Inc.*, 523 F.3d 1323, 1334 (Fed.Cir.2008). The record evidence suggests that the GSM standard is not a single reference. The different specifications that comprise the GSM standard were authored by different subsets of authors at different times. Indeed, the GSM standard includes hundreds of individual specifications drafted by approximately ten different subgroups, each with its own title and separate page numbering. Each specification, though part of the greater GSM standard, stands as a separate document in its own right. Even Qualcomm's witness—admittedly one of the most knowledgeable people in the world about the operation of GSM—testified that she had not read the entire standard and did not know of any person who had read the entire standard. Open Session Tr. 1712, Mar. 15, 2006. Under these circumstances, the GSM standard is actually several prior art references with separate dates of creation, rather than a single prior art reference.

The same logic applies in this case. In Section X.B. Proctor has lumped together multiple specs and treated them as a single anticipatory reference in violation of *Kyocera*. Accordingly, all opinions of Mr. Proctor where he treats standards as a single unitary reference must be stricken under *Kyocera*. various combinations of factors without disclosing them, which comes as a surprise to Mobility in addition to it being contrary to case law. Kyocera Wireless Corp. v. International Trade Com'n, 545 F.3d 1340, 1351-1352 (Fed Cir. 2008). Like interrogatory

responses, contentions narrow issues and set boundaries for trial. *See Fenner Investments, Ltd. v. Hewlett-Packard Co.*, No. 6:08-cv-273, 2010 WL 786606, at *2 (E.D. Tex. Feb. 26, 2010)

### C. All Portions Referring to New References Should be Struck

In general, defendants in patent cases are not permitted to present undisclosed invalidity contentions at trial. *Huawei Technologies Co. Ltd. v. T-Mobile US, Inc. et al*, Case No. 2:16-CV-000550 (E.D. Tex., Oct. 16, 2017) (Machat Decl. Exh. 6). Defendant Verizon Wireless is attempting to do the same thing that defendant T-Mobile was prohibited from doing in the Huawei Technologies case. Simply put, expert reports may not introduce theories not previously set forth in a party's contentions. *Fenner Investments v. Hewlett-Packard*, 2010 WL 786606 *3 (E.D. Tex 2010); *Cf. Anascape, Ltd. v. Microsoft Corp.*, 2008 WL 7180756, *4 (E.D. Tex. May 1, 2008) (striking portions of expert report that exceeded scope of invalidity contentions); *Visto Corp. v. Seven Networks, Inc.*, 2006 WL 5153146, *1 (E.D. Tex. Mar. 27, 2007) (striking portions of expert report relying on prior art not disclosed in invalidity contentions).

Proctor references several references that were never included in Verizon's invalidity contentions. Specifically, Proctor's report introduces references to Mobile IPv6 and Gwon II for the first time as neither of these references are cited in Verizon's Initial or Supplemental Invalidity Contentions. *See* Machat Decl. Exh. 2 and 3, respectively. Yet, Mr. Proctor relies extensively on Mobile IPv6 and Gwon II throughout his report. Discussion of Mobile IPv6 is included in Paragraphs 142, 143, 147, and 148 and 463. Likewise, Gwon II is relied in paragraphs 58, 201, 457, 459, 472-480, 485, 486, 491, 498, 500-502, 504-505. Accordingly, all portions of Mr. Proctor's Report related to IPv6 and Gwon II should be stricken.

Likewise, Mr. Proctor relies on two new technical standards throughout his analysis of invalidity analysis of the asserted claims over the Shimizu reference in Section X.B. of his

report. Specifically, Mr. Proctor cites to 3GPP TS 25.331 V5.1.0 (2002-06) and 3GPP 23.060 v5.1.0 (2002-03) for the first time in his report in combination with Shimizu. *See* Exhibit B-7 to Machat Decl. Exh. 2 and Exhibit B-7 to Machat Decl. Exh. 3. Impacted portions of Section X.B. of Mr. Proctor's report are highlighted in Machat Decl. Exh. 1.

### D. The '330 Background Should Be Struck

Mr. Proctor's report also improperly relies on the references cited in Sections VIII.B.1. through VIII.B.5 as prior art to support his obviousness position. Out of the nine claim charts provided related to the asserted claims of the '330 patent in its initial Invalidity Contentions (*see* Exhibits C-1 through C-9 to Machat Exh. 2) and the thirteen claim charts related to the asserted claims of the '330 patent, the references discussed in Sections VIII.B.1 to 5 were either never charted in claim charts as required under the Local Rules, or belatedly provided in Verizon's Supplemental Invalidity Contentions when the Court's claim constructions did not necessitate the citation to new references. Mr. Proctor's discussion in the Background section of numerous uncharted and improperly disclosed references is incorporated by reference into his validity analysis. *See* Proctor Report paragraphs 23-26. This is an improper attempt by Mr. Proctor and Verizon to backdoor prior art references that were not timely and properly disclosed under the Local Rules. *See Godo Kaisha IP Bridge 1 v. Broadcom Ltd., et al.*, 2017 WL 2869344 at *1 (E.D. Tex. Apr. 19, 2017). Accordingly, Mr. Proctor's discussion in Sections VIII.B.1. through VIII.B.5 and footnotes 23-26, should be stricken.

### E. The Unsupported Written Description Opinions Should be Struck

In each of paragraphs 277, 347, and 484, Mr. Proctor states:

In my opinion, the '417 Patent fails to prove a written description of a system that "triggers registration . . . by 'relaying' shared secrets from a mobile node to another node.

6

However, Mr. Proctor provides no analysis or basis for his conclusory opinion. Such conclusory opinions do not meet the standard required by *Daubert* and should be stricken.

### F. Paragraph 208 Referring to Claim 7 Should be Struck

In ¶ 208, Mr. Proctor states that he has been informed that Claim 7 was issued by mistake by the U.S. Patent and Trademark Office. Ex. 1 at ¶ 208. Mr. Proctor goes on to discuss certain events during the prosecution. *Id.* Mr. Proctor, however, offers no opinion on this issue, rather he is acting as counsel's mouthpiece. As pointed out to Verizon's counsel on April 18, 2019, not every procedural minutia that arises during the prosecution of a patent provides an invalidity defense. *See* Machat Decl. Exh. 4. Yet, Verizon persists with this defense that has no basis in law or fact. Patents are presumed valid. 35 U.S.C. § 282(a). And, the Patent Act defines a limited set of which a patent can be challenged. *See* 35 U.S.C. § 282(b). The alleged "mistake" referenced in Paragraph 280 of Mr. Proctor's Report is not one of them. *See Aristocrat Techs. Austl. PTY Ltd. v. Int'l Game Tech.*, 543 F.3d 657, 659 - 63 (Fed. Cir. 2008) (holding that as a matter of law "improper revival" of a patent could not be raised as defense under 35 U.S.C. § 282(b) in a patent infringement action). The fact that the PTO decided to withdraw the restriction requirement and allow claim 7, is simply not reviewable. Accordingly, ¶ 208 should be struck.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Strike should be granted.

Dated: July 12, 2019

/s/Michael Machat
Michael Machat
Machat & Associates, PC
8730 W. Sunset Blvd., Ste. 250
West Hollywood, CA 90069
Tel: (310) 860-1833
Michael@machatlaw.com

Attorneys for Plaintiff Mobility Workx

## CERTIFICATE OF CONFERENCE

Movant's counsel has complied with the meet and confer requirements of Local Rule CV-7(h). The parties have met and conferred via conference call July 10, 2019, and were unable to agree upon a resolution of this matter. Defendant opposes the relief requested.

/s/ Michael Machat
Michael Machat

## CERTIFICATE OF SERVICE

I hereby certify that on July 12, 2019, a true and correct copy of the foregoing was filed with the Court via CM/ECF, which will send notification of such filing to all registered participants.

/s Michael Machat
Michael Machat