# EXHIBIT 6

█████████████████████████████████████

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| MOBILITY WORKX, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>CELLCO PARTNERSHIP,<br>D/B/A VERIZON WIRELESS,<br><br>    Defendants. | Civil Action No. 4:17-cv-00872-ALM<br><br>**JURY TRIAL DEMANDED** |

### PLAINTIFF'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Mobility Workx ("Mobility" or "Plaintiff") hereby objects and responds to Defendant's First Set of Interrogatories to Defendant ("Interrogatories") served by Defendant Cellco Partnership D/B/A Verizon Wireless ("Verizon") on May 7, 2019.

### RESERVATION OF RIGHTS

Plaintiff makes the objections and responses herein (collectively, the "Responses") in accordance with its interpretation and understanding of Defendant's Interrogatories and in accordance with its current knowledge, understanding, and belief as to the facts and the information available to it as of the date of these Responses. If Defendant subsequently asserts an interpretation of any Interrogatory that differs from Plaintiff's understanding, Plaintiff reserves the right to rely at the trial or in other proceedings on documents and information in addition to the information provided herein, regardless of whether such

1

to mark, anything. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ use an internal LTE emulator or packet-based emulators to test their phones before they are sold to consumers. Their tools are internal use only.

**INTERROGATORY NO. 11:**

Separately for each Asserted Claim of the Patents-in-Suit, identify: (i) every objective indicia of non-obviousness (*e.g.*, long-felt need, failed attempts of others, any expressed skepticism, copying, teaching away, or commercial success of embodiments of the claimed inventions [including ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (ii) each item of evidence of non-obviousness, if any; and (iii) for each such indicia or item of evidence, separately and fully state the factual and legal bases concerning how it supports patentability. Your response should include identity of each related Documents or Things by Bates number that relate thereto.

**RESPONSE TO INTERROGATORY NO. 11:**

Objections: Overly broad and unduly compound. The request, with its nested parentheticals, is confusing. The request is misleading and assumes facts not in evidence to the extent it suggests or assumes that certain "Licensed Products" constitute "embodiments of the claimed inventions." The request is premature, as discovery ongoing. The request is premature to the extent it seeks information that is likely to be the subject of expert discovery and/or the subject of a rebuttal expert report on invalidity. The request is unduly burdensome and seeks a level of detail that is

inappropriate for an interrogatory. The request improperly and prematurely seeks to force Mobility to marshal all of its evidence. The request seeks information about factual and legal positions, when the Protective Order precludes Plaintiff from reviewing or accessing key documents that would help answer such questions (e.g., confidential financial documents), and when Defendants have objected to any modifications to the Protective Order that would permit such access. Defendants cannot use the Protective Order as both a sword and a shield.

==Subject to the foregoing general and specific objections, and without waiving same, the inventions in question have: been incorporated into the LTE wireless communications standards, adopted by mobile network operators, like Verizon, largely replaced Verizon's legacy data and voice network, experienced substantial commercial success, exceeded expectations (e.g., Verizon's voice-over LTE), and enabled Verizon to move most of its voice traffic to its LTE network. *See, e.g.*, https://www.cnet.com/news/verizon-readies-launch-of-nationwide-voice-over-lte-service/ ; *see also* Response to Interrogatory No. 14, incorporated here by reference. VoIP was being used in the early 2000s but was not implemented in cellular networks until much later because of a number of factors, including handover delay and network delay. The inventions of the asserted claims helped solve both of those problems in a manner that provided substantial gains in performance. See also the expert report produced in this case.==

**INTERROGATORY NO. 12:**

State in detail the factual and legal basis for Your allegation that this case is exceptional and that Plaintiff shall therefore recover its attorney fees and other recoverable expenses, under 35 U.S.C. § 285.