# EXHIBIT 9

** NOT FOR PRINTED PUBLICATION **

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| MARK BARRY, M.D., | § § | |
| *Plaintiff*, | § § | CIVIL ACTION No. 1:14-CV-104 |
| v. | § § | JUDGE RON CLARK |
| MEDTRONIC, INC., | § § | PRD |
| *Defendant*. | § § | |

## ORDER REGARDING MEDTRONIC'S MOTIONS IN LIMINE

Before the court are Defendant Medtronic, Inc.'s Motions in Limine. [Dkt. # 339]. Plaintiff Dr. Barry responded. [Dkt. # 349]. The court's rulings are set out in the attached chart. As always in this court, the grant of a motion in limine is reciprocal. If one side cannot introduce some piece of evidence without approaching the bench, neither can the other side. The court does not invite a re-hash of every ruling, but if counsel believes in good faith that evidence becomes relevant, say for impeachment, or an opponent "opens the door," that issue should be brought to the court's attention outside the presence of the jury.

So **ORDERED** and **SIGNED** this **28** day of **October, 2016.**

_____
Ron Clark, United States District Judge

## Rulings on Defendant Medtronic's Motions in Limine

| MIL # | D's MIL | P's Response | Ruling |
|---|---|---|---|
| 1 | Reference to the Court's pretrial rulings, other than the Claim Construction Order. It is irrelevant, prejudicial, and improper under FRE 605. | A blanket exclusion of any reference to the Court's orders would be premature, and Defendant fails to explain how referring to one of the Court's orders could violate the rule that "[t]he presiding judge may not testify as a witness at the trial." Fed. R. Evid. 605. | **Granted.** Counsel may state "topic is outside of motion in limine number [X]" as shorthand concerning a motion in limine that has been granted but shall not use phrases such as "violates the court's order." |
| 2 | Evidence of confidentiality/nondisclosure agreements that have not been produced by Barry. This evidence should be excluded under FRCP Rule 37(c). | Medtronic's request, in essence, is a request for judgment as a matter of law that no confidentiality agreements existed because a writing was not located. A motion *in limine* is not the proper vehicle to dispose of this issue. | **Granted** as to all written and digital nondisclosure agreements and references and allusions to the existence of such documents. |
| 3 | Argument or evidence that Figure 6 is a "minor mistake." This argument was rejected by the PTAB, which means the doctrine of issue preclusion should apply. Also irrelevant, prejudicial, and confusing for the jury. | Medtronic's assertion that issue preclusion should apply lacks merit. The PTAB decision lacks the "practical finality" necessary for preclusive effect. Further, it is Medtronic that intends to raise the peripheral issue of Plaintiff's certificates of correction, but seeks to introduce only *part* of the evidence. See also response to MIL 4 below. | **Granted in part.** Neither party is permitted to reference: subsequent filings and/or certificates of correction to or from the PTO or PTAB; or the '301 patent, a third party, non-asserted patent. Danger of confusion of issues and misleading jury substantially outweighs probative value.<br><br>**Denied in part.** As to '358 and '121 patents, assuming Medtronic opens the door by arguing that Figure 6 evidences prior public use that invalidates the patent, Dr. Barry is allowed to rebut this contention and explain it is a mistake. Medtronic has the opportunity to cross-examine on this point, and the jury will have a copy of |

2

| MIL # | D's MIL | P's Response | Ruling |
|---|---|---|---|
| | | | the patent to help them assess Dr. Barry's credibility.<br><br>(The parties appear to agree that this litigation is controlled by the patents as they existed at the time the complaint was filed in this case.) |
| 4 | Argument or evidence that Figure 6 is not "the present invention." This was rejected by the PTAB, which leads to issue preclusion. It is also irrelevant, prejudicial, and risks jury confusion.<br><br>Argument or evidence referring to changes made to the '121 patent, as Federal Circuit precedent warrants exclusion. Also, confusing to the jury and prejudicial. | There is no issue preclusion because whether Figure 6 includes a minor mistake or is "the present invention" was not "fully and vigorously litigated," and it is not subject to a final decision. | **Granted** as to the '301 patent, a third-party, non-asserted patent. Danger of confusion of issues and misleading jury substantially outweighs probative value.<br><br>**Denied** as to '358 and '121 patents, assuming Medtronic opens the door by arguing that Figure 6 evidences prior public use that invalidates the patent, Dr. Barry is allowed to rebut this contention and explain it is a mistake. Medtronic has the opportunity to cross-examine on this point, and the jury will have a copy of the patent to help them assess Dr. Barry's credibility.<br><br>(Medtronic's motion as worded asks to keep out statement that was not actually made. Figure 6 is not "the present invention." At most, it may be x-rays of the results of the use or application of invention(s) described in one or more of the claims. Counsel are cautioned against using "legal shorthand" before the jury unless clear explanations are given.) |
| 5 | Argument or evidence regarding the PTAB's claim construction, which applies different standards. It is irrelevant, | To the extent that this Court permits evidence of the PTAB's proceedings to reach the jury, Dr. Barry might note for the jury that different | **Granted.** Given different standards, danger of misleading jury and confusing the issues outweighs any limited probative value. |

3

| MIL # | D's MIL | P's Response | Ruling |
|---|---|---|---|
|  | prejudicial, and confusing to the jury. | evidentiary burdens apply there, and that the PTAB can apply a different claim construction than the jury will be instructed to use. There is also room to agree with Medtronic on a curative instruction. |  |
| 6 | Argument or evidence that the PTAB did not find the claims invalid during IPR. The PTAB employs different standards, making the evidence irrelevant, confusing, and prejudicial. | Defendant's motion is overbroad. Medtronic's §102(g) invalidity defense rests largely on the testimony of Dr. Lawrence Lenke— a paid Medtronic consultant who wrote several declarations on Medtronic's behalf (and made numerous admissions in them) during the IPRs. The declarations and their contents are not inadmissible simply because they were produced for use in IPR proceedings | **Granted** as to PTAB's IPR decisions and judgments. Neither party is permitted to discuss IPR decisions or judgments, as the limited probative value is substantially outweighed by prejudice and confusion under Rule 403. *See, e.g.*, *Virnetx, Inc. v. Cisco Sys., Inc.*, 767 F.3d 1308, 1324–25 (Fed. Cir. 2009). Counsel shall NOT attempt to introduce evidence or argue that Dr. Lenke's statements were rejected or ignored by the PTAB.<br><br>**Denied** insofar as both parties may use sworn declarations that were offered in the course of IPR proceedings for showing prior inconsistent statement or other impeachment. Admission of such declarations as exhibits is subject to objections made during the course of trial based on the Federal Rules of Evidence. Counsel and witnesses shall not discuss the circumstances under which the declaration was made other than to refer to it as "made in another proceeding" and shall not in any way state, or ever hint at, the findings or results of, such other proceeding. |
| 7 | Argument or evidence regarding the PTAB not instituting the first IPR is irrelevant, confusing, and | That Medtronic requested the invalidation of the patent claims is relevant, as is evidence that those | **Granted**. Neither party is permitted to discuss IPR decisions or judgments, as the probative value is substantially outweighed by the danger of misleading |

4

| MIL # | D's MIL | P's Response | Ruling |
|---|---|---|---|
|  | prejudicial because the PTAB uses different standards. Courts routinely exclude. | petitions were denied. See Opp. to MILs 5 and 6. That evidence need not be detailed or cumulative, but it is required to avoid jurors making assumptions or being distracted. Medtronic, of course, can request a curative instruction that the IPR proceedings did not and could not consider issues of Dr. Barry's alleged public use or Dr. Lenke's alleged prior invention. | the jury and confusion of the issues. *See, e.g., Virnetx, Inc. v. Cisco Sys., Inc.*, 767 F.3d 1308, 1324–25 (Fed. Cir. 2009). Moreover, given that there is no estoppel effect for grounds that were not instituted, *see Shaw Industries Group Inc. v. Automated Creel Systems* (Fed. Cir. 2016), the probative value of this evidence is limited. |
| 8 | Medtronic's total sales data, revenues, and net worth are irrelevant and such evidence would be prejudicial. Damages experts have not used this information in damages models. | Dr. Barry's experts will present evidence concerning Medtronic's relative market share in the relevant field to establish the royalty base. Medtronic's size and financial conditional are also relevant to the issue of enhanced damages, which should be tried to the jury. | **Granted in part.** Dr. Barry is not permitted to introduce evidence as to Medtronic's financial worth or size, or evidence related to overall total sales data and revenue, or bring up enhanced damages, which is a decision for the court to make should the jury return a finding of willfulness. However, Dr. Barry may introduce revenue and sales data of the products in question in the context of presenting evidence on relative market share, which is relevant to the parties' hypothetical negotiation. If net worth or size is a tangential matter in an otherwise admissible document, counsel must discuss with court at pre-trial. Evidence may not be used in attorney argument to assert that Defendant's damages should be greater since it is a wealthy company. |
| 9 | Evidence of Barry's charity work is irrelevant, prejudicial, and improper character evidence. | Dr. Barry should not be prevented from introducing himself to the jury. His work would be background regarding who he is, what he does, and what he has been doing since the time of his invention. This is no | **Agreed.** Per parties' representations at Final Pre-trial Conference, neither party will gild the lily regarding any witness' irrelevant positive character traits. |

| MIL # | D's MIL | P's Response | Ruling |
|---|---|---|---|
| | | different than how Medtronic presents itself. | |
| 10 | Evidence of Barry's prior work with Medtronic is irrelevant and confusing to the jury. | Dr. Barry is required to prove notice of the patents-in-suit as an element of inducement. Such intent and knowledge can be proven with circumstantial evidence. Medtronic's prior work with Dr. Barry is not confusing and goes to Medtronic's credibility regarding its claimed lack of knowledge of the patents. | **Denied.** This evidence may be relevant to willfulness and inducement (knowledge of Dr. Barry's patents). |
| 11 | Use of "prior interrogatory responses" and/or uncorroborated testimony regarding conception and/or reduction to practice should be precluded. Medtronic repeatedly requested this information, which Barry was obligated to supplement under FRCP Rule 26. His failure warrants exclusion under FRCP Rule 37(c). | Medtronic asks this Court to prevent Dr. Barry from explaining when he reduced his invention to practice. It suggests Dr. Barry may rely on interrogatory responses that were amended – an issue not of legal import, but rather witness credibility thus left to the jury – or what Medtronic asserts, without support, to be uncorroborated testimony. Whether a statement is corroborated is a factual finding left to the jury, or at the very least, subject to legal challenge at summary judgment. | **Granted in part.** Dr. Barry may not offer his own responses to interrogatories, which would be hearsay. But he may use responses that Medtronic made to interrogatories.<br><br>**Denied** to the extent that Medtronic's motion was somehow intended to prevent Dr. Barry from offering live testimony on topics addressed in interrogatories. Subject to earlier rulings regarding Figure 6, oral testimony may be offered subject to Federal Rules and objection by opposing counsel. Cross examination should expose the weaknesses that Medtronic perceives exist. |
| 12 | References to number of lawyers, size of counsel, geographic origin of counsel, or amount of resources spent by Medtronic are irrelevant and prejudicial. | Dr. Barry does not oppose Medtronic's motion *in limine* No. 12 as long as the Court's order on the issue is reciprocal. | **Granted.** Neither side may make reference to these aspects of either side's trial counsel. |

6

| MIL # | D's MIL | P's Response | Ruling |
|---|---|---|---|
| 13 | References to discovery disputes between the parties are irrelevant and prejudicial. | Dr. Barry's damages expert will testify that documents and records that corporations of Medtronic's size and sophistication routinely maintain were not made available to her, and will discuss the shortcomings of the documents Medtronic created for purposes of responding to Dr. Barry's discovery requests. Dr. Barry is not going to reargue discovery disputes to the jury. | **Granted in part, denied in part.** Neither party is permitted to refer to the fact that there was a discovery dispute, that either party destroyed evidence or spoliation. But expert witnesses (including Dr. Schenk) may be permitted to comment on the shortcomings of the documents that were made available insomuch as these observations appear in a Rule 26 expert report (to explain or rebut concerns regarding methodology, for example). |
| 14 | Evidence of other proceedings brought by third parties against Medtronic for patent infringement is irrelevant, prejudicial, improper character evidence, and hearsay. | Dr. Barry does not oppose, as he has no intention of offering such evidence. | **Granted.** |
| 15 | References to Medtronic's decision whether to obtain an opinion of counsel would be irrelevant, prejudicial, and prohibited by 35 U.S.C. § 298. | An accused infringer's failure to produce opinion-of-counsel evidence is a factor that is properly considered by the jury in determining "whether the accused infringer 'knew or should have known' that its actions would cause another to directly infringe."*Broadcom Corp. v. Qualcomm Inc.*, 543 F.3d 683, 699 (Fed. Cir. 2008). The '358 patent | **Denied.** While *Knorr-Bremse Systeme Fuer Nutzfahrzeuge GMBH v. Dana Corp.*, 383 F.3d 1337, 1341 (Fed. Cir. 2004) states that failure to seek opinion of counsel is not conclusive, there is nothing in *Knorr-Bremse* that precludes the jury from hearing about failure to seek an opinion of counsel. Courts routinely allow such evidence, as it is relevant to the totality of the circumstances determination for subjective willfulness *See Broadcom v. Qualcomm, Inc.*, 543 F.3d 683, 689 (Fed. Cir. 2008) (approving instruction to jury that failure to consult counsel can |

7

| MIL # | D's MIL | P's Response | Ruling |
|---|---|---|---|
| | | issued before September 16, 2012, so §298 does not apply. | be considered under totality of circumstances test for willfulness). The question of willfulness is still a jury question, even in the face of the Supreme Court's decision in *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S.Ct. 1923 (2016). *See WBIP, LLC v. Kohler Co.*, 2016 WL 3902668, at *14 (Fed. Cir. July 19, 2016) (stating that willfulness is still a jury question notwithstanding *Halo*). As such, such evidence is relevant and the court will properly instruct the jury on use of this evidence/argument, if such is presented. |
| 16 | Argument or evidence relating to any alleged infringement not disclosed in Barry's operative infringement contentions or relating to products other than the accused products would be at odds with P.R. 3-6. The Court rejected Barry's request to amend. Such references are irrelevant, prejudicial, confusing, and misleading. | Just as the asserted claims require instruments and implants, the accused products, as set forth in Dr. Barry's operative contentions, similarly encompass Medtronic's CD Horizon Legacy and Solera instruments and implants. The accused products are not limited to instruments that Medtronic unilaterally says are accused. Evidence of implants is also highly relevant to Dr. Barry's damages as explained in his expert's damages report. | **Granted.** Dr. Barry and his counsel will not refer to CD Horizon Solera implants or the CD Horizon Solera "system" as an "accused product" or an "accused instrumentality." Per Dr. Barry's September 2015 infringement contentions, the accused instrumentalities in this case are the "Medtronic VCM sets with Product Numbers . . . components of *these* sets, and the use of the components in *these* sets." Dkt. # 87-1 (Infringement Contentions), at 4. While both sides may reference the rods or other hardware that is not included in the VCM kits in discussion of damages, for instance, Dr. Barry cannot assert the Solera implants as an accused product. |
| 17 | Comments on Medtronic's decision to call or not call any particular witness would be irrelevant and prejudicial. | This is acceptable provided that Medtronic does not comment on the presence or absence of any witnesses presented during Dr. Barry's case. | **Granted.** |
| 18 | Expert opinions that were not disclosed pursuant to FRCP Rule 26 should be excluded pursuant | Dr. Barry does not object as a general principle, subject to any supplementation permitted in light | **Granted** |

8

| MIL # | D's MIL | P's Response | Ruling |
|---|---|---|---|
|  | to FRCP Rule 37(c). | of Medtronic's very late production of relevant documents or in response to a Medtronic violation of the ruling. |  |
| 19 | Statements that the Lenke videos were considered as prior art by the USPTO during the '358 reexamination are incorrect. Argument or evidence containing these false statements would be irrelevant and prejudicial. | In the IPR proceedings, Medtronic expressly told the USPTO that Dr. Lenke's "Video and Slides are Printed Publications." As a matter of fairness, Dr. Barry should be allowed to use this inconsistent position by Medtronic and Dr. Lenke, its expert witness before the USPTO and key fact witness in this litigation. | **Granted.** Limited probative value of what art was considered or not considered by the PTAB during IPR is substantially outweighed by the danger of confusion of the issues and misleading the jurors. Neither party may get into whether the "Video and Slides" were or were not considered. |
| 20 | Lay witnesses should be precluded from giving expert testimony. It is improper under FRE 701 and should be excluded under FRCP Rule 37(c) if Barry failed to properly disclose an expert in accordance with FRCP Rule 26. | As the named inventor of the patents-in-suit, the court should allow Dr. Barry to explain his invention, its development, and provide testimony regarding the value of his patents and his belief that Medtronic and others copied his inventions and infringe the patents-in-suit. Such inventor testimony based on perception is regularly admitted and is helpful to the jury's determination of infringement, to questions of validity including at least secondary non-obviousness considerations such as copying, and to understanding the value of Dr. Barry's patents. | **Denied *in limine*.** Dr. Barry will generally be permitted to testify as to his alleged inventions, their development, the value of his patents, and his beliefs about copying, as Dr. Barry has represented that he intends to do (Opp. at 17). Even fact witnesses are allowed to offer lay opinions that are rationally based upon their perception but not on the ultimate legal issues. Medtronic should object at trial if it believes particular testimony of Dr. Barry or any other witness is objectionable. |
| 21 | Evidence that contradicts or | Because Dr. Barry does not intend to | **Denied.** Broad advisory orders in limine are generally |

9

| MIL # | D's MIL | P's Response | Ruling |
|---|---|---|---|
| | supplements Barry's prior discovery responses. Under FRCP Rule 26, Barry had a duty to supplement or correct his discovery responses. If he failed to do so, FRCP 37(c) warrants exclusion of the information he failed to supplement. | present evidence contrary to sworn testimony, this does not seem the proper basis for an *in limine* order. This motion is more appropriately directed at Medtronic's Dr. Lenke. | not helpful or proper. The court will apply the Federal Rules of Civil Procedure 26 and 37(c) to assess the timeliness of the evidence presented upon objection. |
| 22 | Testimony and evidence regarding the possibility of an injunction, treble damages, or attorneys' fees should be excluded as irrelevant. These issues are for the Court's determination. | The jury will naturally be informed that patents provide inventors with the right to exclude others from practicing the claimed invention. This is relevant to understanding the rights of patent owners, and to understanding the determination of a reasonable royalty rate through a hypothetical negotiation. Further, pursuant to the Seventh Amendment, the jury should determine enhanced damages. | **Granted** as to references to fee-shifting, per party agreement (Opp. at 14).

Counsel shall not mention, and shall carefully instruct their witnesses not to mention, the possibility of an injunction or treble damages or that particular evidence may support imposition of either remedy. |
| 23 | References to the "clear and convincing" burden or the "presumption of validity" standard should be excluded because it is prejudicial and would be cumulative of any instruction given by the Court. | Recent Supreme Court decisions have rejected the cases cited by Medtronic in support of this motion and affirmed the "presumption of validity" and "clear and convincing" burden at all times. | **Denied.** |
| 24 | The Court previously held that Barry is not entitled to recover pre-suit damages relating to any infringement of the '121 patent. Any evidence of pre-suit | Until Dr. Barry was provided with documents evidencing the truth – that is that Medtronic knew of the '358 patent as of March 10, 2010, despite repeated sworn testimony | **Agreed.** Per parties' representations at Oct. 27, 2016 Final Pre-trial Conference, Dr. Barry does not oppose this motion. |

10

| MIL # | D's MIL | P's Response | Ruling |
|---|---|---|---|
|  | damages would be irrelevant and would risk jury confusion. | presumably educated by the employee in possession of the evidence – Dr. Barry had no choice but to amend his inducement, willfulness, and damages theories to reflect the blatantly false testimony Dr. Barry received. This motion will now need to be addressed in tandem with Dr. Barry's motions regarding Medtronic's discovery conduct as this may also impact when Medtronic learned of the '121 patent. |  |
| 25 | References to Barry's expert, David Neal's, experience in preparing surveys that were not listed on his CV. Experts are required to disclose qualifications under FRCP Rule 26(a)(2)(B), and failure to do so warrants exclusion under FRCP Rule 37(c).<br><br>For the same reason, Barry should be precluded from referencing facts or data that were not disclosed by Neal as having been considered in forming his opinions. | Dr. Neal provided testimony regarding his prior work on surveys at his deposition. Accordingly, there is no surprise that – contrary to Medtronic's assertions– Dr. Neal has previously worked on patent matters. | **Denied.** Dr. Neal may testify to the fact that he has previously created surveys in a patent case, a fact that is absent from his CV but one which he was asked and answered questions about in deposition. This is relevant to his expertise and the court does not find harm to Medtronic to allow this testimony. However, Dr. Neal's substantive testimony is of course limited to those surveys and the making of those surveys that are in his report. Detailed testimony about surveys that are not related to his opinions is irrelevant. |
| 26 | Barry should not be permitted to imply that Medtronic has spoliated evidence. There has | Dr. Barry reserves the right to argue to the jury and present evidence that documents produced by Medtronic | **Granted.** Evidence or testimony related to the veracity and completeness of documents may be relevant but evidence regarding spoliation or |

11

| MIL # | D's MIL | P's Response | Ruling |
|---|---|---|---|
|  | been no such finding, and any implication would be prejudicial and irrelevant. | do not tell the complete story and that Medtronic cannot have it both ways. | destruction of evidence is irrelevant, as Dr. Barry admits he has never asserted that Medtronic has destroyed evidence (Mot. at 21). |