# EXHIBIT 11

█████████████████████████████████████████

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| INTELLECTUAL VENTURES I LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | **CIVIL ACTION NO. 2:17-CV-00577-JRG** |
| | § | |
| T MOBILE USA, INC., T-MOBILE US, INC., ERICSSON INC., TELEFONAKTIEBOLAGET LM ERICSSON, | § § § § | |
| | § | |
| *Defendants*. | § | |

## ORDER ON MOTIONS *IN LIMINE*

Before the Court are the motions *in limine* by Plaintiff Intellectual Ventures I LLC ("IV" or "Plaintiff") (Dkt. No. 267) and Defendants T Mobile USA, Inc., T-Mobile US, Inc., Ericsson Inc., and Telefonaktiebolaget LM Ericsson (collectively, "Defendants") (Dkt. No. 266). The Parties further filed Joint Motions *in Limine*. (Dkt. Nos. 285, 286.) The Court held a pretrial conference on January 3, 2019 and heard oral argument on said motions. This Order summarizes and memorializes the Court's rulings as announced into the record. It is **ORDERED** that the Parties, their witnesses, and counsel shall not raise, discuss, or argue the following before the venire panel or the jury without prior leave of the Court.

### AGREED MOTIONS *IN LIMINE*

The following motions are **GRANTED-BY-AGREEMENT OF THE PARTIES**:

Agreed MIL No. 1:   No evidence, argument, or suggestion that any alleged conception date is earlier than the dates listed in IV's interrogatory.

Agreed MIL No. 2:   No evidence, argument, or suggestion on the Court's claim construction, including the parties' positions, the Court's rationale, anything inconsistent with the

Court's construction, or any other aspect relating to claim construction other than the constructions themselves.

Agreed MIL No. 3:   No evidence, argument, or suggestion relating to experts' prior affiliations or retention by the law firms involved in this case, or relating to prior court rulings or jury verdicts involving experts' opinions.

Agreed MIL No. 4:   No evidence, argument, or suggestion that Defendants copied or stole anything related to the Patents-in-Suit.

Agreed MIL No. 5:   No evidence, argument, or suggestion regarding IV's licenses with others in the industry as evidence that any of the licensees or Defendants in this case infringe.

Agreed MIL No. 6:   No evidence, argument, or suggestion regarding any comparison of Ericsson products to any other infrastructure company's products, or any comparison of Ericsson's product to anything other than the asserted claims to prove infringement.

Agreed MIL No. 7:   No evidence, argument, or suggestion that Malibu's commercial failure was caused in whole or in part by Ericsson or T-Mobile.

Agreed MIL No. 8:   No evidence, argument, or suggestion of Ericsson sales to third parties other than T-Mobile (such as Sprint).

Agreed MIL No. 9:   If the Court grants Defendants' pending motion on IV's willfulness claim, no evidence argument, or suggestion related to the willfulness claim.

Agreed MIL No. 10:   No evidence, argument, or suggestion that any third-party licensee has taken a license to only one or all of the particular patents at issue in this case, as opposed to a license to the entire portfolio.

Agreed MIL No. 11:   Exclude pejorative references to IV or NPE business model (e.g., "patent troll," "nonpracticing entity," "patent assertion entity").

## PLAINTIFF'S OPPOSED MOTIONS *IN LIMINE*

<u>IV MIL No. 1:</u> Exclude pejorative references to IV or NPE business model (e.g., 'patent troll,' 'non-practicing entity,' 'patent assertion entity,' 'a company that doesn't make anything,' or 'a company that doesn't sell anything')

This motion *in limine* is **WITHDRAWN** by Intellectual Ventures.

<u>IV MIL No. 2:</u> Exclude evidence relating to Defendants' IPRs filed against the patents-in-suit.

This motion *in limine* is **GRANTED**. Any Party that wishes to talk about the PTAB or IPR proceedings in any way must first approach the bench. That certain prior art was not before the PTO at the time the patents were issued and is not in the cited references is outside the scope of this *limine* Order.

<u>IV MIL No. 3:</u> Exclude non-infringement arguments or testimony based on comparing the accused products to Malibu Networks' product(s) and/or prototype system(s).

This motion *in limine* is **GRANTED**. The Court clarifies that Defendants will be permitted to have a typical background interview with the inventor and that the inventor may testify as to his understanding of any plain and ordinary meaning terms that are relevant to his other testimony.

<u>IV MIL No. 4:</u> Exclude evidence or argument relating to litigation between IV and Defendants in the District of Delaware.

This motion *in limine* is **GRANTED**.

<u>IV MIL No. 5:</u> Exclude evidence or argument that IV did not offer Defendants a settlement or license prior to the institution of suit.

This motion *in limine* is **GRANTED**. The Court accepts the Parties' representations that IV MIL No. 5 is linked to Defendants MIL No. 5.

IV MIL No. 6: Exclude evidence relating to uncharted prior art to prove invalidity by demonstrating that uncharted prior art discloses or suggests elements of the asserted claims, including introducing uncharted prior art as an exhibit and displaying uncharted prior art as a demonstrative.

This motion *in limine* is **GRANTED**. The Court clarifies that the Parties are permitted to use uncharted references to demonstrate the state of the art and what a person of ordinary skill would have known at the time of the invention; however, more than a passing reference may result in jury confusion and will violate this motion *in limine*.

IV MIL No. 7: Exclude attempts to prove public availability of alleged prior art sources based on collateral citations in third-party sources outside the scope of Defendants' invalidity contentions and/or Dr. Hall-Ellis's declaration.

This motion *in limine* is **WITHDRAWN** by Intellectual Ventures.

IV MIL No. 8: Exclude reference to the fact that any patent, claim, theory, or accused product or functionality has been dropped or dismissed from the case or any prior case.

This motion *in limine* is **GRANTED**.

### DEFENDANTS' OPPOSED MOTIONS *IN LIMINE*

Defendants MIL No. 1:    No evidence or argument of secondary considerations of non-obviousness, because no nexus was alleged or proven.

This motion *in limine* is **DENIED**.

Defendants MIL No. 2:    No evidence, argument, or suggestion regarding any government or regulatory investigations into Ericsson or T-Mobile.

This motion *in limine* is **GRANTED-AS-MODIFIED**. Defendants MIL No. 2 will be applied to all Parties. Further, Dr. Becker will be permitted to testify as to any argument or

suggestion contained in his expert report, which was not challenged under *Daubert*, notwithstanding this motion *in limine* ruling.

Defendants MIL No. 3: No evidence, argument, or suggestion regarding Ericsson or T-Mobile's total company revenue, profit, market capitalization, net worth, or other similar revenue claims.

This motion *in limine* is **GRANTED-AS-MODIFIED**. The Court holds that this motion *in limine* will be applied on a mutual basis as to all Parties.

Defendants MIL No. 4: No improper argument regarding the burden of proof or analogizing the burdens of proof in this case to standards used in other areas of the law that may be prejudicial (e.g., family law, personal injury, criminal law, or fraud).

This motion *in limine* is **WITHDRAWN** by Defendants.

Defendants MIL No. 5: No evidence, argument, or suggestion that Malibu Networks, Inc. ("Malibu") or IV ever communicated with Ericsson or T-Mobile regarding the Patents-in-Suit prior to filing of the suit.

This motion *in limine* is **GRANTED**. The Court accepts the Parties' representations that IV MIL No. 5 is linked to Defendants MIL No. 5.

Defendants MIL No. 6: No evidence, argument, or suggestion that any third-party licensee has taken a license to these particular patents as opposed to a license to the entire portfolio.

This motion *in limine* is **WITHDRAWN** by Defendants.

Defendants MIL No. 7: No evidence, argument, or suggestion regarding an affirmative reference to any matters or communications as to which the offering party asserted privilege, including, but not limited to, any references to any pre-suit investigation performed by IV and any evidence over which IV has claimed privilege.

This motion *in limine* is **DENIED.**

**So ORDERED and SIGNED this 8th day of January, 2019.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE