# EXHIBIT 12

███████████████████████████████████████

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| IMPLICIT, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | **CIVIL ACTION NO. 6:16-CV-00080-JRG** |
| | § | |
| TREND MICRO, INC., | § | |
| | § | |
| Defendant. | § | |
| | § | |

## ORDER ON MOTIONS IN LIMINE AND PRETRIAL MOTIONS

On September 12, 2017, the Court held a Pretrial Conference regarding the following motions by Plaintiff Implicit, LLC ("Implicit") and Defendant Trend Micro, Inc. ("Trend Micro"):

- Plaintiff Implicit's Motion to Strike the Russ Invalidity Report (Dkt. No. 150);

- Plaintiff Implicit's Motions in Limine (Dkt. No. 232);

- Defendant Trend Micro's Motion to Strike Portions of the Jacobs Expert Report, Balassanian Declaration and Belated Production (Dkt. No. 159);

- Defendant Trend Micro's Motion for Summary Judgment of Non-Infringement of U.S. Patent Nos. 8,694,683 AND 9,270,790 (Dkt. No. 164);

- Defendant Trend Micro's Motions in Limine (Dkt. No. 231).

Having considered the Parties' arguments and for the reasons set forth at the Pretrial Conference, (Dkt. No. 249), as well as in this Order, the Court resolves these motions as follows.

I. **Motions in Limine**

A. **Agreed Motions in Limine**

MIL No. 1: The parties shall be precluded from raising any argument, evidence, testimony, insinuation, reference, or assertion as to communications covered by attorney-client privilege, including any argument, evidence, testimony, insinuation, reference, or assertion that speculates about the content of these privileged communications, or that suggest to the jury that it do so. To the extent that either party wishes to raise or present such argument, evidence, testimony, or reference, it shall approach the bench and advise the Court prior to such presentation.

MIL No. 2: The parties shall be precluded from presenting or eliciting any expert testimony beyond the scope of that expert's report(s). All expert testimony shall be limited to topics and subject matter actually disclosed in reports or testified to in response to opposing party questions raised during the expert's deposition. Experts may offer opinion testimony based upon underlying facts learned from conversations with expert or fact witnesses, assuming such expert or fact witnesses were properly disclosed.

MIL No. 3: The parties shall be precluded from disparaging any party as a subsidiary of a foreign corporation. This shall not preclude either party from referring to the residence, location or, in the case of a corporation, place of incorporation, of any witness, party, or entity related to a party as background information or as necessary to provide context for admissible evidence or evidence used to impeach a witness.

<u>MIL No. 4</u>: The parties shall be precluded from raising any argument, evidence, testimony, insinuation, reference, or assertion to patents, claims, prior art references, or accused products that have been dismissed, abandoned, or dropped and are no longer at issue in this case.

<u>MIL No. 5</u>: The parties shall be precluded from raising any argument, evidence, testimony, insinuation, reference, or assertion of: (a) any infringement theories not disclosed in the complaint, infringement contentions, or in an export report, including any theory of infringement under the doctrine of equivalents; and (b) any invalidity theories not disclosed in invalidity contentions or in an expert report.

<u>MIL No. 6</u>: Implicit shall be precluded from raising any argument, evidence, testimony, insinuation, reference, or assertion as to any Trend Micro products regarding the fact that such products are not made in the U.S.

<u>MIL No. 7</u>: The parties shall be precluded from raising any argument, evidence, testimony, insinuation, reference, or assertion as to the location of where a counsel from an opposing party practices, and the location or size of opposing counsel's law firm.

<u>MIL No. 8</u>: The parties shall be precluded from raising any argument, evidence, testimony, insinuation, reference, or assertion regarding the religious or political beliefs or sexual orientation of any party or witness, including a witness's choice to testify in the witness's native language.

<u>MIL No. 9</u>: The parties shall be precluded, to the extent possible, from raising any argument, evidence, testimony, insinuation, reference, or assertion regarding non-relevant exchanges between counsel during depositions (including objections) when reading or showing deposition excerpts.

MIL No. 10: The parties shall be precluded from raising any argument, evidence, testimony, insinuation, reference, or assertion regarding the use of jury studies, jury consultants, focus group studies, trial teams, or shadow juries.

MIL No. 11: Implicit shall be precluded from raising any argument, evidence, testimony, insinuation, reference, or assertion that Trend Micro had a duty to search for patents or obtain opinion of counsel (or from raising any adverse inference from a lack of opinion of counsel).

MIL No. 12: The parties shall be precluded from raising any argument, evidence, testimony, insinuation, reference, or assertion that the court has the power to dismiss frivolous suits and/or frivolous counterclaims.

MIL No. 13: Trend Micro shall be precluded from raising any argument, evidence, testimony, insinuation, reference, or assertion that it has its own patents covering the accused technology.

MIL No. 14: The parties shall be precluded from raising any argument, evidence, testimony, insinuation, reference, or assertion regarding any criticism of the performance, reliability or credibility of the USPTO or the examiners that work at the USPTO, refer to the existence of any "backlog" at the USPTO, refer to the issuance of "bad patents," or offer other similar evidence or remarks. A party is not precluded from introducing evidence that a particular prior art reference was or was not considered during the prosecution of an asserted patent.

MIL No. 15: The parties shall be precluded from raising any argument, evidence, testimony, insinuation, reference, or assertion referencing the existence of claims by or between the parties that are not a part of this action, including references to the existence of other proceedings between the parties.

### B. Plaintiff's Motions In Limine

<u>MIL No. 1</u>: To Preclude Any Evidence or Argument Regarding Orders Issued by Other Tribunals in Other Proceedings

This motion is **GRANTED**. (Dkt. No. 249 at 18:16–19:7.) Neither party may reference prior orders of other tribunals without first obtaining leave from the Court. (*Id.*)

<u>MIL No. 2</u>: The Parties Shall Be Precluded From Raising Any Argument, Evidence, Testimony, Insinuation, Reference, or Assertion Purporting to Attribute a Meaning to Terms that Were not Construed by the Court, Other than Their Plain and Ordinary Lay Meaning

This motion is **DENIED**.

<u>MIL No. 3</u>: The Parties Shall Be Precluded From Raising Any Argument, Evidence, Testimony, Insinuation, Reference, or Assertion Regarding Any Purported NonInfringing Alternative Not Timely Disclosed In Discovery.

This motion is **GRANTED BY AGREEMENT**. (Dkt. No. 249 at 22:1–23.)

<u>MIL No. 4</u>: The Parties Shall Be Precluded From Raising Any Argument, Evidence, Testimony, Insinuation, Reference, or Assertion That Disparate References Should be Treated as a Single Prior Art Reference

This motion is **DENIED**.

<u>MIL No. 5</u>: To Preclude Any Argument, Evidence, Testimony, Insinuation, Reference, or Assertion that a Damage Award May Increase the Price of Products, Put Manufacturers out of Business, or Cause Jobs to be Lost

This motion is **GRANTED** as to both Parties. (Dkt. No. 249 at 24:23–25:15.)

### C. Defendant Trend Micro's Motions in Limine

MIL No. 1: Motion to Preclude Implicit from Referencing Trend Micro's Size, Overall Sales, or Net Worth

This motion is **GRANTED**. (Dkt. No. 249 at 29:10–30:5.) Neither party may reference Trend's size, profits, or total value without obtaining leave from the Court. (*Id.*)

MIL No. 2: Motion to Preclude Implicit from Offering Settlement and License Agreements as Evidence of Trend Micro's Liability or the Validity of the Patents-in-Suit

This motion is **GRANTED-IN-PART** with respect to using the settlements or licenses to prove infringement. (*Id.* at 33:11–34:7.) It is **DENIED** in all other respects. (*Id.*)

MIL No. 3: Motion to Preclude Implicit from Pejorative Terms Regarding Trend's "Copying" or Similar of Implicit's Patents-in-Suit

This motion is **GRANTED-IN-PART** with respect to the terms "copying," "robbing," and "stealing" or similarly charged terms. (*Id.* at 36:3–37:6.) The motion is **DENIED** with respect to "misappropriating," "taking," or "trespassing" and similar terms. (*Id.*)

MIL No. 4: Motion to Preclude Implicit From Referencing Experts' Prior Work

This motion is **DENIED**. (*Id.* at 38:25–40:7.) However, in referencing an expert's prior work neither party should reference other proceedings or other tribunals without obtaining leave from the Court. (*Id.*)

-7-

II. **Dispositive Motions**

   A. **Plaintiff's Motion to Strike the Russ Invalidity Report (Dkt. No. 150)**

   This motion is **DENIED**.  (Dkt. No. 249 at 56:22–58:21.)

   B. **Trend Micro's Motion to Strike Portions of the Jacobs Expert Report, Balassanian Declaration and Belated Production (Dkt. No. 159)**

   This motion is **DENIED**.  (*Id.* at 74:2–75:4.)

   C. **Defendant Trend Micro's Motion for Summary Judgment of Non-Infringement of U.S. Patent Nos. 8,694,683 AND 9,270,790 (Dkt. No. 164)**

   This motion is **DENIED**.  (*Id.* at 105:19–22.)

   **So ORDERED and SIGNED this 3rd day of October, 2017.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE