# EXHIBIT 14

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| SIMPLEAIR, INC. | § | |
| *Plaintiff*, | § § § | |
| v. | § | Case No. 2:14-cv-00011-JRG |
| GOOGLE INC., *et al*., | § § § § | |
| *Defendants*. | § § | |

# ORDER REGARDING MOTIONS *IN LIMINE*

Before the Court are Plaintiff's Motions *in Limine* (Dkt. No. 212) and Defendants' Motions *in Limine* (Dkt. No. 211). The Court held a first pretrial conference in this case on September 9, 2015. On September 11, 2015, the Court held a second pretrial conference. The following summarizes and memorializes the Court's rulings at these hearings:

**Plaintiff's Motions *in Limine* (Dkt. No. 212)**

1. No evidence or argument comparing the preferred embodiments or the commercial embodiment to the accused instrumentalities.

    **GRANTED.**

2. No evidence or argument comparing the prior art to SimpleAir's infringement theories rather than the Court's constructions.

    **GRANTED.**

3. No uncorroborated testimony about prior art systems or their use.

    **DENIED.**

4. No expert testimony from non-designated experts, including (a) third party prior art witnesses, (b) inventors as to claim construction, validity, or infringement, or (c) Google employees as to validity, non-infringement, or non-infringing alternatives.

    **DENIED.** The parties are **ORDERED** to follow the Federal Rules of Civil Procedure and this Court's customary practice.

5. No evidence or argument concerning undisclosed invalidity contentions and art.

    **GRANTED-IN-PART.** The Motion is **GRANTED** with regard to obviousness combinations not previously disclosed. The Motion is **DENIED** with regard to NovaMail.

6. No evidence or argument challenging SimpleAir's ownership or standing.

    **GRANTED.**

7. No evidence or argument about the founding or irrelevant achievements of Google.

    **GRANTED.** However, Plaintiff and Defendant are entitled to give a limited factual introduction of their clients.

8. No evidence or argument about Google's own patents.

    **DENIED**.

9. No evidence or argument about valuations of the patents during AirMedia bankruptcies or other numbers disclosed in any of the bankruptcies that purport to value the patents.

    **GRANTED-IN-PART**. The Motion is **GRANTED** as to the schedules, petitions, and pleadings in bankruptcy. The Motion is **DENIED** as to any evidence regarding any arms-length transactions which may have occurred during bankruptcy.

10. No argument or evidence about whether Payne and von Kaenel offered a stake in SimpleAir to others, such as Rose, Katz, Starr, or Wang.

**GRANTED**.

11. No evidence or argument about SimpleAir's lawsuits or agreements with parties other than Apple, Microsoft, RIM, Google, or Amazon.

    **DENIED-IN-PART.** The Motion is **DENIED** with regard to SimpleAir's licenses with content providers. Defendants conceded the Motion as to the mobile operating systems in their brief, and the parties are bound to their briefing.

12. No evidence or argument going solely to the issue of prosecution laches.

    **GRANTED.** Defendants are granted leave to approach the bench if they feel such evidence has become relevant.

13. No evidence or argument about the Court's JMOL Order in *Smartflash*.

    **GRANTED.**

**Defendants' Motions *in Limine* (Dkt. No. 211)**

I. No references to the prior Google-SimpleAir Litigation (*SimpleAir I*).

    **GRANTED** as to the trial on validity and infringement. **DENIED** as to the trial on damages and willfulness.

II. No argument that the "market willingness to pay" for the accused technology is revenue that Defendants have actually received (or could actually receive).

    **GRANTED-IN-PART.** Plaintiff is precluded from presenting testimony that a portion of the sales price of the accused devices is revenue to Google. This Motion is **DENIED** as to direct revenue payable to Google from advertising or other conduct outside of the sales price of the accused devices. To the extent that Plaintiff puts on evidence of the public's willingness to pay for the accused devices, and to the extent that Plaintiff attempts to apportion part of the sales price as a way to establish the value of their

        patented functionality, the Court **ORDERS** that Plaintiff designate and refer to this as "value," and not as "revenue."

III.    No evidence or argument of new or undisclosed damages opinions.

        **DENIED.** The parties are **ORDERED** to follow the applicable rules of Federal Civil Procedure and this Court's customary practice.

IV.    No evidence or testimony regarding the SimpleAir-Amazon agreement.

        **DENIED.**

V.    No evidence about the qualifications of *SimpleAir I* expert Dr. Srinivasan.

        **DENIED.**

VI.    No evidence or testimony on aspects of Dr. Sukumar's survey that were not corroborated or disclosed in his report.

        **GRANTED-IN-PART.** Plaintiff is precluded from providing evidence or testimony regarding what focus group participants did or did not say. This Order does not preclude Plaintiff from identifying that focus groups were a component used in developing the survey. Except for the relief granted above, the remainder of this motion is **DENIED**.

VII.    No testimony, evidence, or argument regarding Defendants' total sales data, total revenues, advertising revenues, size or financial worth.

        **GRANTED-IN-PART.** The Motion is **GRANTED** as to total sales, total revenue, and advertising and financial worth of the Defendants. The Motion is **DENIED** as to revenues, profits, and income related to the Android platform.

VIII.    No pejorative argument or testimony regarding corporate residency.

        **GRANTED-IN-PART.** The Motion is **GRANTED** as to any kind of characterization, implication, or denigration related to the parties' residencies. The Motion is **DENIED** as

to a clear factual introduction of the identity of the parties and the locations of their residences and places of conducting business.

IX. No evidence or argument regarding proceedings before the PTO or PTAB.

**GRANTED-IN-PART.** If the Defendants offer prior art in this case that has been before the PTO, whether through the issuance of the patents-in-suit or through a later re-exam, the Plaintiff is entitled to show the jury that the PTO previously considered that prior art. This Order does not preclude Plaintiff from introducing evidence as to the circumstances under which a settlement or license was arrived and the context of such transaction, including whether other proceedings were a factor, in Plaintiff's damages case.

X. No evidence or argument about Defendants' patent lobbying efforts or corporate views and policies on patents.

**GRANTED.**

XI. No questions during *voir dire* seeking to commit jurors to any particular range or amount for damages.

**DENIED.**

XII. No evidence, argument, or testimony regarding discovery disputes.

**GRANTED.**

**So Ordered and Signed on this**

**Oct 5, 2015**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE

5