# EXHIBIT 15

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| **POLARIS POWERLED TECHNOLOGIES, LLC,** | § | |
| **Plaintiff,** | § | |
| **v.** | § | **CIVIL ACTION NO. 2:17-CV-00715-JRG** |
| **SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG ELECTRONICS CO., LTD., SAMSUNG DISPLAY CO., LTD.,** | § | |
| **Defendants.** | § | |

## ORDER ON PRETRIAL MOTIONS AND MOTIONS *IN LIMINE*

The Court held an Initial Pretrial Conference in the above-captioned case on June 3, 2019, regarding pretrial motions and motions *in limine* ("MIL") filed by Plaintiff Polaris PowerLED Technologies, LLC ("Polaris") and Defendants Samsung Electronics America, Inc., Samsung Electronics Co., Ltd., and Samsung Display Co., Ltd. (collectively, "Samsung"). This Order summarizes and memorializes the Court's rulings and reasons therefor on the aforementioned motions as announced into the record, including additional instructions that were given to the Parties. This Order in no way limits or constrains the Court's rulings as announced into the record from the bench. Accordingly, it is hereby **ORDERED** as follows:

## PRETRIAL MOTIONS

### I. Defendants Samsung's Opposed Motion for Leave to Serve a Supplemental Expert Report by Dr. Philip C.D. Hobbs (Dkt. No. 203)

This motion is **GRANTED**. (Dkt. No. 330, at 44:5–19.) Additionally, the parties are **ORDERED** to meet and confer regarding any supplemental expert report of Dr. Victor Roberts to

be served in response to Dr. Hobbs' supplemental report, and to submit a joint or agreed motion regarding the same no later than **Friday, June 7, 2019**. (*Id.* at 214:7–16.)

## II. Defendants Samsung's Opposed Motion for Leave to Serve a Supplemental Expert Report by Dr. Philip C.D. Hobbs Regarding Garmin Source Code (Dkt. No. 313)

This motion is **DENIED**. (Dkt. No. 330, at 44:20–45:18.) However, the Court shall hold Polaris to its representations that it will not argue that Samsung or Hobbs intentionally avoided examination of the Garmin source code. (*Id.* at 45:18–46:4.)

## III. Plaintiff Polaris's (1) *Daubert* Motion to Exclude and (2) Motion to Strike Portions of Expert Report of Defendants' Technical Expert Dr. Philip Hobbs (Dkt. No. 201)

This motion is **GRANTED-IN-PART** and **DENIED-IN-PART**. The motion is **GRANTED** with respect to Dr. Hobbs' "dark level bias" opinion (Dkt. No. 331, at 31:1–7; *see* Dkt. No. 201, Part II.C., at 5–7) and his reference to Samsung's patents and patent applications (Dkt. No. 331, at 31:19–32:7; *see* Dkt. No. 201, Part II.I., at 14). Accordingly, paragraphs 157–164, 226–228, 292–296, and 313 of the Rebuttal Expert Report of Dr. Philip C.D. Hobbs Regarding Infringement in Response to Expert Report of Dr. Ravin Balakrishnan dated February 26, 2019 are hereby **STRICKEN**. (Dkt. No. 201-5.) All other relief sought in the motion is **DENIED**. (Dkt. No. 331, at 30:7–32:9.)

## IV. Defendants Samsung's Motion to Strike Expert Opinions of Dr. Ravin Balakrishnan Regarding Previously Undisclosed Infringement Theories (Dkt. No. 185)

This motion is **DENIED**. (Dkt. No. 330, at 71:17–72:14.)

## V. Defendants Samsung's *Daubert* Motion to Exclude the Opinions Offered by Paul C. Benoit (Dkt. No. 199)

This motion is **DENIED**. (Dkt. No. 330, at 93:15–23.)

## VI. Plaintiff Polaris's Motion to Strike Portions of Defendants' Damages Expert Mr. Paul K. Meyer's Expert Rebuttal Report (Dkt. No. 192)

This motion is **GRANTED-IN-PART** and **DENIED-IN-PART**. The motion is **GRANTED** with respect to Mr. Meyer's opinions that rely on new financial costs of goods sold

information of Samsung. (Dkt. No. 330, at 106:24–108:9; *see* Dkt. No. 192, Part II.D., at 11–13.) Accordingly, paragraphs 160–162 and 369–372 of the Expert Rebuttal Report of Paul K. Meyer dated February 26, 2019 are hereby **STRICKEN**. (Dkt. No. 192-3.) All other relief sought in the motion is **DENIED**. (Dkt. No. 330, at 108:13–17.)

### VII. Defendants Samsung's Motion for Summary Judgment of Noninfringement for Failure to Identify Multiplication of "The Sensing Signal" in Violation of the Court's Claim Construction Order (Dkt. No. 197)

This motion is **DENIED**. (Dkt. No. 330, at 116:1–5.)

### VIII. Defendants Samsung's Motion for Summary Judgment of Noninfringement for Samsung's Personalized AutoBrightness Control Phones (Dkt. No. 195)

The Court, consistent with *O2 Micro International Ltd. v. Beyond Innovation Technology Co.*, determined that this motion and Polaris's related motion (Dkt. No. 196) raised an actual dispute as scope of the term "configured to," as set forth in U.S. Patent No. 8,223,117 (the "'117 Patent"), requiring additional claim construction. (Dkt. No. 330, at 131:8–12, 20–23.) 521 F.3d 1351, 1360 (Fed. Cir. 2008) ("When the parties raise an actual dispute regarding the proper scope of [the] claims, the court, not the jury, must resolve that dispute."). Accordingly, the Court *sua sponte* construed the term "configured to" (Dkt. No. 18-1, at 12:30–38) as **"actually programmed or implemented with hardware or software to."** (Dkt. No. 330, at 131:13–19.) *See SIPCO, LLC v. ABB, Inc.*, No. 6:11-cv-48-LED-JDL, 2012 WL 3112302, at *11 (E.D. Tex. July 30, 2012) ("[T]he claims mandate that the devices are 'configured to' perform particular functions. Interpreting 'configured to' as requiring only mere capability would eliminate any meaningful limits to the claims. Accordingly, the Court finds that 'configured to' means 'actually programmed or equipped with hardware or software to.'"). This construction is consistent with the intrinsic record—i.e., the specification of the '177 Patent. (*See e.g.*, Dkt. No. 18-1, at 2:7–10 ("In one embodiment, ***software*** algorithm can be used to multiply the light sensor output with the user

selectable brightness control. In another embodiment, ***analog or mixed signal circuits*** can be used to perform the multiplication.") (emphasis added).)

In light of this construction, Samsung's motion is **DENIED**. (Dkt. No. 330, at 131:25–132:2.)

### IX. Defendants Samsung's Motion for Partial Summary Judgment of No Pre-Suit Willful Infringement (Dkt. No. 200)

This motion is **GRANTED**. (Dkt. No. 330, at 151:22–152:14.)

### X. Plaintiff Polaris's Motion for Partial Summary Judgment (Dkt. No. 196)

This motion is **DENIED**. (Dkt. No. 330, at 152:16–19; Dkt. No. 331, at 42:16–43:6.)

## MOTIONS *IN LIMINE*

### I. Unopposed Motions *in Limine* (Dkt. No. 238)

The following motions *in limine* are **GRANTED AS UNOPPOSED**. (Dkt. No. 330, at 176:18–177:6.)

Polaris's Unopposed MIL No. 1: No evidence or argument regarding Polaris' owners' personal wealth or net worth.

Polaris's Unopposed MIL No. 2: No evidence or argument regarding either party's senior executive(s) not attending trial as corporate representative of the party.

Polaris's Unopposed MIL No. 3: No evidence or argument that an award of damages might increase end product prices, impact employees or economically injure the party.

Polaris's Unopposed MIL No. 4: No evidence or argument about whether an attorney of record for Polaris has been a member of Polaris' board of managers.

Polaris's Unopposed MIL No. 5: No evidence or argument that Samsung is "practicing the prior art" as a defense to infringement.

Polaris's Unopposed MIL No. 6: No evidence or argument referring to Polaris as a patent troll.

**II. Polaris's Disputed Motions *in Limine* (Dkt. No. 238)**

Polaris's MIL No. 1: Preclude Samsung's assertion that it patented the autobrightness functionality in its phones and televisions that are accused of infringing Polaris' '117 Patent-in-Suit.

This motion *in limine* is **GRANTED**. (Dkt. No. 330, at 166:19–167:3.)

Polaris's MIL No. 2: Preclude Samsung's alleged use in 2005 and thereafter of autobrightness functionality in its TVs, which are not prior art.

This motion *in limine* is **DENIED**. (*Id.* at 180:16.) However, the Court clarified that, despite this ruling, this subject might still be subject to appropriate objections, such as relevance, depending upon its use at trial. (*Id.* at 180:16–19.)

Polaris's MIL No. 3: Preclude Samsung's alleged noninfringing alternatives.

This motion *in limine* is **WITHDRAWN**. (*Id.* at 167:8–10.)

Polaris's MIL No. 4: Preclude Samsung's S2 & S3 smartphones as alleged non-infringing alternatives.

This motion *in limine* is **DENIED**. (*Id.* at 184:6–10.)

Polaris's MIL No. 5: Preclude Purpose of Samsung's Customer Surveys.

This motion *in limine* is **WITHDRAWN**. (*Id.* 167:14–15; Dkt. No. 321, at 1.)

Polaris's MIL No. 6: Preclude noninfringement of claim limitations Samsung did not dispute during discovery, and first raised in expert report.

This motion *in limine* is **GRANTED BY AGREEMENT OF THE PARTIES**. (Dkt. No. 330, at 167:16–168:5.) Specifically, Samsung agrees that it will not contend that the accused products lack the following claim limitation in claim 1 of the '117 patent: "a light sensor configured to sense ambient light and to output a sensing signal indicative of the ambient light

level." This claim limitation is admitted by Samsung for all accused products. (Dkt. No. 321, at 1.)

Polaris's MIL No. 7: Preclude evidence of previously asserted claims that were dropped from the case by agreement of the parties.

This motion *in limine* is **GRANTED BY AGREEMENT OF THE PARTIES**. (Dkt. No. 330, at 168:10–15.) Specifically, Samsung agrees that it will not inform the jury as to whether Polaris previously may have asserted that Samsung infringes patent claims of the '117 patent that were or may be dropped from the case. If Polaris drops its claim of infringement of additional patent claims during trial, Samsung reserves the right, however, to cross examine Polaris's infringement expert witness as to his opinions regarding such claims, but without informing the jury whether such claims were previously asserted and/or dropped from the case. (Dkt. No. 321, at 1–2.)

Polaris's MIL No. 8: Preclude Samsung's license agreements relating to battery life.

This motion *in limine* is **WITHDRAWN**. (Dkt. No. 321, at 2.)

Polaris's MIL No. 9: Preclude comparability of certain unrelated technologies that Samsung has licensed from other patent owners.

This motion *in limine* is **DENIED**. (Dkt. No. 330, at 168:17–169:2.)

Polaris's MIL No. 10: Preclude late "Supplemental" Dr. Hobbs Invalidity Report, served without meet and confer or Court order, and errata sheet.

This motion *in limine* is **WITHDRAWN**. (*Id.* at 169:3–17.)

Polaris's MIL No. 11: Preclude evidence contradicting Samsung's interrogatory responses or 30(b)(6) witness testimony.

This motion *in limine* is **DENIED**. (*Id.* at 169:18–23.)

<u>Polaris's MIL No. 12</u>: Preclude Samsung's designation of deposition testimony of its own witnesses, rather than calling them live at trial.

This motion *in limine* is **GRANTED BY AGREEMENT OF THE PARTIES**. (*Id.* at 169:24–170:9.) Specifically, Samsung agrees that it will not offer to publish to the jury the deposition testimony of Samsung's own witnesses unless Samsung establishes and the Court orders that any such witness is unavailable. This MIL No. 12 does not prevent the parties from publishing counter-designated deposition testimony that are prior consistent statements if permitted under Fed. R. Evid. 801(d)(1)(B). (Dkt. No. 321, at 2.)

<u>Polaris's MIL No. 13</u>: Preclude Samsung's attempt to present obviousness invalidity combination using prior art references not disclosed by Samsung as among the not more than six prior art references/combinations to be used at trial.

This motion *in limine* is **GRANTED**. (Dkt. No. 330, at 189:12–13.) At trial, Samsung must approach and demonstrate that the Ottenstein or Pioneer references are being properly used as background material rather than as an inappropriate obviousness combination before such references can be presented to the jury. (*Id.* at 189:13–18.)

<u>Polaris's MIL No. 14</u>: Preclude Samsung's attempt to use Microsemi internal documents/emails (which are not public and cannot be prior art) to establish Samsung's invalidity defense.

This motion *in limine* is **DENIED**. (*Id.* at 193:11–13.) The Court clarified that it would rule on the admissibility of any particular exhibits as appropriate. (*Id.* at 193:13–22.)

<u>Polaris's MIL No. 15</u>: Preclude Samsung's attempt to use non-prior art, a Microsemi LX1970 production data sheet, to establish Samsung's invalidity defense without evidence this document was publicly available before 2/9/2004.

This motion *in limine* is **WITHDRAWN**. (*Id.* at 170:22–25.)

Polaris's MIL No. 16: Preclude evidence or argument about discovery disputes or communications between counsel regarding discovery.

This motion *in limine* is **GRANTED BY AGREEMENT OF THE PARTIES**. (*Id.* at 171:1–10.) Specifically, Samsung agrees that it will not attempt to inform the jury that Polaris' counsel allegedly admitted that Samsung's Galaxy S2, Samsung's J phones, or Samsung's Tab A do not infringe the '117 Patent. (Dkt. No. 321, at 2.)

## III. Samsung's Disputed Motions *in Limine* (Dkt. No. 237)

Samsung's MIL No. 1: Preclude expert testimony not disclosed in expert reports.

This motion *in limine* is **WITHDRAWN**. (Dkt. No. 321, at 2.)

Samsung's MIL No. 2: Preclude evidence or argument relating to Samsung's IPR petition.

This motion *in limine* is **GRANTED**. (Dkt. No. 330, at 195:12–14.) Any party who wishes to discuss anything related to the Patent Trial and Appeal Board shall first approach and seek leave. (*Id.* at 195:14–18.)

Samsung's MIL No. 3: Preclude evidence or argument that violates the entire market value rule.

This motion *in limine* is **DENIED**. (*Id.* at 171:16–172:11.)

Samsung's MIL No. 4: Preclude evidence or argument concerning the doctrine of equivalents at trial other than regarding the limitation "sensing signal indicative of the ambient light level."

This motion *in limine* is **DENIED-AS-MOOT BY AGREEMENT OF THE PARTIES**. (*Id.* at 172:12–16.) As Samsung agrees that it will not contend that the accused products lack the claim limitation "a light sensor configured to sense ambient light and to output a sensing signal indicative of the ambient light," (as set forth in Polaris's MIL No. 6), Polaris will not offer evidence

of infringement under the doctrine of equivalents for this or any other claim limitation. (Dkt. No. 321, at 2.)

Samsung's MIL No. 5: Preclude evidence or argument concerning possibility of or scheduling of third-party depositions.

This motion *in limine* is **GRANTED BY AGREEMENT OF THE PARTIES**. (Dkt. No. 330, at 172:17–173:1.)

Samsung's MIL No. 6: Preclude evidence or argument of discovery deficiencies, violations, or spoliation.

This motion *in limine* is **GRANTED BY AGREEMENT OF THE PARTIES**. (*Id.* at 173:2–4.) However, the parties agree that raising an absence of proof, including documentation to support such proof, is not precluded. (Dkt. No. 321, at 2–3.)

Samsung's MIL No. 7: Preclude evidence or argument for the presumption of validity.

This motion *in limine* is **GRANTED**. (Dkt. No. 330, at 199:3–4.) This ruling does not preclude a party from reminding the jury of the instructions the Court provides to the jury. (*Id.* at 199:4–6.) However, any discussion of the appropriate legal standard that goes beyond the Court's prior instructions requires leave. (*Id.* at 199:6–8.)

Samsung's MIL No. 8: Preclude improper argument regarding the burden of proof.

This motion *in limine* is **GRANTED-IN-PART** and **DENIED-IN-PART BY AGREEMENT OF THE PARTIES**. (*Id.* at 173:10–174:5.) Specifically, the parties agree that they will not analogize the burdens of proof applicable to the issues in this case to the standard applied in family law cases to terminate parental rights or withdrawal of life support. (Dkt. No. 321, at 3.) The motion is otherwise **DENIED**. (Dkt. No. 330, at 174:6–10.)

Samsung's MIL No. 9: Preclude reference to a priority or reduction to practice date earlier than the date of filing of the provisional patent to which the '117 Patent claims priority.

This motion *in limine* is **WITHDRAWN BY AGREEMENT OF THE PARTIES**. (*Id.* at 201:17–202:6.)

Samsung's MIL No. 10: Preclude any comment on the failure to present live testimony from any unavailable witness, including Samsung witnesses in Korea.

This motion *in limine* is **DENIED-AS-MOOT BY AGREEMENTOF THE PARTIES**. (*Id.* at 174:15–18.) Specifically, the parties agree not to comment on the failure to present live testimony, as opposed to deposition testimony, from any Samsung witness residing in Korea. (Dkt. No. 321, at 3.)

Samsung's MIL No. 11: Preclude irrelevant testimony regarding timing and circumstances of device inspections.

This motion *in limine* is **DENIED**. (Dkt. No. 330, at 207:9–20.) The parties' experts may testify, within the scope of their reports, as to the testing that they did on any device and the conditions of that testing. (*Id.* at 207:20–23.) However, the Court expects to receive—and will sustain—an objection as to any testimony that strays beyond that into name-calling, statements as to timeliness or condition upon delivery, or similar statements to that effect. (*Id.* at 207:24–209:7.)

Samsung's MIL No. 12: Preclude evidence or argument emphasizing the nationality or place of residence of any party or witness.

This motion *in limine* is **GRANTED**. (*Id.* at 175:22–23.) The parties agreed not make references denigrating, disparaging, touting, or exalting unnecessarily on the nationality or place of residence of a party or witness, but comments as to the nationality or residency of the parties may be stated in opening and voir dire. (Dkt. No. 321, at 3.) The Court further added that the

parties may identify where someone lives or what their citizenship is as a purely factual matter without needless repetition. (Dkt. No. 330, at 175:23–176:8.)

Samsung's MIL No. 13: No testimony or argument regarding U.S. Patent No. 6,841,947 (or any related patents).

This motion *in limine* is **GRANTED BY AGREEMENT OF THE PARTIES**. (*Id.* at 176:13–17.) Specifically, the parties agree not to reference U.S. Patent No. 6,841,947 (or any related patents) at trial. (Dkt. No. 321, at 3.)

**DISPUTES AS TO PRE-ADMITTED EXHIBITS**

The Court **SET** a hearing on any remaining exhibit disputes for **Tuesday, June 11, 2019 at 9:00am**. (Dkt. No. 330, at 11:4–6, 210:8–9.) The Court **ORDERED** the parties to meet and confer regarding any such disputes and to file a joint notice of any remaining disputes **no later than 4:00pm on Monday, June 10, 2019**. (*Id.* at 11:14–23, 210:9–14.) In the event the parties resolve all remaining disputes by such time, the hearing shall be cancelled upon notice of the same. (*Id.* at 210:15–20.)

**So ORDERED and SIGNED this 7th day of June, 2019.**

RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE