# EXHIBIT 16

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| **STRAGENT, LLC,** *et al.*, | § | |
| | § | |
| v. | § | No. 6:11-cv-421-TBD-JDL |
| | § | |
| **INTEL CORPORATION.** | § | |

## AMENDED ORDER

The Court issues the instant Order to correct Doc. No. 272. Defendant Intel Corporation's Motion *in Limine* No.9 is **GRANTED.**

| Stragent Motions in Limine | Subject Matter | Disposition |
|---|---|---|
| 1 | Any evidence, testimony, argument, or reference to pending patent reexamination requests or proceedings regarding the patents-in-suit or related patents | **GRANTED** |
| 2 | Any evidence, testimony, argument, or reference to any patent not included in Intel's Second Supplemental Invalidity Contentions as evidence of invalidity | **GRANTED** as **INSTRUCTED** by the Court[1] |
| 3 | Any evidence, testimony, argument, or reference to any of Intel's patents, including, but not limited to the number of patents owned by Intel | **GRANTED** as **INSTRUCTED** by the Court[2] |
| 4 | Any argument or suggestion that Intel practices the prior art, including but not limited to any suggestion that Intel does not infringe because it practices the prior art or any evidence, or argument comparing the functionality of any Intel accused product to any purported prior art | **DENIED** |
| 5 | Any evidence, testimony, argument, or reference to the expert analysis, report, or opinion of Intel's excluded expert, Dr. Lorin Hitt, from any Intel witness, including Intel's damages expert, Ms. Mary Woodford | **DENIED**[3] |

---

[1] A reference not charted pursuant to P.R. 3-3 may not be used to prove anticipation or obviousness but may be used as to secondary considerations..
[2] Intel to approach the bench to extend beyond expert reports and Intel's general innovative nature.
[3] Ms. Woodford shall present her own opinions but may base those opinions on information provided by Dr. Hitt.

| Intel Motions in Limine | Subject Matter | Disposition |
|---|---|---|
| 1 | Evidence relating to Intel's consideration of BBN's offer to sell the patents | **DENIED** |
| 2 | References to Intel's Assertion of the Attorney-Client Privilege | **AGREED** by the parties as per Doc. No. 253 ¶ 1 |
| 3 | Evidence regarding unrelated BBN development work and military work | **AGREED** by the parties as per Doc. No. 253 ¶ 2 |
| 4 | New claim construction opinions in Dr. Stone's rebuttal report on invalidity | **DENIED** |
| 5 | Testimony by experts in unrelated cases and challenges to that testimony | **AGREED** by the parties as per Doc. No. 253 ¶ 3 |
| 6 | Evidence that the parties' counsel in this case represented parties in the Lattice case | **GRANTED** |
| 7 | Damages for alleged infringement of the asserted method claim | **GRANTED** |
| 8 | Evidence of invention before March 2001 | **AGREED** by the parties as per Doc. No. 253 ¶ 4 |
| 9 | References to the "clear and convincing" standard in the Texas Family Code | **GRANTED** |

**So ORDERED and SIGNED this 27th day of February, 2014.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE