## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | |
|---|---|
| **MOBILITY WORKX, LLC,**<br><br>                      **Plaintiff,**<br><br>      v.<br><br>**CELLCO PARTNERSHIP D/B/A**<br>**VERIZON WIRELESS,**<br><br>                      **Defendant.** | **Civil Action No.: 4:17-CV-00872-ALM**<br><br>**JURY TRIAL DEMANDED** |

## [PROPOSED] ORDER

Before the Court are Defendant Cellco Partnership d/b/a Verizon Wireless's ("Verizon") motions *in limine*. Having considered the parties' briefing, the Court finds that Verizon's motions *in limine* should be and hereby are GRANTED. The following are excluded:

Preclude references by Mobility to discovery disputes, including any suggestion that Verizon has not engaged in good-faith discovery, withheld, or failed to produce material to which Mobility claims to be entitled, and any reference to the assertion of objections or the assertion of privileges or confidentiality that occurred pre-trial or during discovery.

Exclude evidence and arguments on conspiracy theories.

Exclude arguments or expert testimony outside the context of the experts' Rule 26 reports, including new theories raised in Mobility's MSJ briefing and proposed supplemental expert reports.

Exclude any evidence, argument, or suggestion regarding the Court's claim construction order other than the constructions themselves, including any reference to the parties' positions, the Court's rationale, and arguments inconsistent with the Court's claim construction.

Exclude any discussion of the size, total value, net worth, or total revenue of Verizon or its suppliers, any mention of the price of what end users pay for cell phone service, or the total amount paid to Verizon by its wireless subscribers.

Exclude evidence, argument, or suggestion of copying or theft by Verizon or any of Verizon's vendors.

Exclude evidence, argument, or suggestion that any alleged conception date is earlier than July 31, 2002.

Exclude evidence, argument, or suggestion regarding expert witnesses who are not called at trial, or expert analyses conducted by experts for parties not in this case.

Exclude evidence, argument, or suggestion concerning the revenues or profits from products that are not accused products in this case.

Exclude discussion or introduction of exhibits not produced during discovery.

No reference to the presumption of validity at trial.

No reference to indemnification.

Exclude arguments that prior art does not qualify as prior art.

Exclude characterization of the burden of proof for the "clear and convincing" standard.

Exclude arguments/evidence regarding indirect infringement.

Exclude arguments/evidence regarding doctrine of equivalents.

Exclude arguments/evidence regarding Verizon's "Can you hear me now?" advertisements.

Exclude arguments/evidence/testimony regarding unaccused products and systems.

Exclude evidence, argument, or suggestion that commercial success, long-felt need, or other secondary considerations of non-obviousness have a nexus to asserted patents.