# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| MOBILITY WORKX, LLC, <br>   *Plaintiff*, <br> <br> v. <br> <br> CELLCO PARTNERSHIP D/B/A <br> VERIZON WIRELESS, <br>   *Defendant*. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | Civil Action No. 4:17-CV-00872 <br> Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant's Motion to Partially Strike Plaintiff's Witness List (Dkt. #159). Having considered the Motion and the relevant pleadings, the Court finds that Defendant's Motion is **DENIED**.

### BACKGROUND

This case concerns a series of patents. This opinion, however, does not concern those patents. Rather, this opinion concerns potential testimony should the jury find infringement of said patents. While the potential testimony is very factually explicit, a restatement of the alleged facts surrounding that testimony does not need to be as onerous. Simply put, Verizon, in defending against a potential damages award should the jury find infringement of the aforementioned patents, wishes to offer the jury a "comparable license" (the "T-Mobile License" or "License") to consider when making its decision on damages (Dkt. #163). The T-Mobile License is a license agreement Mobility Workx formerly entered regarding the same series of patents (Dkt. #159). Verizon claims that License may be used by the jury to determine the value of the patents at hand, should the jury be required to conduct a damages determination (Dkt. #163). Mobility Workx, opposes the disclosure of said T-Mobile License (Dkt. #163). Mobility Workx contends that the T-Mobile

License is not comparable because Mobility Workx was "forced" to agree to a settlement, rather than proceeding to trial (Dkt. #163). This forced settlement was predicated upon, Mobility Workx alleges, Mobility Workx' discovery that Michael J. Newton ("Newton"), counsel for Verizon in the instant proceeding and former counsel to T-Mobile in the former proceeding, had an undisclosed conflict of interest (Dkt. #163). According to Mobility Workx, upon its discovery of the matters surrounding Newton, Dr. Hernandez and Dr. Helal of Mobility Workx sought new counsel, reported the issues to the Department of Justice, and, in the interest of receiving some fiscal reward rather than obtaining nothing, settled for a sum that was "significantly less than the true value of the patents" (Dkt. #163). These facts illustrate why, to Mobility Workx, the T-Mobile License should be excluded altogether (Dkt. #163).

Verizon disagrees with the conclusion that the T-Mobile License should be excluded and instead intends to offer the License to the jury as comparable means to reach a damages determination should the jury need to assess damages (Dkt. #159). In response, Mobility Workx designated Newton, Verizon's current counsel, as one of its potential witnesses to illustrate why the T-Mobile License is not comparable (Dkt. #138). This decision led to the current dispute. On October 23, 2019, Verizon filed Defendant's Motion to Partially Strike Plaintiff's Witness List (Dkt. #159). Verizon argues that Mobility Workx' decision to include Newton on its witness list (Dkt. #138) is impermissible (Dkt. #159). Specifically, Verizon maintains that Mobility Workx' desire to call Newton is merely founded upon conjecture and a "conspiracy theory that lacks any evidentiary or factual basis" (Dkt. #159). Further, Verizon argues that allowing Newton to be called as a witness could potentially disqualify Newton under Rule 3.08 of the Texas Disciplinary Rules of Professional Conduct (Dkt. #159). Finally, regardless of whether Newton is disqualified,

Verizon argues that permitting Mobility Workx to call Newton as a witness could present "an extremely high risk of juror confusion" (Dkt. #159). Mobility Workx disagrees.

On October 30, 2019, Mobility Workx filed its response (Dkt. #163). In response, Mobility Workx argues that it has the right to offer the jury all the evidence surrounding the signing of the T-Mobile License (Dkt. #163). This evidence includes, Mobility Workx argues, the allegations surrounding Newton which Mobility Workx' believes compel the conclusion that the T-Mobile License is not comparable and "does not reflect the true value of the patents-in-suit" (Dkt. #163). Further, Mobility Workx argues that it is irrelevant whether the facts are true or not; what is relevant, Mobility Workx continues, is "Mobility's state of mind" as it entered into negotiations surrounding the T-Mobile License (Dkt. #163). The Court now considers Verizon's Motion.

## LEGAL STANDARD

Pursuant to Federal Rule of Evidence Rule 104: "The court must decide any preliminary question about whether a witness is qualified, a privilege exists, or evidence is admissible. In so deciding, the court is not bound by evidence rules, except those on privilege." FED. R. EVID. 104.[1] Rule 602 further provides that: "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may consist of the witness's own testimony. This rule does not apply to a witness's expert testimony under Rule 703." FED. R. EVID. 602. Finally, Texas Rule of Disciplinary Conduct 3.08(a)[2] provides that "[a] lawyer shall not accept or continue employment as an advocate before a tribunal in a contemplated or pending adjudicatory proceeding if the lawyer knows or believes that the lawyer is or may be a witness necessary to establish an essential fact on

---

[1] Neither Verizon nor Mobility Workx provide the Court with much legal authority for their arguments.
[2] While the Court has not been adequately briefed on whether Newton would need to be disqualified should he testify, Rule 3.08 is still relevant here because of the potential that 3.08 may be invoked at a later date.

3

behalf of the lawyer's client." *Diamond Consortium, Inc. v. Manookian*, No. 4:16-cv-00094 (E.D. Tex. May 31, 2017) (citing TEX. DISCIPLINARY R. PROF'L CONDUCT 3.08(a)).

## ANALYSIS

Before the Court is a simple question: whether Mobility Workx is entitled to call Newton as a witness to testify to the T-Mobile License. There are two competing interests at work here. On one hand, there is the right to counsel-of-choice, when permissible. *See F.D.I.C. v. U.S. Fire Ins. Co.*, 50 F.3d 1304 (5th Cir. 1995). On the other hand, there is the right to offer relevant evidence that either supports one's case or qualifies, explains, or puts in context otherwise prejudicial evidence. FED. R. EVID. 402. The Court need not reach the question of whether Verizon may lose its choice of counsel at this particular moment. In this instance, however, the Court is of the opinion that the right to introduce relevant evidence prevails over the threat that Verizon may lose one of its numerous attorneys.

Newton has testimony that is relevant, and based on his personal knowledge, that goes directly to the T-Mobile License. *See* FED. R. EVID. 602. Importantly, that knowledge is only put into dispute because of Verizon's decision to place the T-Mobile License into the evidentiary mix. Thus, this is an issue of Verizon's own making. To be sure, Verizon recognizes this itself. *See* Dkt. #159 ("Mobility['s] sole reason for including Mr. Newton is its attempt to explain away a prior license to the patents-in-suit by alleging that the prior licensee, T-Mobile, and Mr. Newton were conspiring with Mobility's prior counsel and its patent brokers to defraud Mobility."). Notably, Verizon does not contest that Newton has personal knowledge of Mobility Workx' claims. Rather, Verizon spends its time attempting to discredit the substance of Mobility Workx' claims in an attempt to persuade the Court that any need for Newton is baseless. The Court is unpersuaded. If the claims are as factually unsupported as Verizon contends, then cross-

examination will reveal that.  But if Verizon wants to offer the T-Mobile License to the jury as evidence of a comparable rate, then Mobility Workx should be permitted to provide what it contends is relevant context in defense—namely, evidence of why "Mobility's state of mind" (Dkt. #163) during the negotiation process was what Mobility Workx' claims it was.  The jury can then determine whether Mobility Workx' state of mind argument passes muster.

This leads to the question surrounding the other competing interest in this case: counsel-of-choice.  The Court recognizes that permitting Mobility Workx to potentially call Newton puts Newton at risk of facing disqualification pursuant to Texas Rule of Disciplinary Conduct 3.08(a).  The Court does not take such matters lightly.[3]  The text of 3.08, however, is clear.  If an attorney is a necessary witness, then that attorney may not continue his or her representation.  TEX. DISCIPLINARY R. PROF'L CONDUCT 3.08(a).  This statement contains an underlying premise: the right to have a witness testify to relevant facts, when that witness is *necessary*, is of a superior interest to one's counsel of choice.  *Id.*  Thus, at the outset, the Court notes that while Verizon is correct that it should receive the right to the counsel of its choice, when possible, that argument alone does not defeat Mobility Worx's interest in offering relevant evidence.  With that being said, the Court has not been briefed on whether Newton is a necessary witness who must be disqualified.  Having not received guidance on such question, the Court does not find it prudent to resolve such issue at this time, if that indeed becomes an issue.  Rather, it is sufficient, at this moment, to determine that Newton should not be stricken from Mobility Workx' witness list.  Verizon's Motion is accordingly denied.

---

[3] The Court is additionally guided by the fact that, if disqualification were required, Verizon has a plethora of other counsel that can represent it.

## CONCLUSION

It is therefore **ORDERED** that Defendant's Motion to Partially Strike Plaintiff's Witness List is **DENIED** (Dkt. #159).

**SIGNED this 18th day of November, 2019.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE