IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **MOBILITY WORKX, LLC,** <br><br> Plaintiff, <br><br> v. <br><br> **CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS,** <br><br> Defendant. | Civil Action No.: 4:17-CV-00872-ALM <br><br> JURY TRIAL DEMANDED |

## JOINT PRETRIAL ORDER

Pursuant to Rule 16 of the Federal Rules of Civil Procedure and the Court's Amended Scheduling Order (Dkt. 88), Plaintiff Mobility Workx, LLC ("Mobility") and Defendant Cellco Partnership d/b/a Verizon Wireless ("Verizon") submit this Proposed Joint Pretrial Order for the trial in Case No. 4:17-CV-00872-ALM.

### I. COUNSEL FOR THE PARTIES

Attorneys for Plaintiff Mobility:

Michael Machat
Michael@machatlaw.com
Machat & Associates, PC
8730 W. Sunset Blvd., Ste. 250
West Hollywood, CA 90069
Telephone: 310-860-1833

Philip H. Stillman
pstillman@stillmanassociates.com
Stillman & Associates
3015 North Bay Road, Suite B
Miami Beach, FL 33139
Telephone: 888-235-4275

Attorneys for Defendant Verizon:

Ross R. Barton (NC Bar No. 37179)
ALSTON & BIRD LLP
101 South Tyron Street, Suite 4000
Charlotte, North Carolina, 28280
Phone: (704) 444-1000
Fax:    (704) 444-1111
ross.barton@alston.com

Michael J. Newton (CA Bar No. 156225)
ALSTON & BIRD LLP
950 Page Mill Road
Palo Alto, CA 94304
Phone: (650) 838-2000
Fax: (650) 838-2001
mike.newton@alston.com

Sang (Michael) Lee (TX Bar No. 24083378)
ALSTON & BIRD LLP
2200 Ross Avenue, Suite 2300
Dallas, Texas 75201
Phone: (214) 922-3400
Fax: (214) 922-3899
michael.lee@alston.com

Darlena H. Subashi (NC Bar No. 53142)
ALSTON & BIRD LLP
90 Park Avenue
New York, NY  10016
Phone: (212) 210-1277
Fax: (212) 210-9444
darlena.subashi@alston.com
*Admitted to practice in North Carolina and Massachusetts only.

E. Leon Carter (TX Bar No. 03914300)
Scott W. Breedlove (TX Bar No. 00790361)
CARTER ARNETT PLLC
8150 N. Central Expressway, Suite 500
Dallas, TX 75206
Phone: (214) 550-8188
Fax: (214) 550-8185
lcarter@carterarnett.com
sbreedlove@carterarnett.com

## II. STATEMENT OF JURISDICTION

The Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, including 35 U.S.C. § 1 *et seq*. Subject matter jurisdiction, personal jurisdiction, and venue are not disputed in this case.

## III. NATURE OF THE ACTION

This is an action for alleged infringement of Mobility's patents wherein Mobility will seek to prove that Verizon infringes the asserted claims of the two asserted patents in this case: U.S. Patent Nos. 8,213,417 ("the '417 patent"); and 7,231,330 ("the '330 patent") (collectively the "Asserted Patents"). Mobility contends that Verizon's infringement of the Asserted Patents entitles Mobility to damages in an amount of no less than a reasonable royalty from the time Verizon began infringing each of the Asserted Patents, until the jury renders a verdict in this case. In addition, Mobility contends that Verizon's infringement of the Asserted Patents has been willful and that this case is exceptional entitling Mobility to its costs, attorneys fees, and treble damages.

Verizon contends that Mobility's patents are not infringed and are invalid. Verizon further contends that Mobility cannot show that any pre or post-suit willful infringement occurred. Verizon opposes Mobility's claims for damages and further contends that this case is exceptional entitling Verizon to its costs and attorney fees.

## IV. CONTENTIONS OF THE PARTIES

The Parties set forth below a summary of their contentions for trial. The Parties do not necessarily agree with each other's summaries and contentions for trial and reserve all rights and objections.

## A. Plaintiff Mobility's Contentions

*Infringement claims and damages:*

1. Mobility is the owner of the Asserted Patents and contends Verizon infringes one or more of the following claims (collectively, the "Asserted Claims"):

    a. Claims 1, 4, and 7 of the '417 patent

    b. Claims 1, 3, and 4 of the '330 patent

2. Verizon is prevented from introducing evidence exactly how its network operates due to its intentional deliberate failure to disclose such evidence during discovery.

3. Verizon's 112 defenses fail as a matter of law, and Verizon should be precluded from introducing evidence or argument about the invalidity of the asserted claims based on indefiniteness and enablement. Verizon has failed to produce any discovery concerning such claims.

4. Verizon's infringement of each of the two patents is willful.

5. Mobility is entitled to its costs and attorneys' fees in prosecuting this action.

6. Due to Verizon's willful infringement of either or both of the patents, this case is exceptional and Mobility is entitled to treble damages.

7. Verizon should be required to specify exactly which prior art references it plans to assert at trial and not be able to assert more than 3 prior art references per patent.

## B. Defendant's Contentions

1. Verizon does not and has not infringed any valid Asserted Claims of any Asserted Patents.

2. Each of the Asserted Claims of each of the Asserted Patents is invalid because they are anticipated.

3. Each of the Asserted Claims of each of the Asserted Patents is invalid because they are obvious in view of the prior art.

4. Each of the Asserted Claims of each of the Asserted Patents is invalid because they are indefinite.[1]

5. Each of the Asserted Claims of each of the Asserted Patents is invalid because the specification lacks an enabling disclosure.

6. Mobility's claims for infringement other than direct, literal infringement are barred for failure to allege infringement under any other theory during discovery.

7. Mobility waived any claim for infringement under the doctrine of equivalents.

8. Mobility is not entitled to any of the recovery it seeks.

9. Mobility is not entitled to any other costs or further relief.

10. Verizon is entitled to its costs and attorneys' fees in defending against this action.

## V. STIPULATIONS AND UNCONTESTED FACTS

### A. Parties

1. Plaintiff Mobility Workx, LLC is a limited liability company organized and existing under the laws of the State of Florida.

2. Defendant Cellco Partnership d/b/a Verizon Wireless is a Delaware general partnership with its principal place of business in Basking Ridge, New Jersey.

### B. Patents

1. The '417 patent, is titled "System, Apparatus, and Methods for Proactive Allocation of Wireless Communication Resources," and was issued by the PTO on July 3, 2012. The

---

[1] Verizon does not intend to present this issue to the jury in light of the Court's claim construction but includes it out an abundance of caution to avoid any argument over waiver.

application leading to the '417 patent was filed on March 5, 2010, claiming priority to July 31, 2003. Mobility owns the '417 patent by assignment. The named inventors on the '417 patent are Edwin A. Hernandez-Mondragon and Abdelsalam A. Helal.

2. The '330 patent, is titled "Rapid Mobility Network Emulator Method and System," and was issued by the PTO on June 12, 2007. The application leading to the '330 patent was filed on August 2, 2004, claiming priority to July 31, 2003. Mobility owns the '330 patent by assignment. The named inventors on the '330 patent are Edwin A. Hernandez-Mondragon and Abdelsalam A. Helal.

**C. Stipulation for Trial Management Procedures**

The parties agree to the following trial management procedures.

1. <u>Demonstratives for Opening and Direct Examination.</u> The Parties will exchange copies of all documentary, graphic, slide (including builds), animation, diagram, chart, illustration, video, and any other form of Demonstratives they plan to use at trial for use during direct examination or opening statements—but not for cross-examination—by 7:00 pm the night before their intended use. In other words, if a Demonstrative is expected to be used on a Wednesday, it must be exchanged or made available by 7:00 pm on Tuesday. The Parties shall exchange objections to these demonstratives by 9:00 pm on the day the demonstratives are received. Demonstratives previously displayed in the course of the trial need not be disclosed again. Reasonable nonsubstantive edits or corrections of typographical and similar errors to demonstrative exhibits may be made to such exhibits prior to such use.

    a. "Demonstratives" are exhibits specifically created for the purpose of the trial and for illustrative purposes only, and do not include (1) demonstratives created in the courtroom during testimony or opening at trial, except that the parties must disclose

          builds of slides pursuant paragraph 1 above; or (2) the enlargement, highlighting, ballooning, underlining, or the like, of trial exhibits or transcripts of trial testimony, or transcripts of deposition testimony for which objections have been cleared. Demonstrative exhibits need not be included in the Parties' respective exhibit lists.

    b. Demonstratives must be cleared of outstanding objections before being shown to the jury.

    c. The parties agree that they are not required to exchange or identify demonstratives or exhibits to be used with any witness on cross-examination.

    d. The parties agree there is no requirement to prepare a binder of evidence or demonstratives for a witness; however, if a party provides a binder to a witness, the party will provide one copy to the opposing side when the witness takes the stand.

    2.    <u>Non-Documentary and/or Live Demonstratives.</u> The Parties will make available for inspection all non-documentary demonstratives or live demonstrations, such as physical exhibits, physical prior art or physical products, they plan to use at trial for use during direct examination or opening—but not for cross-examination— by 7:00 pm two nights before their intended use. In other words, if a non-documentary demonstrative is expected to be used on a Wednesday, it must be exchanged or made available by 7:00 pm on Monday. The Parties shall exchange objections to these non-documentary demonstratives or live demonstrations by 8:30 pm the night before their intended use. Demonstratives exchanged will not be used by the opposing party prior to being used by the disclosing party.

    3.    <u>Depositions</u>. For video witnesses, the Parties will provide a list of any deposition designations to be played by 7:00 pm two days before the designation is to be played. Counter-designations and objections are due by 9:00 pm and objections to the 9:00 pm counter-designations

are due by 9:30 pm the same evening. Any unresolved objections will be raised with the Court the next morning (the day before the designations are to be read or played). The sponsoring party shall prepare the designated portions of the depositions for presentation at trial. The time available for each side's trial presentation shall be reduced by the length of its designations or counter-designations actually played or read at trial. Time shall be measured by the amount of time of each party's designations.

4. <u>Notice of Intent to Rest</u>. A party will provide to the Court and the other parties a good-faith notice that it expects to rest by 5 pm (or prior to leaving court) the day before that party expects to rest and provide a good-faith estimate of how much additional trial time the party expects to use before resting.

5. <u>Use of Pre-Admitted Exhibits During Opening</u>. The parties agree that any exhibit pre-admitted at the time of opening statements may be shown to the jury during opening statements if the exhibit will be the subject of testimony and explained to the jury by a witness at trial.

6. <u>Meet-and-Confer; Submitting Objections to Court.</u> The Parties will meet and confer regarding any objections at 9:30 pm the night the responding party provides their objections. Any surviving disputes that cannot be resolved through the meet and confer process will be brought to the Court's attention by way of email directed to the Court's law clerks no later than 10:30 pm. Argument on remaining issues will be heard before the jury is brought in.

7. Each party reserves the right to use exhibits and deposition designations from the other party's trial exhibit list and designations, even if not separately listed on its own list. Each party also reserves the right to use deposition counter designations as part of its affirmative designations, and any affirmative or rebuttal deposition designations as counter designations. The parties also agree that each deposition will be played in order of the witness's testimony at the

deposition, rather than, e.g., playing all initial designations followed by all counter designations. The demonstrative exhibits the Parties intend to use at trial do not need to be included on their respective exhibit lists. The Parties also agree that any description of a document on an exhibit list is provided for convenience only and shall not be used as an admission or otherwise as evidence regarding the document.

8. <u>Treatment of Confidential Information.</u> The parties agree to abide by the procedures set forth in this case's Protective Order (Dkt. 32) to prevent public disclosure of documents containing information designated as Confidential or Confidential – Outside Attorneys' Eyes Only and/or testimony eliciting such information. For the sake of the avoidance of confusion, however, Verizon agrees that Dr. Hernandez and Dr. Helal will, as Mobility's corporate representatives, be permitted to remain in the courtroom when it is sealed.

### D. Stipulations on Authenticity of Documents and Exhibits

The parties are continuing to work on stipulations regarding the authenticity of exhibits and prior art status so as to limit the disputes before the Court.

## VI. CONTESTED ISSUES OF FACT AND LAW

The parties identify the following issues that remain to be litigated. To the extent any issue of law discussed below is deemed to be an issue of fact, or any issue of fact is deemed to be an issue of law, it is incorporated into the appropriate section. The parties reserve the right to identify additional factual or legal issues that arise, including those issues raised in any motions *in limine*. The parties reserve all rights and objections.

### A. Mobility's Contested Issues

1. Whether Verizon infringes one or more claims of each of the Asserted Patents.

2. Whether Verizon's infringement of either of the Asserted Patents was willful.

3. Whether the Asserted Patents are valid.

4. What is the proper level of ordinary skill in the art to which the Asserted Patents pertain.

5. Whether Mobility is entitled to damages to compensate for the Verizon's alleged infringement and, if so, the amount of such damages.

6. Whether Mobility is entitled to pre-lawsuit damages for either of the Asserted Patents.

7. Whether this case is exception under 35 U.S.C. § 285 such that Mobility is entitled to recover enhanced damages, and, if so, in what amount.

8. Whether Mobility is entitled to its attorney fees, and, if so, in what amount.

9. Whether Mobility is entitled to recover its costs and in what amount.

**B.    Verizon's Contested Issues**

1. Whether the Asserted Claims of each of the Asserted Patents are invalid because they are anticipated by the prior art.

2. Whether the Asserted Claims of each of the Asserted Patents are invalid because they are obvious in view of the prior art.

3. Whether the Asserted Claims of each of the Asserted Patents are invalid because they are indefinite.

4. Whether the Asserted Claims of each of the Asserted Patents are invalid because they are not enabled by the specification.

5. What is the proper level of ordinary skill in the art to which the Asserted Patents pertain.

6. Whether Verizon infringes any Asserted Claims of the Asserted Patents, in any fashion.

7. Whether Mobility's claims for infringement other than direct, literal infringement are barred for failure to allege infringement under any other theory during discovery.

8. Whether Mobility is entitled to recover a reasonable royalty on its claims of patent infringement and, if so, in what amount.

9. Whether Mobility is entitled to recover damages for infringement occurring prior to the date on which it provided actual notice.

10. Whether either side is entitled to recover their attorney's fees and costs and, if so, in what amount.

11. Whether Mobility is entitled to recover enhanced damages under 35 U.S.C. § 285 and, if so, in what amount.

12. Whether Mobility is entitled to pre- or post-judgment interest and, if so, in what amount.

13. Whether either side is entitled to recover costs of court and, if so, in what amount.

## VII. CONTESTED PROPOSALS FOR TRIAL MANAGEMENT PROCEDURES

After meeting-and-conferring, the parties were unable to reach resolution on the following disputed trial management procedures. Each side's competing proposals is set forth below, with the differences between the proposals highlighted:

| Procedure For Disclosure Of Witnesses | |
|---|---|
| **Plaintiff's Proposal** | **Defendant's Proposal** |
| 1. The Parties will identify witnesses to be called live and by deposition prior to start of trial. | 1. The Parties will identify witnesses to be called live and by deposition (in the order of call) at 7:00 pm, two nights before the day of trial during which the witnesses are expected |

| | to testify. In other words, if a party expects to call a witness to testify on a Wednesday, the witness must be identified by 7:00 pm on Monday. The parties will also exchange lists of exhibits they intend to use during direct examination or by witnesses called by designation by 7:00 pm the night before their intended use, and an identification of the witnesses each such exhibit will be used with on direct examination or by designation. The parties shall exchange any objections by 9:00 pm on the day the lists are received. |
|---|---|

**Plaintiff's Position:** There are only a few witnesses per side in this trial. Thus, there is no need to hamper either side into preselecting the order of witnesses. Both sides have ample time to prepare for the small selection of witnesses. Plaintiff has witnesses that are traveling from abroad and out of state, and there could be timing issues. There is no need to constrain counsel's flexibility in the order of calling witnesses. There are only a few for each side to be prepared to cross-examine.

Further, all the exhibits are on the Exhibit List by definition have been disclosed. There are not that many exhibits in this case to be concerned about. Counsel should be able to use any exhibit on the exhibit list if the need arises and the need to use any particular exhibit may not become apparent until the witness is on the witness stand and something unexpectedly or goes off on a tangent. In that case there is no reason to preclude an attorney from questioning a witness using a pre-identified exhibit. To the extent that defendant is suggesting that exhibits have to be identified for an adverse witness called by a parties case in chief, that would be inconsistent with the parties stipulation above. Also, if there is no need to show in advance exhibits to be used for cross, there should be no need to show in advance exhibits to be used for direct examination. The same rule should flow both ways.

**Defendant's Position:** Defendant's proposal minimizes the risk of trial-by-surprise during direct examination by requiring the parties to identify the witnesses it intends to call either live or by designation in sufficient time to allow the other side to prepare cross examinations and to understand the order in which a party intends to present its case. Defendant's proposal also contemplates a disclosure of the exhibits it intends to use with the witnesses, and provides timing and a framework for the identification and resolution of objections. This allows the parties to make the most efficient use of the jury's time while avoiding incurable prejudice caused by the surprise introduction of objectionable exhibits. Plaintiff's proposal, on the other hand, invites objections to exhibits when they are used and appears designed to allow a party to conceal the sequence of witnesses and nature of exhibits that it intends to use on *direct examination*. Defendant's position, which is by far the more standard way of litigating cases in this District, should be adopted.

| Exhibit Lists ||
|---|---|
| **Plaintiff's Proposal** | **Defendant's Proposal** |
| 2. The parties will also exchange lists of exhibits prior to trial. | N/A |

**Plaintiff's Position:**

**Defendant's Position:** Plaintiff's proposal is not needed if the Court adopts Defendant's proposal regarding the disclosure of witnesses, which proposal also includes express language setting forth the timing and procedure for the disclosure of exhibits. To the extent that Plaintiff's proposal simply calls for the exchange of exhibit lists, it is not necessary as there already exists a date for the exchange of exhibit lists, which is concurrent with the date for the filing of this Joint Pretrial Order. To the extent that Plaintiff intends this section to be read with the one involving the disclosure of witnesses to simply require that witnesses and exhibit lists be exchanged prior to

trial, Plaintiff's proposal lacks the requisite timing and framework to allow for the parties to efficiently resolve disputes prior to the presentation of witnesses and exhibits to the jury. In addition, Plaintiff's proposal does not specify whether the list is to include exhibits that it actually intends to use, which means that Plaintiff's proposal contemplates nothing more than the re-service of the Parties' exhibit lists at some unspecified date prior to trial. For these reasons, Defendant's proposal should be adopted.

| **Exhibits Admitted During Trial** ||
|---|---|
| **Plaintiff's Proposal** | **Defendant's Proposal** |
| 3. The Parties agree to exchange lists of any exhibits used before the jury during trial that day (to be read into the record the next morning) by 7:00 pm, or within two hours after the end of that day's proceedings, whichever is later. The Parties will exchange any objections to the other side's list by 9:00 pm or two hours after the other parties' exchange. | 3. The Parties agree to exchange lists of any exhibits used before the jury during trial that day (to be read into the record the next morning) by 7:00 pm. The Parties will exchange any objections to the other side's list by 9:00 pm. |

**Plaintiff's Position:**

Plaintiff does not know how long trial may last on any given day, thus the addition of two hours after that day's proceedings or by 7PM, whichever is later.

**Defendant's Position:** Defendant's proposal provides a time-certain for the exchange of exhibits used each day and a time-certain for the service of objections. There is no need to introduce floating deadlines during a trial.

| **Closing Exhibits And Demonstratives** ||
|---|---|
| **Plaintiff's Proposal** | **Defendant's Proposal** |
| 4. The parties agree that any exhibit admitted into evidence, trial transcripts, deposition designations played at trial, or demonstratives previously used or disclosed and not subject to | 4. Closing Exhibits and Demonstratives. The parties agree that any exhibit that was used during the trial and moved in evidence, trial transcripts, deposition designations played at |

14

| | |
|---|---|
| outstanding objection during the trial may be shown to the jury during closing statements without any additional disclosure. Any demonstratives that will first be shown to the jury during the closing statements must be disclosed ==prior to closing== and objections to any such disclosed closing demonstratives are due ==prior to closing arguments== but at least two hours before the parties' closings commence, and objections to any such disclosed closing demonstratives should be raised no later than 90 minutes before the parties' closings commence. | trial, or demonstratives previously used or disclosed and not subject to outstanding objection during the trial may be shown to the jury during closing statements without any additional disclosure. Any demonstratives that will first be shown to the jury during the closing statements must be disclosed by 8:00 pm on [date to be agreed upon when trial is set], and objections to any such disclosed closing demonstratives are due by 9:00 p.m. that same day, with the understanding that closings will commence on [date to be agreed upon when trial is set]. If the parties are ready to close or otherwise directed to close on [date to be agreed upon when trial is set] or some other day, then any demonstratives that will first be shown to the jury during the closing statements must be disclosed two hours before the parties' closings commence, and objections to any such disclosed closing demonstratives should be raised no later than 90 minutes before the parties' closings commence. |

**Plaintiff's Position:** There is no need to restrict so sharply the use of demonstratives. One party may develop an idea after the arbitrary deadline suggested by defendants, and the expression of that idea should not be precluded just because it comes after an artificial deadline. If a proposed demonstrative is objectionable, it will only take a few minutes to discuss.

**Defendant's Position:** Defendant's proposal limits the use of exhibits during closing arguments to those exhibits that were *actually used* during trial and moved into evidence. This is in contrast to Plaintiff's proposal, which would permit the use of pre-admitted exhibits that were not actually used during trial or moved into evidence. There is no reason to permit new evidence to be introduced during closing arguments. Defendant's proposal also sets forth a specific timeline for the disclosure of demonstratives to be used during closing arguments and a procedure for the resolution of objections to these demonstratives. Once again, Plaintiff's proposal fails to include

a procedure for the efficient and orderly resolution of objections. Defendant's proposal should be adopted.

| Deposition Designations | |
|---|---|
| **Plaintiff's Proposal** | **Defendant's Proposal** |
| 6. Each party reserves the right to use exhibits and deposition designations from the other party's trial exhibit list and designations, even if not separately listed on its own list. Each party also reserves the right to use deposition counter designations as part of its affirmative designations, and any affirmative or rebuttal deposition designations as counter designations. The parties agree each side may edit out attorney objections from the deposition clips. The parties also agree that each deposition will be played in order of the witness's testimony at the deposition, rather than, e.g., playing all initial designations followed by all counter designations. The demonstrative exhibits the Parties intend to use at trial do not need to be included on their respective exhibit lists. The Parties also agree that any description of a document on an exhibit list is provided for convenience only and shall not be used as an admission or otherwise as evidence regarding the document. | 6. Each party reserves the right to use exhibits and deposition designations from the other party's trial exhibit list and designations, even if not separately listed on its own list. Each party also reserves the right to use deposition counter designations as part of its affirmative designations, and any affirmative or rebuttal deposition designations as counter designations. The parties agree to edit out attorney objections from the deposition clips. The parties also agree that each deposition will be played in order of the witness's testimony at the deposition, rather than, e.g., playing all initial designations followed by all counter designations. The demonstrative exhibits the Parties intend to use at trial do not need to be included on their respective exhibit lists. The Parties also agree that any description of a document on an exhibit list is provided for convenience only and shall not be used as an admission or otherwise as evidence regarding the document. |

**Plaintiff's Position:** Plaintiff's version here permits each side to decide if they want to edit out the objections of counsel or not. That should be a decision left up to the presenting side.

**Defendant's Position:** Defendant's proposal requires the parties to edit attorney objections out of depositions clips, as any objection to a deposition designation not raised by the objecting party and ruled on by the Court has not only been waived, but is also likely to confuse the jury. Plaintiff appears to want to present attorney objections in deposition clips, which will unnecessarily confuse the jury. Defendant's proposal should be adopted.

**Court Order**: The parties shall edit attorney objections out of depositions clips.

**VIII.   LIST OF WITNESSES**

      **A.   Mobility's Witness List**

Mobility's Witness List is attached as Exhibit A.

      **B.   Defendant's Witness List**

Verizon's Witness List is attached as Exhibit B.

**IX.   EXHIBIT LIST**

The parties have exchanged exhibit lists. The parties agree to exchange final exhibit lists by no later than [[DATE]].[2] The parties also agree to meet and confer in good faith regarding any changes to the final exhibit lists following that date.

---

[2] The parties will agree on this date when a trial date is set in this case.

## XI. LENGTH OF TRIAL

Verizon estimates that the trial will last 5 days. Mobility estimates that the trial may take 6 to 8 days.

Mobility believes that the parties should receive:
- 60 minutes per side in *voir dire*;
- 60 minutes per side for opening statements;
- 60 minutes per side for closing argument; and
- 20 hours per side, excluding openings, closings, and *voir dire*.

Verizon believes that the parties should receive:
- 30 minutes per side in *voir dire*;
- 45 minutes per side for opening statements;
- 45 minutes per side for closing argument; and
- 12 hours per side, excluding openings, closings, and *voir dire*.

The Court Orders that each party shall receive:
- Untimed *voir dire*;
- 60 minutes per side for opening statements;
- 60 minutes per side for closing argument; and
- 16 hours per side, excluding openings, closings, and *voir dire*.

## XII. CERTIFICATIONS

Defendant's counsel hereby certifies and acknowledges (a), (b), and (c) below. Plaintiff's counsel likewise certifies and acknowledges (a), (b), and (c), below, but disagrees that (a) and (b) below have been complied with by defendants. To the contrary, Plaintiff will be filing a motion in limine seeking to preclude defendants from introducing evidence that has not been disclosed in accordance with the FRCP, the Local Rules and the Court's orders.

(a) Full and complete disclosure has been made in accordance with the Federal Rules of Civil Procedure, the Local Rules, and the Court's orders.

(b) The parties have complied with discovery limitations set forth in the Federal Rules of Civil Procedure, the Local Rules, and the Court's orders.

(c) Except as otherwise agreed or ordered, counsel for each party will provide the following certification when the respective exhibit list is filed. Each exhibit in the List of Exhibits: (a) is in existence, (b) will be numbered, and (c) has been disclosed and shown to opposing counsel.

Dated: September 10, 2019

Respectfully submitted,

By: */s/ Ross R. Barton*
Ross R. Barton (NC Bar No. 37179)
ALSTON & BIRD LLP
101 South Tyron Street, Suite 4000
Charlotte, North Carolina, 28280
Phone: (704) 444-1000
Fax: (704) 444-1111
ross.barton@alston.com

Michael J. Newton (CA Bar No. 156225)
ALSTON & BIRD LLP
950 Page Mill Road
Palo Alto, CA 94304
Phone: (650) 838-2000
Fax: (650) 838-2001
mike.newton@alston.com

Sang (Michael) Lee (TX Bar No. 24083378)
ALSTON & BIRD LLP
2200 Ross Avenue, Suite 2300
Dallas, Texas 75201
Phone: (214) 922-3400
Fax: (214) 922-3899
michael.lee@alston.com

Darlena H. Subashi (NC Bar No. 53142)
ALSTON & BIRD LLP
90 Park Avenue
New York, NY 10016
Phone: (212) 210-1277
Fax: (212) 210-9444
darlena.subashi@alston.com
*Admitted to practice in North Carolina and Massachusetts only.

E. Leon Carter (TX Bar No. 03914300) Scott W. Breedlove (TX Bar No. 00790361)
CARTER ARNETT PLLC
8150 N. Central Expressway, Suite 500
Dallas, TX 75206
Phone: (214) 550-8188
Fax: (214) 550-8185
lcarter@carterarnett.com
sbreedlove@carterarnett.com

*Attorneys for Defendant Cellco Partnership, D/B/A Verizon Wireless*

By: */s/ Michael Machat*
Michael Machat (CA Bar No. 109475) Machat & Associates, PC
8730 W. Sunset Blvd., Ste. 250
West Hollywood, CA 90069
Telephone: 310-860-1833
Fax: 310-860-1837
Michael@machatlaw.com

Philip H. Stillman (CA Bar No. 152861)
Stillman & Associates
3015 North Bay Road, Suite B
Miami Beach, FL 33139
Telephone: 888-235-4275
Fax: 888-235-4279
pstillman@stillmanassociates.com

*Attorneys for Plaintiff Mobility Workx, LLC*

**SIGNED this 22nd day of November, 2019.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE