IN THE UNITED STATES DISTRICT
COURT FOR THE EASTERN DISTRICT
OF TEXAS SHERMAN DIVISION

| | |
|---|---|
| MOBILITY WORKX, LLC,<br><br>      Plaintiff,<br><br>v.<br><br>CELLCO PARTNERSHIP D/B/A<br>VERIZON WIRELESS,<br><br>      Defendant. | Case No.: 4:17-CV-00872 ALM<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF MOBILITY'S  MOTION TO VACATE THE STAY AND/OR IN THE**

**ALTERNATIVE FOR LEAVE TO AMEND THE COMPLAINT**

| TABLE OF CONTENTS | PAGE |
|---|---|

| | | |
|---|---|---|
| I. | Introduction | 1 |
| II. | Procedural Background | 1 |
| III. | Legal Standard | 2 |
| IV. | Relevant Factors Why this Case Should be Bifurcated. | 4 |
| | A. The evidentiary issues are completely different; there is no overlap of evidence. | 4 |
| | B. The patents are completely different. | 5 |
| | C. Having two trials avoids juror confusion and avoids information overload. | 5 |
| | D. There would be no prejudice to Verizon if there were separate trials. Neither party would obtain an unfair advantage from separate trials. | 6 |
| | E. Preservation of Evidence and Witness Availability | 7 |
| | F. Bifurcating the case would be more convenient for the Court's calendar. | 7 |
| | G. Bifurcating the patents would greatly expedite the case and be more economical. It would prevent delay. | 8 |
| V. | If the two patents are bifurcated, Fed. R. Civ. P. 54(b) permits separate judgments, further expediting the resolution of the '330 patent claims and giving Mobility their day in Court sooner. | 9 |
| VI. | Alternatively, Plaintiff requests leave to amend the complaint pursuant to Fed. R. Civ. P. 15(a). | 10 |
| VII. | Conclusion | 12 |

## TABLE OF AUTHORITIES

<u>Cases</u>

*Chicago, R.I. & P.R. Co. v. Williams,* C.A.8 (Iowa) 1957, 245 F.2d 397,
    certiorari denied 78 S.Ct. 83, 355 U.S. 855, 2 L.Ed.2d 63. ……….………......3

*Chitimacha Tribe of La. v. Harry L. Laws Co., Inc.,*
    690 F.2d 1157, 1162 (5th Cir.1982)). ………………………………….………....11

*Fairchild Stratos Corp. v. General Elec. Co.,* D.C.N.Y.1962, 31 F.R.D. 301, …..……..3

*Fidelity & Cas. Co. of New York v. Mills,* C.A.5 (La.) 1963, 319 F.2d 63…..…...........2, 3

*Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962))……..……...11

*Huffmaster v. U. S.,* N.D.Cal.1960, 186 F.Supp. 120……………………….....……...3

*K.W. Muth Co. v. Bing-Lear Mfg. Group, L.L.C.,*
    D.C.Mich.2002, 2002 WL 1879943…………………………………………..…*4*

*Chitimacha Tribe of La. v. Harry L. Laws Co., Inc.,*
    690 F.2d 1157, 1162 (5th Cir.1982))……………………………………….......11

*Lyn–Lea Travel Corp. v. Am. Airlines*,
    283 F.3d 282, 286 (5th Cir.2002) ……………………….…….…………11

*Perry v Schumacher Group of Louisiana*, 891 F.3d. 954, 955 (11th Cir. 2018 …...........9

*Reines Distributors, Inc. v. Admiral Corp.,* S.D.N.Y.1965, 257 F.Supp. 619….……....2

*Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir.2003) ……………………...11

*Rivera v. NIBCO, Incorporated*, 2006 WL 845925 at *6 (E.D. Cal 2006)..… ……....3

*Smith v. EMC Corp.*, 393 F.3d 590 (2004),…………………………………..….11

*Swofford v. B & W Incorporated,* 336 F.2d 406, 415 (5th Cir. 1964)…………..…….4

S<span style="font-variant:small-caps">tatutes</span>, R<span style="font-variant:small-caps">ules and</span> OTHER AUTHORITIES

15 USC § 1116……………………………………………………………………………...9

Fed. R. Civ. P. 15 …………………………………………………………….…1,8, 9,10,12

Fed. R. Civ. P. 42(b)……………………………………………………………..….…1,2

Fed. R. Civ. P. 54(b)………………………………………………………………1, 9, 11

*Federal Practice and Procedure (Wright & Miller) § 2388……………………………4*

I.   INTRODUCTION

Plaintiff moves to lift the stay entered in this case and set this matter for trial on the '330 patent at the first date available on the Court's schedule.  Federal Rule of Civil Procedure 42(b) permits this Court to bifurcate the claims and Fed. R. Civ. P. 54(b) permits this Court to issue a final judgment after trial of the '330 patent claim while an appeal of the Final Written Decision issued by the Patent Trial and Appeal Board invalidating the asserted claims of the '417 patent remains pending.  In the alternative, Plaintiff moves for leave to amend the complaint pursuant to FRCP 15 so that all references to the '417 patent and the '508 patent are deleted leaving the '330 patent as the sole patent with claims to be tried.  Permitting trial to proceed on the '330 patent would promote judicial economy for the reasons discussed below.

II.   PROCEDURAL BACKGROUND

Plaintiff's complaint describes three claims against defendant Verizon for three different patents: the '508 patent, the '417 patent and the '330 patent.  While this case was pending, United Patents brought an Inter Parties Review ("IPR") proceeding before the Patent Trial and Appeal Board ("PTAB") challenging the validity of the '417 patent.  At the Final Pretrial Conference held on November 19, 2019, the possibility of the '417 patent being invalidated by the then upcoming IPR decision was briefly discussed, and the Court stated that in that event the jury would not be informed of an invalidating decision and both patents would go to the jury.

On December 2, 2019, just four days prior to the date set for trial on both the 417 and 330 patents, the PTAB issued its Final Written Decision of the IPR, finding asserted claims 1,4 and 7 of the '417 patent unpatentable.

Later that same day, December 2nd, 2019, counsel for both parties discussed the impact of the IPR Ruling on the trial. Verizon's counsel would not agree to a joint stipulation to bifurcate the two patent claims and go to trial first on the '330 while the appeal of the IPR decision of the '417 would be pending. So, in the heat of the moment, rather than be forced to go to trial on a patent that had been invalidated, Mobility reluctantly agreed to request that the trial be stayed pending final resolution of the '417 patent claims. On December 2nd, the parties filed a joint motion to stay the trial, and it was signed the following day on December 3rd, 2019.

On or about January 29, 2020, Plaintiff filed a Notice of Appeal of the IPR Final Written Decision which raised various issues on appeal including constitutional challenges to the appointment of the judges that both initiated the IPR proceeding and issued the final ruling as well as challenges to the merits of the decision itself.

### III. LEGAL STANDARD

Fed R. Civ. P. 42 (b) provides in relevant part, "For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." This rule gives trial court broad discretion to order separate trial of any claim, or third-party claim, of any separate issue to further convenience or avoid prejudice. *Fidelity & Cas. Co. of New York v. Mills, C.A.5 (La.) 1963, 319 F.2d 63*. The purpose of this rule permitting the court in furtherance of convenience to order separate trial of any separate issue is to prevent delay and expense. *Reines Distributors, Inc. v. Admiral Corp., S.D.N.Y.1965, 257 F.Supp. 619*.

In fact, Federal district courts have the power to order a separate trial of issues, *sua sponte*, to further convenience, or to avoid prejudice. *Huffmaster v. U. S.,* N.D.Cal.1960,

186 F.Supp. 120. The rules give court broad discretion in matters of granting severance and a court's ruling on such a matter will not be disturbed on appeal in absence of clear abuse of discretion. *Chicago, R.I. & P.R. Co. v. Williams,* C.A.8 (Iowa) 1957, 245 F.2d 397, certiorari denied 78 S.Ct. 83, 355 U.S. 855, 2 L.Ed.2d 63.

A rule 42(b) motion is not subject to any particular time constraint and properly may be made at any time. Economy and equity dictate the issue of deciding upon single or separate trials on the issues of liability and damages in a patent infringement action need not be determined at an early stage of the action, but could be explored profitably at a pretrial conference and the decision made after further clarification of trial issues. *Fairchild Stratos Corp. v. General Elec. Co., D.C.N.Y.1962, 31 F.R.D. 301*. A formal motion is not required, however, because the district court may order separate trials on its own motion. For example, in *Rivera v. NIBCO, Incorporated*, 2006 WL 845925 at *6 (E.D. Cal 2006) while granting the plaintiffs' motion to bifurcate on backpay issue, the court further bifurcated the issue of liability *sua sponte.*

The trial court is vested with broad discretion to order a separate trial of any claim, or third-party claim, of any separate issue in order to further convenience or to avoid prejudice. The question is usually addressed to the sound discretion of the court. *Fidelity and Casualty Company of New York v. Mills*, 319 F.2d 63 (5th Cir. 1963). The factors which the court must take into consideration are those listed in Rule 42(b); (a) the furtherance of convenience or to avoid prejudice, and (b) conducive to expedition and economy. The Fifth Circuit has noted that the normal lawsuit seldom requires a separate trial of the issues. However, if the court must order separate trials, the issues of convenience to the court and serious prejudice to the rights of some of the parties should be considered. Normally, the

movant must make a showing that he will be seriously prejudiced without a separate trial. Also, the issues to be tried must be so distinct and separable from the others that a trial of it alone may be had without injustice. *Swofford v. B & W Incorporated,* 336 F.2d 406, 415 (5th Cir. 1964).

One district court has provided a useful analytical blueprint and stated that the decision to bifurcate a trial is a practical one and should be examined on a case-by-case basis according to the following factors: (1) convenience, (2) prejudice, (3) expedition, (4) economy, (5) whether the issues sought to be tried separately are significantly different, (6) whether they are triable by jury or the court, (7) whether discovery has been directed to a single trial of all issues, (8) whether the evidence required for each issue is substantially different, (9) whether one party would gain some unfair advantage from separate trials, (10) whether a single trial of all issues would create the potential for jury bias or confusion, and (11) whether bifurcation would enhance or reduce the possibility of a pretrial settlement. *Federal Practice and Procedure (Wright & Miller) § 2388 quoting K.W. Muth Co. v. Bing-Lear Mfg. Group, L.L.C., D.C.Mich.2002, 2002 WL 1879943*.

## IV. RELEVANT FACTORS WHY THIS CASE SHOULD BE BIFURCATED

### A. The evidentiary issues are completely different; there is no overlap of evidence.

Here the factual issues relating to infringement of the '330 patent are completely different to the factual issues relating to infringement of the '417 patent. The '330 patent is directed to equipment used to test mobile devices before they are permitted to be used on the Verizon LTE Network, whereas the '417 patent is directed to the Verizon LTE Network

4

itself. There is no overlap of evidence. The issues of infringement sought to be tried are completely separate. It's possible for the jury to find infringement of one patent but not the other.

### B. The patents are completely different.

As previously noted, the factual underpinnings of what each patent teaches are very much different and the only similarities being that on a grand scale they both relate to telecommunications and each patent is complicated. The '417 patent concerns how handoffs are made; whereas the '330 patent concerns testing the mobile nodes that are allowed onto the Verizon network.

### C. Having two trials avoids juror confusion and avoids information overload.

The '417 patent is very complicated and is difficult for one not familiar with the terminology to readily grasp. Although everyone knows what a computer is, the vast majority of prospective jurors have no idea what a "node" is. It has many other meanings irrelevant to this case, such as a lymph node or a part of a plant stem from which leafs emerge. Even when the jurors are told a node in the context of this case is a computing device, then they'll have to distinguish between an eNodeB, a mobile node and other nodes. Add to their task learning the distinctions between an A3 handover and an X2 handover with discussions regarding radio frequencies, internet connectivity and the mathematical formulas that govern self-organizing networks yields too much information for more than 90% of the population to absorb without scratching their heads.

If trial on the patents are not separated, then the jurors will also be taught how Verizon uses an emulator to test mobile nodes before they are allowed onto their network,

5

which would add to the mental stress of almost anyone trying to make sense of too much information all at once. This is usually referred to as "information overload." Even the smartest people can only take in and mentally process so much new information at a time.

Mobility's expert Dr. Suku Nair is a University Distinguished Professor at SMU. He teaches classes on the subject of the patents in question, but whereas the typical university class lasts 10 to 15 weeks, his testimony will most likely not even last for 10 hours. If the goal is for the jurors to make an intelligent decision, it makes sense to present the information to them a bit at a time.

It would be far simpler and easier for the jury to only have to learn one subject. This is true in all areas of thought, and not just physics. For example, if one were to take a crash course in Greek mythology at the same time as a crash course in Roman mythology, surely the student is going to confuse the two and mix up the names of the Gods. Defendant will claim the patents are interrelated and cannot be separated, but they are no more interrelated than English history is with American history. Yes, there is some commonality, but for the most part they are different. Thus it makes sense to set the '330 patent claims for trial sooner rather than later.

**D.    There would be no prejudice to Verizon if there were separate trials. Neither party would obtain an unfair advantage from separate trials.**

Of course, it is true in every case at this stage where summary judgment has been denied and the matter is set for trial, if the matter never goes to trial, the defendant can never lose. But besides this obvious generalization, there is no prejudice to Verizon. As noted above, the evidence is separate, the issues are separate, and even the expert reports have separate discussions and cite separate evidence related to these two distinct patents.

### E. Preservation of Evidence and Witness Availability

Plaintiff fears that with the long passage of time, the witnesses - both percipient and expert, the lawyers and the court will forget the facts and materials they have learned, and the longer the delay the more memories will fade and more time will be needed to refresh one's memory. Verizon's 30(b)(6) witness on the '330 patent, Paul Venizelos[1] is a Verizon employee who has no economic interest in Verizon. Mobility took his deposition in June of 2019. With the passage of time, it is possible Mr. Venizelos could change his employment and may be difficult to find or produce for trial; or even if his whereabouts are known at the time of trial, traveling to Texas from his home in New Jersey or New York[2] while working for an employer different from defendant would create a hardship, as he would be taking time off of work for a new employer with no interest in this matter. Moreover, the expert witnesses in this case, Mr. Proctor and Keith Ugone – for defendant, and Dr. Suku Nair for Mobility, may no longer be available. Moreover, the attorneys and this Court have extensively briefed this matter having written and reviewed various motions concerning summary judgment and the attempted exclusion of witnesses and/or testimony. Mobility would like to expedite trial on the '330 to avoid wasted efforts on the '330 patent.

### F. Bifurcating the case would be more convenient for the Court's calendar.

At the final pretrial conference, the Court allocated 8 court days for both patents and was concerned if the trial lasted longer it could run into the Christmas Holiday break. Instead, if the '330 patent proceeds to trial separately, only 4 court days will be needed.

---

[1] Verizon has separate fact witnesses for each patent. Mr. Venizelos is the witness for the '330 patent whereas Steven Rice is the witness for the '417 patent.
[2] Plaintiff does not know Mr. Venizelos' address but presumes he lives within an hour of his place of employment which would make it likely he lives in either New Jersey or New York.

Presumably it would be easier for the Court to slot into its calendar a four day trial than perhaps a two week trial. Mobility is amenable to the first trial date the Court may have available.

**G. Bifurcating the patents would greatly expedite the case and be more economical. It would prevent delay.**

Also, especially noteworthy is the repercussions of Verizon's recent rolling out its 5G Network, which is still being rolled out. When the Complaint was filed in 2017, there was no 5G Network for Plaintiff to complain about. It did not exist. Verizon first began rolling out its 5G Network in 2019 and is currently still being rolled out. Consequently, when filing the Original Complaint in 2017, Plaintiff only brought claims against Verizon concerning its 4G LTE network and not the 5G network.

The typical appeal before the Federal Circuit takes at least a year, and even after the first appellate ruling, there can conceivably be further appellate challenges causing further delay before the validity of claims 1, 4 and 7 of the '417 patent is finally resolved. Once the appellate process is over, and assuming Mobility prevails, it will seek to supplement its Complaint pursuant to Fed. R. Civ. P. 15(d).

If Mobility prevails on appeal of the '417 patent, Mobility would move (pursuant to FRCP 15(d)) to supplement its 417 patent claims and bring additional claims against Verizon relating to their 5G network which was just an idea at the time the Complaint was filed. The filing of a supplemental complaint as described above would necessitate additional pleadings including an answer to the supplemental complaint and new claim construction pleadings, new testimony and new hearings – including potential hearings for summary judgment. If the '330 claim is not separated from the '417 claims, then trial on

the '330 claims will be delayed for much additional time beyond just waiting for a final ruling on the appeal of the IPR decision.

Alternatively, it is also possible that Plaintiff could lose the appeal of the PTAB Ruling. In that event, there would have been no reason to have waited for the ruling on the validity of the '417 patent, which is another reason to move forward now on the '330 patent.

**V.  If the two patents are bifurcated, Fed. R. Civ. P. 54(b) permits separate judgments, further expediting the resolution of the '330 patent claims and giving Mobility their day in Court sooner.**

Fed R. Civ. P. 54 (b) provides, "When an action presents more than one claim for relief – whether as a claim, counterclaim, crossclaim, or third-party claim – or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Thus this Court can split the claims and proceed to trial on the '330 claim while the status of the '417 claim is up on appeal. As noted in *Perry v Schumacher Group of Louisiana*, 891 F.3d. 954, 955 (11th Cir. 2018), "A plaintiff who wishes to drop some claims but not others should do so by amending his complaint pursuant to Rule 15.''

Fed R. Civ. P. 15(d) provides, "On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Verizon's recent roll-out of its 5G Network is the type of transaction, occurrence or event that Fed R. Civ. P. 15(d) was designed to address. If not for that rule, the alternative would be to file a new lawsuit against defendant alleging the same legal theories but based on the

9

event(s) that happened subsequent to the filing of the original lawsuit, (i.e., in this case the roll out of their 5G business which continues to infringe the 417 patent claims). So if the IPR ruling is over-turned it would be well within Plaintiff's right to request leave to supplement the Complaint. To be clear Plaintiff does not wish to supplement the complaint at this time. However, assuming Plaintiff prevails on appeal, it would seek leave to supplement the complaint, causing additional delay as a new answer and a new Markham hearing would be required, new discovery would be taken and additional motions. So it makes sense to proceed with the '330 claim in the near future as soon as a trial date is available.

## VI. ALTERNATIVELY, PLAINTIFF REQUESTS LEAVE TO AMEND THE COMPLAINT PURSUANT TO FED R. CIV. P. 15(a).

Fed R. Civ. P. 15(a) addresses Amendments to Pleadings before trial. Fed R. Civ. P. 15(a)(2) applies after a responsive pleading has been filed. It provides, "In all other cases [after an Answer has been filed], a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."

In this case, if the Court prefers not to split the claims and then issue a final judgment on the '330 claim after trial, pursuant to Fed R. Civ. P. 54, then in the alternative, Plaintiff requests leave to amend the Complaint. In this instance the Amended Complaint would read precisely as the original complaint reads with the exception that all references to the claims of the '508 patent and the '417 patent have been deleted. In other words, paragraphs 13 through 16 would be deleted, the references in paragraph 19 to the '508 and '417 patents would be deleted, paragraphs 32 through 42 would be deleted, and paragraphs

46 through 60 would be deleted. (A copy of the Proposed Amended Complaint is attached as Exhibit 1.)

The legal standards are significant here, as amendments are allowed with extreme liberality. As the Fifth Circuit noted in *Smith v. EMC Corp.*, 393 F.3d 590 (2004), "Rule 15(a) requires a trial court "to grant leave to amend 'freely,' and the language of this rule 'evinces a bias in favor of granting leave to amend.' " *Lyn–Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir.2002) (quoting *Chitimacha Tribe of La. v. Harry L. Laws Co., Inc.,* 690 F.2d 1157, 1162 (5th Cir.1982)). A district court must possess a "substantial reason" to deny a request for leave to amend. Id. (quoting *Chitimacha Tribe of La. v. Harry L. Laws Co., Inc.,* 690 F.2d 1157, 1162 (5th Cir.1982)). *Smith* supra at 595.

"As outlined by the Supreme Court, this Circuit examines five considerations to determine whether to grant a party leave to amend a complaint: 1) undue delay, 2) bad faith or dilatory motive, 3) repeated failure to cure deficiencies by previous amendments, 4) undue prejudice to the opposing party, and 5) futility of the amendment. *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir.2003) (citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)). Absent any of these factors, the leave sought should be "freely given." *Foman*, 371 U.S. at 182, 83 S.Ct. 227." Smith supra at 595.

None of the above factors are applicable. There is no undue delay, nor bad faith or dilatory motive. Mobility does not seek to cure a deficiency in any previous amendment, there is no undue prejudice to Verizon, and the amendment, far from futile, would allow the case to proceed to trial.

Consistent with the above-stated legal standards, amendment is permitted <u>at trial</u> over an adversary's objections. Under Federal Rule of Civil Procedure 15:

> If, at trial, a party objects that evidence is not within the issues raised in the pleadings, the court may permit the pleadings to be amended. The court should freely permit an amendment when doing so will aid in presenting the merits and the objecting party fails to satisfy the court that the evidence would prejudice that party's action or defense on the merits. Fed. R. Civ. P. 15(b)(1).

This rule is cited simply to illustrate the strength of the policy in favor of amendment; there is no prejudice to defendant by allowing the complaint to be amended. Thus leave to amend should be granted if this Court wishes not to divide the claims for trial.

### VII. CONCLUSION

For the reasons expressed herein Plaintiff Mobility Works respectfully requests that the Stay be lifted and that this case be set for trial of the '330 patent claims at the earliest date convenient to the Court and the parties; or in the alternative, Mobility Works respectfully requests that it be given leave to amend the Complaint and that the Proposed Amended Complaint (attached as Exhibit 1) be deemed the Complaint on file.

Respectfully submitted,

Dated: March 25, 2020

/s/Michael Machat
Michael Machat
Machat & Associates, PC
8730 W. Sunset Blvd., Ste. 250
West Hollywood, CA 90069
Tel: (310) 860-1833
Michael@machatlaw.com

Attorneys for Plaintiff Mobility Workx

## CERTIFICATE OF CONFERENCE

Movant's counsel has complied with the meet and confer requirements of Local Rule CV- 7(h).  A teleconference was had on March 9, 2020 amongst counsel for both sides.   Verizon opposes the motion.


/s/ Michael Machat
Michael Machat



## CERTIFICATE OF SERVICE

I hereby certify that on March 25, 2020, a true and correct copy of the foregoing was filed with the Court via CM/ECF, which will send notification of such filing to all registered participants.


/s Michael Machat
Michael Machat