# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| MOBILITY WORKX, LLC § | |
| § | |
| v. § | Civil Action No. 4:17-CV-00872 |
| § | Judge Mazzant |
| CELLCO PARTNERSHIP D/B/A § | |
| VERIZON WIRELESS § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff Mobility Workx, LLC's Motion to Vacate the Stay and/or in the Alternative for Leave to Amend the Complaint (Dkt. #193). Having considered the motion and the relevant pleadings, the Court finds that the motion should be granted.

## BACKGROUND

This motion concerns two patents: the '417 patent and the '330 patent. Both patents were scheduled to be tried, with jury selection set for December 6, 2019. On December 2, 2019, the U.S. Patent and Trademark Office's Patent Trial and Appeal Board ("PTAB") issued a final written decision in an inter partes review, finding that the '417 patent was invalid. For this reason, on December 2, 2019, Plaintiff and Defendant Cellco Partnership d/b/a Verizon Wireless filed a joint motion to stay the case during the pendency of the appeal of PTAB's decision (Dkt. #191). The Court granted the motion on December 3, 2019 (Dkt. #193).

On March 25, 2020, Plaintiff filed this motion, requesting that the Court lift the stay in this case and bifurcate the patent claims so that the '330 patent may proceed to trial (Dkt. #193). On April 16, 2020, Defendant filed a response (Dkt. #198). Then on April 23, 2020, Plaintiff filed its reply (Dkt. #200). Additionally, on May 5, 2020, the Court held a hearing on the motion to bifurcate, where it heard arguments of the parties.

## LEGAL STANDARD

Federal Rule of Civil Procedure 42(b) provides, "For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." "A motion to bifurcate is a matter within the sole discretion of the trial court, and [the Fifth Circuit] will not reverse the court's decision absent an abuse of discretion." *Nester v. Textron, Inc.*, 888 F.3d 151, 162 (5th Cir. 2018) (quoting *First Tex. Sav. Ass'n v. Reliance Ins. Co.*, 950 F.2d 1171, 1174 n.2 (5th Cir. 1992)).

## ANALYSIS

After reviewing the relevant pleadings and considering the parties' arguments at the motion hearing, the Court finds that bifurcation will provide greater convenience, enable the avoidance of prejudice, and expedite and economize the trial as required by Federal Rule of Civil Procedure 42(b).  Accordingly, the Court **GRANTS** Plaintiff's Motion to Vacate the Stay (Dkt. #193). Plaintiff's claims on the '330 patent shall be bifurcated from those on the '417 patent, and the stay on the '330 patent claims shall be lifted.

## CONCLUSION

It is therefore **ORDERED** that Plaintiff Mobility Workx, LLC's Motion to Vacate the Stay is **GRANTED** (Dkt. #193).  The Court will separately enter an order setting the case for trial.

**SIGNED this 19th day of May, 2020.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE