**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| **MOBILITY WORKX, LLC,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS,**<br><br>**Defendant.** | **Civil Action No.: 4:17-CV-00872-ALM**<br><br>**JURY TRIAL DEMANDED** |

# VERIZON'S SUPPLEMENTAL MOTIONS *IN LIMINE*

**TABLE OF CONTENTS**

MIL 20. Exclude Evidence and Arguments on Witness Tampering in Prior Cases ............. 1

MIL 21. Exclude Any Suggestion that Verizon's Counsel Was Under an Obligation to Inform Mobility Workx of Previous Litigation History ..................................... 2

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Taurus IP, LLC v. DaimlerChrysler Corp.*,
559 F. Supp. 2d 947 – 975 (W.D. Wis. 2008) ....................1, 2

**TABLE OF EXHIBITS**

| Ex. No | Description |
|---|---|
| 1 | Hernandez Deposition Transcript, June 21, 2019 |
| 2 | Texas Disciplinary Rules of Professional Conduct |

Cellco Partnership d/b/a Verizon Wireless ("Verizon") respectfully submits supplemental motions *in limine* as follows.

**MIL 20. Exclude Evidence and Arguments on Witness Tampering in Prior Cases**

The Court previously addressed whether Mobility Workx, LLC ("Mobility") can present evidence and argument regarding certain conspiracy theories alleged by Mobility and Dr. Edwin Hernandez[1]. *See* Dkt. 179 at 2; Dkt. 174; Dkt. 102. Understanding the Court's rulings on those earlier motions, this motion addresses a finer point of Mobility's potential argument and evidence regarding its conspiracy theories that the Court has not previously ruled on. Specifically, Verizon seeks to exclude argument or evidence to the case captioned *Taurus IP, LLC v. DaimlerChrysler Corp.*, 559 F. Supp. 2d 947, 970 – 975 (W.D. Wis. 2008) where Mr. Newton's client was determined to have engaged in witness tampering. Mr. Newton's involvement in the *Taurus* case, and the issue of witness tampering in that case, are irrelevant to the present patent infringement dispute and create a substantial danger of undue prejudice and juror confusion.

To allegedly support his conspiracy theories, Dr. Hernandez testified that he believed that Mr. Newton was involved in witness tampering in connection with a previous case, more than a decade ago. *See* Ex. 1 (Hernandez Tr., June 21, 2019) at 295:22-296:4. Mobility reiterated these allegations in its response to Verizon's Motion to Exclude the Opinions of Dr. Edwin A. Hernandez, where Mobility stated that "the principals of Mobility did some research and learned that both David Pridham and Michael Newton were involved with allegations of witness tampering in *Taurus IP, LLC v. DaimlerChrysler Corp.*, 559 F. Supp. 2d 947, 970 – 975 (W.D. Wis. 2008)." Dkt. 110 at 6-7. As explained in Verizon's Reply in Support of Its Motion to Exclude the Opinions

---

[1] Dr. Hernandez is the inventor of the asserted '330 patent, Mobility's principal, and Mobility's testifying damages expert.

of Dr. Edwin A. Hernandez, the *Taurus* matter involved Mr. Newton's *client's* efforts to prevent a witness from committing perjury, which Judge Barbara Crabb held amounted to witness tampering. Dkt. 115 at 3 n.2 (citing *Taurus IP*, 559 F. Supp. 2d at 973-74). The Court sanctioned Mr. Newton's clients *but not Mr. Newton*. *Id.* (citing *Taurus IP*, 559 F. Supp. 2d at 970).

Verizon seeks a limited ruling to exclude Mobility from presenting evidence or argument regarding the *Taurus* case, including the issues related to witness tampering. First, these allegations are unfounded, as explained above, where it was Mr. Newton's clients who were involved in the sanctionable conduct, and Judge Crabb did not sanction Mr. Newton. Second, such allegations are irrelevant here, where they were addressed in the context of a completely separate case, in a completely separate court, with completely separate parties, more than a decade ago.

But even if such allegations had any relevance, that relevance would be vastly outweighed by the high risk that such allegations would be prejudicial, inflammatory, and serve to confuse the jury. Such allegations create the extremely prejudicial risk that the jury will unduly attribute criminal behavior to Mr. Newton and/or Verizon, particularly where the jury will not have the benefit of Judge Crabb's explanation in the *Taurus* case that the Court need not find conduct criminal to be sanctionable. *See Taurus IP*, 559 F. Supp. 2d at 973. Finally, it is worth noting that allowing Mobility to present such allegations presents the risk of unduly tarnishing Mr. Newton's reputation in a public proceeding. Because Mobility may "provide what it contends is relevant context" for the T-Mobile license, Dkt. 174 at 5, without publicly airing such unfounded accusations and distracting from the substantive evidence, all evidence or arguments regarding the *Taurus* case and witness tampering should be excluded.

**MIL 21. Exclude Any Suggestion that Verizon's Counsel Was Under an Obligation to Inform Mobility Workx of Previous Litigation History**

Related to Verizon's motion *in limine* number 20, *supra*, Mobility should be precluded

from presenting any evidence, argument, or suggestion that Mr. Newton or Alston & Bird LLP were under an obligation to inform Mobility of Mr. Newton's litigation history involving Mobility's previous counsel, Dominion Harbor. Mobility should also be precluded from presenting testimony to the jury regarding any failure to disclose any such alleged conflict of interest. Mobility has indicated that it believes that that Mr. Newton was under an obligation to inform Mobility that he had previously worked alongside of Mr. David Pridham when Mr. Pridham was with IP Navigation, LLC ("IP Nav"). *See* Ex. 1 (Hernandez Tr., June 21, 2019) at 297:11-298:17.

Any allegations regarding IP Nav or any undisclosed alleged conflicts of interest should be excluded because they are irrelevant, prejudicial, and confusing to the jury. The referenced IP Nav litigations did not require any sort of disclosure to Mobility on behalf of Mr. Newton or Alston & Bird, where those litigations occurred many years ago and had no relation whatsoever to Mobility or the present action. *See* Ex. 2 (Texas Disciplinary Rules of Professional Conduct) at 28-41. Moreover, if Mobility is permitted to present argument or evidence regarding any alleged conflict of interest, there is a high risk that the jury will be confused and may unduly impute improper actions to Mr. Newton, Alston & Bird, and/or Verizon. Therefore, all evidence or arguments regarding a requirement to inform Mobility of previous litigations with David Pridham or any allegations regarding a failure to disclose an alleged conflict of interest should be excluded.

* * *

Verizon respectfully requests that the Court grant its motions *in limine* as detailed above.

Dated: November 13, 2020

Respectfully submitted,

By: */s/ Ross R. Barton*
Deron R. Dacus (Texas Bar No. 00790553)
**THE DACUS LAW FIRM, P.C.**

821 ESE Loop 323, Suite 430
Tyler, TX 75701
Telephone: (903) 705-1171
Facsimile: (903) 581-2543

Ross R. Barton (NC Bar No. 37179)
Karlee N. Wroblewski (NC Bar No. 55043)
ALSTON & BIRD LLP
101 South Tyron Street, Suite 4000
Charlotte, North Carolina, 28280
Phone: (704) 444-1000
Fax: (704) 444-1111
ross.barton@alston.com

Michael J. Newton (CA Bar No. 156225)
ALSTON & BIRD LLP
950 Page Mill Road
Palo Alto, CA 94304
Phone: (650) 838-2000
Fax: (650) 838-2001
mike.newton@alston.com

Sang (Michael) Lee (TX Bar No. 24083378)
ALSTON & BIRD LLP
2200 Ross Avenue, Suite 2300
Dallas, Texas 75201
Phone: (214) 922-3400
Fax: (214) 922-3899
michael.lee@alston.com

Natalie C. Clayton (NY Bar No. 4409538)
Darlena H. Subashi (NC Bar No. 53142)
ALSTON & BIRD LLP
90 Park Avenue
New York, NY 10016
Phone: (212) 210-9400
Fax: (212) 210-9444
natalie.clayton@alston.com
darlena.subashi@alston.com

*Attorneys for Defendant Cellco Partnership, D/B/A Verizon Wireless*

**CERTIFICATE OF SERVICE**

I certify that the foregoing document was served electronically on November 13, 2020, on all counsel who have consented to electronic service.

*/s/ Ross R. Barton*

**CERTIFICATE OF CONFERENCE**

Pursuant to Eastern District of Texas Local Rule CV-7(h), I certify that Verizon counsel sought to meet and confer on November 12, 2020 in a good faith effort to resolve all issues regarding Defendant Verizon's Supplemental Motions *In Limine*. Specifically, on November 11, I emailed counsel for Mobility notifying them of Verizon's requested relief and asking for a meet and confer. In that email, I stated as follows:

> Verizon intends to file [] supplemental motions in limine seeking to exclude evidence and arguments on witness tampering in prior cases and to exclude any suggestion that Verizon's counsel was obligated to inform Mobility Workx of previous litigation history. We will also seek a shortened response time so that the Court may hear argument on this issue at the upcoming Pretrial Conference. We expect that Mobility will oppose, but are willing to meet and confer on this tomorrow anytime tomorrow, November 12, after noon Eastern/9am Pacific.

As of the time of this motion, counsel for Mobility has not acknowledged or responded to Verizon's request for a meet-and-confer. In the absence of any response from Mobility, Verizon continues to assume that Mobility Workx opposes this motion.

*/s/ Ross R. Barton*