# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| **MOBILITY WORKX, LLC,**<br><br>            Plaintiff,<br><br>v.<br><br>**CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS,**<br><br>            Defendant. | **Civil Action No.: 4:17-CV-00872-ALM**<br><br>**JURY TRIAL DEMANDED** |

## UNOPPOSED MOTION FOR
## CONTINUANCE AND ADDITIONAL DATES FOR TRIAL

Defendant Cellco Partnership d/b/a Verizon Wireless ("Verizon") respectfully submits this unopposed motion to continue the March 8, 2021 trial in this case due to a scheduling conflict with its local and lead trial counsel, Mr. Deron Dacus. As described at the November 17, 2020 telephone conference, Verizon respectfully requests that the Court provide the parties with a range of dates for trial, such that the parties may confer and submit which dates work best for the parties, counsel, witnesses, and clients. *See* Ex. 1 (Tr. of November 17, 2020 telephonic hearing) at 10:6-9. Plaintiff Mobility Workx, LLC ("Mobility") does not oppose this motion.[1]

**I.  BACKGROUND**

Beginning on December 7, 2020, U.S. Patent No. 7,231,330 was set to be tried in this case. Dkt. No. 204. On November 17, 2020, the Court called a telephone conference, at which it *sua sponte* granted a continuance of the trial date in view of the continuing COVID-19 pandemic. *See*

---

[1] Mobility indicated that, given the schedules of Mobility's principals, Mobility would prefer a series of dates "starting in April." *See* Ex. 2.

Ex. 1 at 3:5-8. At that conference, the Court stated that it would give the parties "some proposed dates for the spring" for trial to assist with coordinating the various witnesses, counsel, and clients. *See* Ex. 1 at 10:6-9; *see also id.* at 6:15-23 (counsel for Verizon stating that the Court providing potential dates for trial "would be very helpful, because obviously we have to coordinate with a bunch of witnesses" and that "to the extent the Court is able to give [counsel] a couple of dates so [they] can go back and talk to [their] witnesses and see which of those work, that would, I think, make it a lot easier on everybody, all the witnesses as well."); *id.* at 7:25-8:4 (counsel for Mobility stating that Mobility "also prefer[s] the certainty of knowing, so this way everyone can get prepared in advance" and that Mobility has "a couple of university professors that will need to make arrangements with their classes").

On December 8, 2020, the Court issued an order resetting trial to begin on March 8, 2021. Dkt. No. 217. Verizon's local and lead trial counsel, Mr. Deron Dacus, is scheduled to appear in a patent case before your Honor in this Court beginning on March 1, 2021 as well as a patent case before Chief Judge Gilstrap with jury selection beginning also on March 1, 2021.[2,3]

## II. ARGUMENT

### A. Verizon Respectfully Requests that the Court Continue the Current Trial Date and Provide a Range of Potential Trial Dates

Good cause supports a short continuance of the trial date in this case. Verizon's local and lead trial counsel, Mr. Deron Dacus, is scheduled to appear in two patent cases in courts in this District beginning on March 1, 2021, and it is likely that his trial in front of Judge Gilstrap will be

---

[2] As this Court likely knows, Judge Gilstrap does not set definitive trial dates, but rather sets jury selection dates with the trial occurring sometime within that month. Given Mr. Dacus's March 1 setting in this Court, it is expected that Mr. Dacus's trial in front of Judge Gilstrap will begin March 8.

[3] The case before your Honor is *Wapp Tech. Ltd. P'ship et al. v. Micro Focus Int'l PLC*, No. 18-cv-00469-ALM and the case before Judge Gilstrap is *Gree, Inc. v. Supercell Oy*, No. 19-cv-00200-JRG-RSP.

moved to March 8, 2021, creating a conflict with this case. There is no indication that either of these trials will be cancelled. Thus, good cause supports a short continuance of the March 8, 2021 trial date to accommodate Mr. Dacus's previously scheduled appearances in two other trials in this District.

In the interest of efficiency, Verizon respectfully requests that the Court provide the parties with a range of potential trial dates for this case, beginning in April,[4] as the Court indicated it would do at the November 17, 2020 telephone conference. *See* Ex. 1 at 10:6-9 ("So here's what I'll do is I will get with my staff and see about giving y'all some proposed dates for the spring . . . ."). Because the parties must coordinate the approaching trial date with several witnesses, counsel, and client representatives, providing the parties with a range of dates will be helpful to organizing schedules around that trial date, particularly in the current COVID environment where schedules are in flux. Moreover, moving the trial to a later date that is convenient for all parties and the Court will also help reduce the risk associated with COVID, as the vaccines will be more widely distributed by that time. Finally, and importantly, the Plaintiff does not oppose this request. For these reasons, Verizon respectfully requests a short continuance of trial and that the Court submit to the parties a range of potential trial dates.

## III. CONCLUSION

Good cause exists for granting a short continuance of trial in this matter to account for the previously set trials requiring Mr. Dacus's presence. Verizon further respectfully requests that the Court provide the parties with a range of dates for trial, such that the parties may confer and submit which dates work best for the parties, counsel, witnesses, and clients.

---

[4] Mobility indicated that, given the schedules of Mobility's principals, Mobility would prefer a series of dates "starting in April." *See* Ex. 2.

Dated: December 23, 2020

Respectfully submitted,

By: */s/ Deron R. Dacus*
Deron R. Dacus (Texas Bar No. 00790553)
**THE DACUS LAW FIRM, P.C.**
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Telephone: (903) 705-1171
Facsimile: (903) 581-2543

Ross R. Barton (NC Bar No. 37179)
Karlee N. Wroblewski (NC Bar No. 55043)
ALSTON & BIRD LLP
101 South Tyron Street, Suite 4000
Charlotte, North Carolina, 28280
Phone: (704) 444-1000
Fax:  (704) 444-1111
ross.barton@alston.com

Michael J. Newton (CA Bar No. 156225)
ALSTON & BIRD LLP
950 Page Mill Road
Palo Alto, CA 94304
Phone: (650) 838-2000
Fax: (650) 838-2001
mike.newton@alston.com

Sang (Michael) Lee (TX Bar No. 24083378)
ALSTON & BIRD LLP
2200 Ross Avenue, Suite 2300
Dallas, Texas 75201
Phone: (214) 922-3400
Fax: (214) 922-3899
michael.lee@alston.com

Natalie C. Clayton (NY Bar No. 4409538)
Darlena H. Subashi (NY Bar No. 1003605)
ALSTON & BIRD LLP
90 Park Avenue
New York, NY  10016
Phone: (212) 210-1277
Fax: (212) 210-9444
darlena.subashi@alston.com

*Attorneys for Defendant Cellco Partnership, D/B/A Verizon Wireless*

## **CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that on December 16-17, 2020, pursuant to Local Rules CV-7(h) and (i), Ross R. Barton, counsel for Defendant, met and conferred with David A. Randall and Michael Machat, counsel for Plaintiff, by email, whereby counsel for Mobility indicated that Mobility does not oppose the Motion.

*/s/ Deron R. Dacus*
Deron R. Dacus