# EXHIBIT 1

1  UNITED STATES DISTRICT COURT
   EASTERN DISTRICT OF TEXAS
2  SHERMAN DIVISION

3  MOBILITY WORKX, LLC              :       DOCKET NO. 4:17CV872
                                    :
4  VS.                              :       SHERMAN, TEXAS
                                    :       NOVEMBER 17, 2020
5  VERIZON COMMUNICATIONS, ET AL    :       9:30 A.M.

6                      TELEPHONE CONFERENCE
           BEFORE THE HONORABLE AMOS L. MAZZANT,
7                 UNITED STATES DISTRICT JUDGE

8  APPEARANCES (BY TELEPHONE):

9  FOR THE PLAINTIFF:            MR. MICHAEL MACHAT
                                 MACHAT & ASSOCIATES
10                               8730 W. SUNSET BOULEVARD
                                 SUITE 250
11                               WEST HOLLYWOOD, CA  90069

12                               MR. DAVID RANDALL
                                 HACKLER DAGHIGHIAN
13                               10250 CONSTELLATION BLVD.
                                 SUITE 2500
14                               LOS ANGELES, CA  90067

15 FOR THE DEFENDANT:            MR. ROSS RITTER BARTON
                                 ALSTON & BIRD
16                               101 S. TRYON STREET
                                 SUITE 4000
17                               CHARLOTTE, NC  28280

18                               MS. NATALIE C. CLAYTON
                                 ALSTON & BIRD
19                               90 PARK AVENUE
                                 NEW YORK, NY  10016
20
                                 MS. BUIKOA T. LANDIS-AINA
21                               MR. MICHAEL HOLDEN
                                 ASSISTANT GENERAL COUNSEL
22                               VERIZON
                                 1320 N. COURTHOUSE ROAD
23                               NINTH FLOOR
                                 ARLINGTON, VA  22201
24

25

```
 1   COURT REPORTER:              MS. JAN MASON
                                  OFFICIAL REPORTER
 2                                101 E. PECAN #110
                                  SHERMAN, TEXAS  75090
 3
 4
 5
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24   PROCEEDINGS REPORTED BY MECHANICAL STENOGRAPHY, TRANSCRIPT
25   PRODUCED BY COMPUTER-AIDED TRANSCRIPTION.
```

```
                                                                    3
1                THE COURT:  Okay.  This is Judge Mazzant.  We're
2   going to go off the record, and then we'll go back on the
3   record here in a few minutes.
4                (Off the record discussion.
5                THE COURT:  Okay.  So we're on the record now, and
6   I've indicated to the parties that I'm going to sua sponte --
7   in an off the record conversation, that I'm going to go ahead
8   and sua sponte grant a continuance.
9          And let me ask, I know in the off-the-record
10  conversation the Plaintiff said they hoped we could do it
11  within the next few months.  Let me do this.  I'm already
12  booked up, but I will make an accommodation.  If I have to
13  double book and put y'all first, I certainly will, because
14  I'm trying to figure out what's going to happen on the
15  ResMan case, and I'll know better when I talk to the
16  attorneys this afternoon.
17         But as of now, I am planning on resuming trials in
18  January.  I'll re-evaluate when we get past the holidays,
19  but I'm going to put a pause on all my trials through the
20  end of December.  So I can't give you a trial date today,
21  but I can get back in touch with everybody in the next week
22  or so.
23         What I promise you is I'm not planning on -- I was
24  hoping to get it done in the next -- well, January or
25  February, but I just have to see and look at my overall
```

docket, and I'll get back to y'all as soon as -- as soon as I look at my January trials on some possible dates.

Any comments or anything that Mobility Workx wants to make today or anything else you want to say?

MR. MACHAT: Your Honor, I have -- this is Michael Machat speaking for Mobility Workx.

So just to be clear, it sounds like it's possible we could have a new date of -- are we talking about January or February or more like March or April? I'm just not clear on that.

THE COURT: Well, what I'm saying is I'm not clear yet either what I'm going to -- my goal is to try to get you reset within January or February is my hope. I'm already booked up with trials, so because I'm bumping you from my December docket, I'm willing to put y'all -- double book cases and have you be the first case. But I haven't met with my staff to look at all the dates that are possible.

And I'm also trying to figure out -- just to be open and candid, until I have my conference call with my ResMan case, because they want to come back in January to finish the case, so I need to see what I can do with that case first, and I won't know that for sure until I talk to the attorneys this afternoon. Once that piece of the puzzle gets settled, then I'll get back and meet with my staff and get back to y'all and try to find a mutually convenient date

for both sides.

MR. MACHAT: Your Honor --

MR. BARTON: Your Honor --

THE COURT: I'm sorry. Go ahead. I'm not sure who's trying to speak there.

MR. MACHAT: Okay. This is Michael Machat from Mobility again.

I also wanted to ask about the -- we have a Pretrial Conference set for Friday. I assume that's taken off calendar, and when would that be rescheduled?

THE COURT: Yeah, I mean, my view -- I mean, we can do one of two things. The reason why I scheduled this early in the week is I was trying to prevent y'all from doing unnecessary work. But also, if you want to proceed with it via telephone, we can certainly take up any matters you want to take up and do the pretrial, or we can do it closer to the trial date. I'll leave that up to -- it doesn't matter to me.

But I did want to give you the option of us postponing that until closer to trial if you didn't want to proceed. That's the reason why I called this conference, is I didn't want y'all to waste any time that wasn't necessary.

Mr. Machat, do you have any opinion on that?

MR. MACHAT: Yes. Mobility would prefer to postpone the pretrial date as well, Your Honor.

THE COURT: Okay. I don't have a problem with that.

```
 1   And let me just hear from defense.
 2               MR. BARTON:  Sure.  Your Honor, this is Ross Barton
 3   from Alston & Bird on behalf of Verizon.
 4       There's a couple of things I wanted to note.  I guess
 5   on the pretrial first, we think it would probably be better
 6   to proceed on that, and the reason is there's some fairly
 7   significant issues that remain outstanding that I think if
 8   we put them off until the next trial will happen, it -- you
 9   know, we end up preparing witnesses for directs and crosses
10   that never happen.  And the sooner we get rulings on some of
11   those issues, I think it will result in a better and cleaner
12   presentation of evidence.  So our view is probably it makes
13   the most sense for the parties to go ahead and have that
14   Pretrial Conference.
15       But, you know, in terms of when the scheduling would
16   occur, Your Honor, I think you had mentioned giving us some
17   potential dates.  I think that would be very helpful,
18   because obviously we have to coordinate with a bunch of
19   witnesses.  And to the extent that the Court is able to give
20   us a couple of dates so we can go back and talk to our
21   witnesses and see which of those work, that would, I think,
22   make it a lot easier for everybody, all the witnesses as
23   well.
24       But the other thing I just wanted to bring up with Your
25   Honor is we have a -- at least the reports are that a
```

1  vaccine is probably on the way.  I know there was good news
2  from Moderna this week and we heard some news last week from
3  one of the other pharmaceutical companies.
4      So, you know, like I mentioned, we do have some folks
5  on our team that have some family members they're taking
6  care of that are, frankly, going through chemotherapy, so
7  very immune compromised.
8      And, you know, our preference is -- it's not that far
9  off to say, hey, let's do it in late February, maybe March,
10 spring time, because that -- it seems like that's when the
11 rates go down generally, and also the possibility of a
12 vaccine out there.
13     So I know we had discussed with Mobility Workx in
14 advance of this hearing the possibility that the Court might
15 want to change the schedule, because I know they had
16 expressed an openness to possibly moving it to late
17 February, early March, and I -- I would respectfully request
18 that you consider that, just in view of what we have going
19 on.
20          THE COURT:  Mr. Machat, I assume you have no
21 objection if the Court looks to more of February, March, April
22 kind of timeframe?
23          MR. MACHAT:  That -- that's correct, Your Honor.
24          THE COURT:  Okay.
25          MR. MACHAT:  We also prefer the certainty of knowing,

1 so this way everyone can get prepared in advance.  We have a
2 couple of university professors that will need to make
3 arrangements with their classes, so that would be -- that would
4 be helpful.
5     Also, with respect to the pretrial, discussing a
6 potential motion in limine, that was one of the reasons why
7 we thought maybe that -- if we could have it heard all at
8 once.  But, for example, if a trial date was going to be
9 postponed to, say, March, if we had a pretrial say middle of
10 January, then that would still give plenty of time for
11 everyone to get their witnesses prepared and not
12 unnecessarily prepare witnesses, but in the mean time, turn
13 out some motions in limine as well.
14         THE COURT:  Mr. Barton, what about that?  What if I
15 try to find you a date in the spring, if we just come back and
16 do the Pretrial Conference mid January or something?  And
17 we can do it by telephone, depending on how things are.  But
18 would you -- is that soon enough to resolve any of these
19 outstanding issues you're concerned about?
20         MR. BARTON:  Ross Barton, Your Honor.
21    I think, to a degree, it depends on your schedule.  You
22 know, we have the Friday time set aside.  That's why I was
23 suggesting we go ahead and proceed with it then.  And if
24 there are kind of smaller issues we need to take up, we can
25 take those up later.

You know, some of the issues that remain outstanding are whether willfulness is in the case, whether doctrine of equivalents is in the case, whether -- you know, what accused products are in the case.

You know, to the extent Your Honor has to issue a written order or would like to, after the hearing, you know, that can take some time, and I just don't know what your schedule looks like. That's why I was proposing we go ahead with it while we had the time set aside.

But if Your Honor thinks you'll be able to get to those issues, you know, knowing your schedule and what you have lined up in January, you know, the sooner the better, I think, but that could work as well.

THE COURT: And I don't think that will be a problem. I do have -- I don't always have a patent dedicated clerk, but I do and she's great. And she's actually going to the Fed Circuit to clerk after clerking for me.

So I don't think that will be a problem to issue a written decision and get it done relatively quickly after the Pretrial Conference, if we do it sometime in January.

So if we're looking at like a March trial date, why don't we just put off the Pretrial Conference. It's -- it will help the Court primarily too, because everyone else is teleworking, in terms of me trying to prepare for it and talk to my lawyer and everything. It will be easier to do

1 that in person later.

2 But I promise you we'll get decisions within a couple
3 of weeks after the Pretrial Conference, if we have to issue
4 a written decision. You may get oral decisions. I'm not
5 sure yet until -- I haven't looked at the materials.
6 So here's what I'll do is I will get with my staff and
7 see about giving y'all some proposed dates for the spring
8 and then we'll figure it out from there and set a Pretrial
9 Conference sometime in January. Okay?

10 MR. BARTON: Sure, Your Honor. This is Ross Barton.
11 Your Honor, I'll note that our client, at least, is
12 unavailable the first ten days of the month of January.
13 Just putting that on your radar, but obviously we'll look
14 for your order and the scheduling.

15 THE COURT: Okay. Again, I'll try to accommodate
16 everyone as I can. I will make a note of that and not do it
17 the first ten days of January.

18 Okay. Anything else I can do for you today? For
19 Mobility Workx, Mr. Machat?

20 MR. MACHAT: No, nothing. Nothing, Your Honor.
21 Thank you.

22 THE COURT: Anything else for the defense, Mr.
23 Barton?

24 MR. BARTON: No, sir, Your Honor.

25 THE COURT: Okay. Well, very good. Sorry for the

11
 1  inconvenience and having to move your trial, but just with
 2  everything that's happening, I don't -- I feel like I need to
 3  do that to at least temporarily suspend things.
 4       So I hope everyone stays safe and we'll be back in
 5  touch on getting a new trial date as well as a Pretrial
 6  Conference date.  And I hope everyone has a nice holiday.
 7            MR. MACHAT:  Thank you, Your Honor.
 8            MR. BARTON:  Thank you, Your Honor.
 9
10
11
12
13
14
15
16
17
18
19
20  I certify that the foregoing is a correct transcript from
21  the record of proceedings in the above-entitled matter.
22
23  _____        _____
    Jan Mason                     Date
24
25