# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| MOBILITY WORKX, LLC, <br><br> Plaintiff, <br><br> v. <br><br> VERIZON COMMUNICATIONS, INC. ET AL., <br><br> Defendants. | Civil Action No. 4:17-cv-00872-ALM <br><br> **JURY TRIAL DEMANDED** |

## MOBILITY WORKX LLC's MOTION IN LIMINE NUMBER 7—NO REFERENCE TO INTER PARTES PROCEEDINGS REGARDING THE '417 PATENT AND NO REFERENCE TO ANY JUDICIAL FINDINGS AS TO THE '417 PATENT AND THE '508 PATENT

Plaintiff, Mobility Workx LLC ("Mobility") moves for an order in limine instructing counsel, representatives, and all witnesses tendered not to mention, refer to, interrogate about, or attempt to convey to the jury in any manner either directly or indirectly, any of the matters set forth below without obtaining a favorable ruling from this Court outside the presence and hearing of the prospective jurors or the jury ultimately selected in this case.

**I. MOTION IN LIMINE NO. 7: EXCLUDING DOCUMENTS AND TESTIMONY CONCERNING THE INTER PARTES REVIEW PROCEEDING REGARDING THE '417 PATENT AND TO MAKE NO REFERENCE TO ANY JUDICIAL FINDINGS AS TO THE '417 AND '508 PATENTS.**

As the Court and the parties are all well familiar with, the asserted claims of Mobility's '417 Patent were found to be invalid in a Final Written Decision by the PTAB, which Mobility appealed to the Federal Circuit. Also, Mobility withdrew the asserted claims of the '508 Patent from this case due to an unfavorable indefiniteness claim construction ruling in *Mobility Workx v.*

*T-Mobile US, Inc.*, Civil Action No. 4:17-cv-567, Claim Construction Memorandum and Order (Dkt 48), **Exhibit A** hereto.

With respect to the '417 Patent, Claims 1-7 were challenged in the IPR proceedings. Claim 8 of the '417 Patent was not challenged in the IPR proceeding. Further, the PTAB found "that Petitioner has demonstrated by a preponderance of the evidence that challenged claims 1, 2, 4, 5, and 7 are unpatentable. We also determine that Petitioner has not shown by a preponderance of the evidence that claims 3 and 6 are unpatentable." Thus, claims 3, 6, and 8 of the '417 Patent remain in force and the PTAB's Final Written Decision with respect to claims 1, 2, 4, 5, and 7 is on appeal, not only with respect to the Board's substantive findings, but also for several constitutional issues.

With respect to the '508 patent, this court found the "means for registering" limitation of claim 1 to be indefinite, which ultimately impacted all of the asserted claims (1, 2, and 5) in the T-Mobile case, as well as the present case. However, the Court's ruling had no impact on independent claims 7-19 of the '508 Patent, which do not include that term, and thus remain enforceable.

The '417 Patent is a continuation of the '508 Patent, and the inventions described in the '508 Patent and the '330 Patent share a creative history. Moreover, each have been licensed together in license agreements that are likely to be discussed during the case by both Verizon and Mobility. So, while the infringement of neither the '508 Patent nor the '417 Patent will be at issue in the upcoming trial, and Mobility will not make any such claim or argument, it is quite possible that reference to one or both the '417 and '508 Patents could be raised in documents presented during trial, as well as in passing during testimony. For instance, the invention of the '330 Patent came about from the inventor's desire to test their inventions that were later reflected in the '508 or '417 Patents. Thus, it may be difficult to tell the invention story without some limited reference to

these two patents that are not at issue. Likewise, since the '508 and '417 Patents are also referenced in various agreements that also reference the 330 Patent, these patents could also come up in that context.

Mobility seeks to prevent defendant Verizon from arguing or inferring to the jury that any claims of the '508 and '417 have been found to be invalid. Mobility seeks to prevent defendant Verizon from arguing that since the '417 or the '508 patent were held to be invalid, similarly the claims in the '330 may also be invalid. Of course, one does not necessarily entail the other, but a jury could easily become confused.

Mobility seeks to avoid Verizon employing the "one bad apple spoils the whole bunch" argument. The faulty logic of that argument has been immortalized in The Cook's Tale from Geoffrey Chaucer's *Canterbury Tale* and has ever since remained part of popular culture, with the refrain from the Osmonds hit song, *One Bad Apple,*

"One bad Apple don't spoil the whole bunch . . ."

It would, however, not be sufficient to recite that verse to the jury because simply pointing that out would unfairly raise the perception that maybe the '330 is not valid either, which effectively would alter the burden of proof in this case.

Pursuant to 35 U.S.C. § 282(a), the '330 Patent is presumed to be valid, and Verizon have the burden to prove by clear and convincing evidence it is not valid. Moreover, each claim of the '330 Patent is to be presumed valid independently of the validity of every other claim of the patent. 35 U.S.C. § 282(a). In order, to preserve this burden of proof, Mobility seeks an order preventing any argument or inference that any of the claims of the '417 and/or '508 patents have been found to be invalid.

As lawyers it is easy to agree that whether the Federal Circuit affirms or overrules the

3

PTAB's Final Written Decision invalidating the relevant claims of the '417 Patent and the ultimate fate of the '417 Patent is completely irrelevant legally to the validity or invalidity of the '330 Patent. The same can be said for the '508 Patent. But a jury does not always appreciate such legal distinctions. There is a significant risk that a jury will not understand that under FED. R. EVID. 402 the validity or invalidity of the claims of the related patents are immaterial and not relevant to the patent claims of the '330 Patent at issue. But even if there were a scant bit of relevance, there is a tremendous risk that such allegations would be prejudicial, inflammatory, and serve to confuse the jury into simply adapting the "One Bad Apple" theory and toss out all the asserted claims of the '330 patent despite the statutory presumption of validity.

It is for situations such as this that FED. R. EVID. 403 was enacted. Rule 403 provides:

> The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

Moreover, if the invalidity findings did come up then Mobility would be tempted to defend its '508 and '417 Patents, for example, by explaining that the PTAB made a mistake and the matter is up on appeal in addition to explaining that the PTAB also left claims 3 and 6 of the '417 intact. Similarly, Mobility would likely have to explain that claim 1 of the '508 was found indefinite on a technical claim drafting error, as opposed to being found non-inventive over the prior art, and that the court's findings don't impact all of the claims of the '508 Patent. Such evidence and arguments related to invalidity and counter arguments would waste time and confuse the jury as to the ultimate issues in this case—namely the infringement and validity of the asserted claims of the '330 Patent—and thus are likely to mislead the jury.

Indeed, as the Court mentioned in the pretrial hearing held last November 19, 2019, in cases such as this, the Court does not let the jury know about it. [Transcript 11/19/19 Dkt 187 16:5-18.]

4

Mobility, therefore, requests an order following the Court's normal practice and exclude any evidence or argument related to the invalidity findings concerning any claims of the unasserted '417 Patent or '508 Patent.  Any conceivable probative value would be substantially outweighed by the danger of unfair prejudice, confusion of the issues, and wasting time in this case, by distracting the jury from the merits and devolving into a side-show of the parties' discovery conduct.  FED. R. EVID. 403.  Such information is irrelevant and unfairly prejudicial. *See, e.g.,* FED. R. EVID. 402, 403.  *See also Genband US LLC v. Metaswitch Networks Corp.*, No. 2:14-cv-33-JRG-RSP, 2015 WL 12911530, 2015 BL 456366, *2-3 (E.D. Tex. Sept. 30, 2015) (holding 1) no party will refer to the fact that patents or claims have been dropped or dismissed prior to trial, including claims voluntarily withdrawn or dismissed by the court on summary judgment, 2) no party will offer evidence and arguments referencing the existence of claims by or between the parties that are not part of the action, and 3) excluding evidence of that only relates to severed or stayed claims); *ZiiLabs Inc. v. Samsung Elecs. Co.*, No. 2:14-cv-203-JRG-RSP, 2015 BL 504386, 6, 2015 US Dist Lexis 191430, 2015 WL 13617214 (E.D. Tex. Oct. 28, 2015) (excluding evidence and testimony related to PTAB's decision to deny two petitions for inter partes review under Fed. R. Evid. 403).

      Mobility respectfully requests that the Court grant its motion *in limine* for the reasons detailed above.

| | |
|---|---|
| Dated:  December 24, 2020 | /s/Michael Machat<br>Michael Machat<br>**Machat & Associates, PC**<br>8730 W. Sunset Blvd., Ste. 250<br>West Hollywood, CA 90069<br>Tel: (310) 860-1833<br>Michael@machatlaw.com<br><br>David A. Randall (CA SBN 156722)<br>Sepehr Daghighian (CA SBN 239349)<br>**Hackler Daghighian Martino & Novak**<br>10250 Constellation Blvd., Suite 2500<br>Los Angeles, CA 90067<br>Tel: (310) 887-1333 |

Fax: (310) 887-1334
dave@hdmnlaw.com
sd@hdmnlaw.com

Attorneys for Plaintiff Mobility Wor

## CERTIFICATE OF CONFERENCE

Pursuant to Eastern District of Texas Local Rule CV-7(h), I certify that counsel met and confered on this matter in a good faith effort to resolve all issues regarding this Supplemental Motion In Limine. The parties were unable to agree.

/s/ Michael Machat
Michael Machat

## CERTIFICATE OF SERVICE

I hereby certify that on December 24, 2020, a true and correct copy of the foregoing was filed with the Court via CM/ECF, which will send notification of such filing to all registered participants.

/s/ Michael Machat
Michael Machat