# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| MOBILITY WORKX, LLC. § § | |
| v. § § | Civil Action No.  4:17-cv-00872 |
| § | Judge Mazzant |
| CELLCO PARTNERSHIP D/B/A VERIZON § | |
| WIRELESS § § | |

### ORDER

Pending before the Court are several issues from the July 21, 2021 pretrial conference.

### Defendant's MIL #18: Arguments/evidence/testimony on Unaccused Products and Systems

**Granted**.  Mobility may not argue that unaccused products and systems infringe.  This includes arguing indirect infringement, which the Court separately forbade in Defendant's MIL #15 (Dkt. #241).  Mobility may discuss unaccused products purely for providing relevant context to the accused products.

### Defendant's MIL #20: Evidence and Arguments on Witness Tampering in Prior Cases

**Granted**. In an unrelated case, Verizon's attorney, Mr. Newton, represented a client who was sanctioned for witness tampering.  *Taurus IP, LLC v. DaimlerChrysler Corp.*, 559 F. Supp. 2d 947, 970 – 975 (W.D. Wis. 2008).  Mr. Newton was not sanctioned.  *See id.*

Mobility intends to discuss the *Taurus* witness tampering as relevant to the *Georgia-Pacific* factors (*See* Dkt. #215).  Specifically, Mobility argues it needs to contextualize the underlying facts of *Taurus* because Verizon relies on the *Taurus* T-Mobile License as comparable (Dkt. #215 at p. 1).

The Court has addressed this topic previously.  The Court ruled that Mobility is entitled to call Mr. Newton as a witness to testify to the T-Mobile License (Dkt. #174 at p. 5).  Mobility

"should be permitted to provide what it contends is relevant context in defense—namely, evidence of why 'Mobility's state of mind' during the negotiation process" (Dkt. #174 at p. 5).

Accordingly, Mobility may discuss the underlying facts of the *Taurus* license as it relates to Mobility's state of mind.  This includes arguing that there was a potential conflict of interest between the two sides.  But Mobility may not suggest or imply that Mr. Newton engaged in witness tampering.  He did not.  *See Taurus*, 559 F. Supp. 2d 947.  Mobility is entitled to tell its story within reasonable limits.

### Plaintiff's Motion on Willfulness (Dkt. #182)

**Denied.**  The issue of willfulness should not go to the jury because Mobility raised the issue too late.  Mobility did not allege willfulness in its complaint (*See* Dkt. #1).  Mobility argues it invoked willfulness by pleading 35 U.S.C. § 285 in its complaint, but § 285 is the "exceptional case" statute that allows a prevailing party to recover attorney's fees.  Mobility did not plead 35 U.S.C. § 284, the statute governing willfulness.  These are different issues covered by different statutes.  Failure to plead willfulness is a bar to enhanced damages.  *Revolution Eyewear, Inc. v. Aspex Eyewear, Inc.*, 563 F.3d 1358, 1373 (Fed. Cir. 2009) (explaining that where plaintiff failed to plead a claim for willful infringement, "it was barred from seeking enhanced damages based on willful infringement, and no fact finder ever addressed the question of willfulness."). Mobility never filed an amended complaint to correct this error.

Willfulness only appeared in the Joint Final Pretrial Order.  Verizon has no opportunity to challenge willfulness when it is introduced for the first time on the eve of trial.  Although Verizon should have objected in the Joint Final Pretrial Order, it objected at the November 19, 2019 pretrial conference.  It would be unjust to permit Mobility to argue willfulness when it has not been plead or litigated.

**IT IS SO ORDERED.**

**SIGNED this 23rd day of July, 2021.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE